**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3-09-CV-0724-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., | § | |
| STANFORD GROUP COMPANY, | § | |
| STANFORD CAPITAL MANAGEMENT, LLC, | § | |
| R. ALLEN STANFORD, JAMES M. DAVIS, and | § | |
| LAURA PENDERGEST-HOLT, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and JAMES A. ALGUIRE, ET AL, | § | |
| | § | |
| Relief Defendants. | § | |

**INVESTORS' EMERGENCY MOTION TO STAY DEADLINE
TO ANSWER OR OTHERWISE RESPOND TO RECEIVER'S
CLAWBACK ACTION PENDING THE COURT'S DETERMINATION OF
THE SEC'S EMERGENCY MOTION TO MODIFY THE RECEIVERSHIP ORDER**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Alleged Relief Defendants[1] Jay Stuart Bell, Gregory Alan Maddux, David Jonathon Drew, Andruw Rudolf Bernardo Jones, Carlos Felipe Pena, Johnny David Damon, and Bernabe Williams (collectively the "Investors")[2] file this their Emergency Motion to Stay the Deadline to Answer or Otherwise Respond to the Receiver's Clawback action Pending Resolution of SEC's Emergency Motion to Modify Receivership Order, and will show the Court as follows:

---

[1] The seven alleged "Relief Defendants" are current and former professional baseball players who had the misfortune of having their investments at Stanford and deny they are – or even can be – relief defendants as the Receiver has alleged in this Clawback Action.

[2] In the Clawback Action, the Receiver states that none of the Investors participated in the fraudulent scheme at issue or otherwise engage in any wrongdoing. [Doc. No. 3, ¶ 4]. The Receiver likewise does not allege the receipt of an unreasonable amount of funds, bad faith, or knowledge of the fraud. [Doc. No. 3].

# I.
# BACKGROUND

The Investors are all individual investors whose assets were managed by a registered representative at Stanford Financial Group. A portion of the Investors' assets were invested in certificates of deposit at Stanford International Bank ("SIB"). The Investors received the following redemption payments from SIB for their certificates of deposit:

- Jay Stuart Bell -- On or about November 11, 2008, Mr. Bell received a total of $1,288,684.57 in SIB CD proceeds, consisting of $1,250,000 in principal and $38,684.97 in interest.

- Gregory Alan Maddux -- On or about January 23, 2009, Mr. Maddux received a total of $3,669,735.10 in SIB CD proceeds, consisting of $3,500,000 in principal and $169,735.10 in interest.

- David Jonathan Drew -- On or about November 10, 2008, Mr. Drew received a total of $1,299,424.01 in SIB CD proceeds, consisting of $1,250,000 in principal and $49,424.01 in interest.

- Andruw Rudolf Bernardo Jones -- On or about October 29, 2008, Mr. Jones received a total of $1,033,732.08 in SIB CD proceeds, consisting of $1,000,000 in principal and $33,732.08 in interest.

- Carlos Felipe Pena -- On or about November 12, 2008, Mr. Pena received a total of $303,635.39 in SIB CD proceeds, consisting of $300,000 in principal and $3,635.39 in interest.

- Johnny David Damon -- On or about October 29, 2008, Mr. Damon received a total of $400,069.84 in SIB CD proceeds, consisting of $400,000 in principal and $69.84 in interest.

- Bernabe Williams -- On or about October 28, 1998, Mr. Williams received a total of $1,542,962.22 in SIB CD proceeds, consisting of $1,500,000 in principal and $42,962.22 in interest.

On June 22, 2009, the Receiver filed his First Supplemental Complaint Naming Additional Relief Defendants (the "Clawback Action") [Doc. No. 3] in the matter styled *SEC v. James A. Alguire*, et al., Case No. 3-09-CV-0724-N, seeking to clawback the redemption payments received by the Investors from SIB totaling over $9.5 million.

On July 20, 2009, the SEC filed Plaintiff's Emergency Motion to Modify Receivership Order [Doc. No. 613] in the main receivership action styled *SEC v. Stanford International Bank, et al.*, Case No. 3-09-CV-0298-N (the "Emergency Motion"). The SEC asks the Court to grant it exclusive authority to pursue, in its discretion, claims against investors because "the Receiver's clawback claims against innocent investors seeking the return of principal are not supported by case law and are contrary to SEC practice." [Doc. No. 613]. The SEC's Emergency Motion specifically identifies this litigation as an example of the very clawback claims against innocent investors that the SEC opposes.

Accordingly, the SEC has asked the Court to revoke the Receiver's ability to pursue claims against innocent investors (including these investors) and grant exclusive authority over the decision to pursue or not pursue claims against innocent investors to the SEC. The SEC has stated that it does not support the clawback of principal from innocent investors and this does not support further claims against Investors. Accordingly, in the interests of justice, judicial economy and preserving the resources of the Investors and the Receivership Estate, this matter should be stayed pending the Court's determination of the SEC's Emergency Motion.

## II.

## ARGUMENT

### A.    Introduction

The relief sought by the SEC is determinative of the continuation, and the necessity of the Receiver's claims against Investors.  Accordingly, pursuant to Rule 1 of the Federal Rules of Civil Procedure this case should be stayed pending the Court's resolution of the SEC's Emergency Motion.  Fed.R.Civ.P. 1 (the Federal Rules should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding).  To require the Investors (and the Receivership Estate) to continue to incur legal expenses for a new lawsuit that has only just been initiated and that may be obviated by the Court's ruling on the SEC's Emergency Motion is contrary to Rule 1 of the Federal Rules of Civil Procedure, particularly where, as here, there is no prejudice that would result from a stay.

### B.    The Court has Inherent Authority to Issue a Stay

This Court has the discretionary authority to enter a stay in this civil proceeding.  A court's authority to grant a stay derives from the power of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (citing *Landis* for district court's authority to grant stay); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (relying on *Landis* for authority to grant stay).  Moreover, a court may stay civil proceedings "when the interests of justice seem to require such action." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (noting that interests of justice are considered when deciding whether to grant a stay); *see also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th

- 4 -

Cir. 1982); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1969)). Before granting a stay, a court must consider "the competing interests which will be affected by the granting or refusal to grant a stay." *Blanchard*, 667 F.2d at 479 (vacating stay due to trial court's failure to weigh competing interests); *CMAX, Inc.*, 300 F.2d at 268; *Alcala v. Texas Webb County*, No. L-08-0128, 2009 U.S. Dist. LEXIS 36970, at *15-18 (S.D. Tex. May 1, 2009) (describing the factors taken into account while balancing competing interests). As discussed below, the interests weigh overwhelmingly in favor of granting the stay.

The requested stay of this case will preserve resources and is consistent with established precedent. For example, in *Trinity Indus., Inc., v. 188 L.L.C.*, No. 3:02-CV-405-H, 2002 U.S. Dist. Lexis 10701, at *9 (N.D. Tex. June 13, 2002), Judge Sanders instituted a stay pending an appeal to the Seventh Circuit that would determine the appropriateness and necessity of the case before him. See also; *Castanho v. Jackson Marine, Inc.*, 484 F.Supp. 201, 209 (E.D. Tex. 1980) (A stay pending the outcome of litigation in another court involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of resources.); *Landis*, 299 U.S. at 256 (noting that a stay is appropriate where convenient and not lengthy). Similarly, in *Constellation IP, LLC v. The Allstate Corp.*, the Eastern District of Texas granted a stay pending reexamination of a patent by the Patent and Trademark Office ("PTO") because (1) Defendant did not delay in moving for a stay; (2) the case was still in its infancy; (3) judicial resources as well as the resources of the parties would likely be conserved; and (4) the PTO's guidance would hone the issues for claim construction and trial. *Constellation IP, LLC v. The Allstate Corp.*, No. 5:07-CV-132 (LED), 2008 U.S. Dist. LEXIS 46820, at * (E.D. Tex. May 12, 2008).

Moreover, a stay in this case is particularly compelling in that the SEC has taken the position that these innocent Investors should never have been sued in the first place. Should The Emergency Motion states that the SEC "simply does not make a practice of suing innocent victims of ponzi schemes for the return of <u>principal</u>, and applies a great deal of discretion and consideration [even] before asserting claims against victims for the return of <u>interest</u> payments." [Doc No. 613] (emphasis in original). In the instant litigation, the Receiver's Clawback Action seeks to clawback $9,538,243.61 from the Investors - all but $338,243.61 of that amount is <u>principal</u>. The Court's determination of the SEC's Emergency Motion may obviate this litigation entirely. Accordingly, prudence dictates that this matter be stayed pending a resolution of the SEC's Emergency Motion in order to preserve judicial resources as well as the resources of the Investors and the Receivership Estate.

## C.    Only the MLB Players and Defrauded Investors will be Prejudiced

The Receiver cannot assert any prejudice resulting from a stay of this proceeding. The case was filed on June 22, 2009 and currently Defendants aren't even scheduled to answer or otherwise respond to the Complaint until August 3, 2009.[3] A brief stay of this litigation while the Court considers the SEC's Emergency Motion that may obviate this litigation entirely, will not prejudice the Receiver or the Receivership Estate.

To the contrary, the Investors will be seriously prejudiced if they are required to incur further legal expense to answer or otherwise respond to the Receiver's Clawback Action – an action the Receiver may no longer have authority to pursue, and one the SEC is not willing to

---

[3] The Examiner Response in Support of Plaintiff's Emergency Motion to Modify Receivership Order [Doc. No. 622] asks the Court to set an expedited briefing schedule and decide the Emergency Motion prior to the Receiver's August 3, 2009 deadline to file all of his clawback claims [Doc. No. 533]. The Innocent Investors anticipate that the Court will resolve this issue quickly and are asking the Court for a stay of their deadline to answer of otherwise respond to the Receiver's Clawback Action thirty (30) days after the resolution of the SEC's Emergency Motion.

champion. In addition, the interests of defrauded investors, the beneficiaries of the Receivership Estate, are likewise prejudiced if legal fees continue to be incurred in connection with prosecuting a Clawback Action the Receiver may not have authority to pursue.

## CONCLUSION

WHERFORE, Investors respectfully request that the Court stay the deadline for Investors to answer or otherwise respond to the Receiver's First Supplemental Complaint Naming Additional Relief Defendants pending the Court's determination of the SEC's Emergency Motion to Modify the Receivership Order, and asks for an order from this Court setting the deadline to answer or otherwise respond to the Receiver's First Supplemental Complaint thirty days (30) after the Court's determination of the SEC's Emergency Motion, and all further relief to which they have shown themselves to be justly entitled.

Respectfully submitted,

**SONNENSCHEIN NATH & ROSENTHAL LLP**

By: ___/s/ Gene R. Besen___
Gene R. Besen
State Bar No. 24045491
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201
(214) 259-0900
(214) 259-0910 - Fax
gbesen@sonnenschein.com

ATTORNEYS FOR ALLEGED RELIEF
DEFENDANTS JAY STUART BELL,
GREGORY ALAN MADDUX,
DAVID JONATHON DREW,
ANDRUW RUDOLF BERNARDO JONES,
CARLOS FELIPE PENA,
JOHNNY DAVID DAMON, and
BERNABE WILLIAMS

## CERTIFICATE OF CONFERENCE

**I HEREBY CERTIFY** that I spoke to counsel of record for the SEC, the Receiver, Ralph S. Janvey, counsel for Relief Defendants Divo Milon Haddad and Singapore Puntamita Pte., Ltd., M. David Bryant, and Examiner, John Little, on July 24th, 2009, and they do not oppose the relief sought in this motion.

Counsel for the Receiver has stated they oppose the relief sought in this Motion.

_/s/ Gene R. Besen_
Gene R. Besen

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of July 2009, I electronically filed the foregoing Emergency Motion to Stay Deadline to Answer or Otherwise Respond to Receiver's Clawback Action Pending the Court's Determination of the SEC's Emergency Motion to Modify the Receivership Order with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

_/s/ Gene R. Besen_
Gene R. Besen

14810629\V-1