UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RALPH S. JANVEY, IN HIS CAPACITY
AS COURT-APPOINTED RECEIVER
FOR THE STANFORD
INTERNATIONAL BANK, LTD., ET AL.

          Plaintiff,

v.

JAMES R. ALGUIRE, ET AL.

          Relief Defendants.

Case No. 03:09-CV-0724-N

## PERSHING LLC'S ANSWER TO RECEIVER'S AMENDED COMPLAINT NAMING RELIEF DEFENDANTS

TO THE HONORABLE JUDGE GODBEY:

COMES NOW Pershing LLC ("Pershing") and files this its Answer to Receiver's Amended Complaint Naming Relief Defendants and would show this Court as follows:

    1.    Paragraphs 1-7, 9-20, 22-23, 25-36, 38-40, and 42-52 contain solely legal conclusions, requests for relief and/or allegations that do not pertain to Pershing. Accordingly, Pershing believes that no answer or response is required. To the extent that a response is required, Pershing denies knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

    2.    With respect to Paragraph 8, Pershing admits that Defendant Stanford Group Company ("SGC") contracted with Pershing to provide clearing and back office services pursuant to a fully disclosed clearing agreement. Pershing avers that it did not custody the CDs referred to in the complaint, nor were the CDs referred to in the complaint reflected on any

customer's Pershing statement. Pershing denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8, and they are therefore denied.

3. With respect to Paragraph 21, Pershing admits that certain of the persons and entities listed on App. 12-25 appear to be persons and entities who have accounts custodied at Pershing that are currently frozen by court order. Pershing denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and they are therefore denied.

4. Pershing admits the allegations of Paragraph 24.

5. With respect to Paragraph 37, Pershing admits the allegations in the first sentence of Paragraph 37. Pershing also admits that SGC utilized Pershing's clearing and back office services pursuant to a fully disclosed clearing agreement and that in that capacity certain clients of SGC were introduced to Pershing. Pershing admits the allegations in the third sentence of Paragraph 37. Pershing denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37, and they are therefore denied.

6. Pershing denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and they are therefore denied.

7. Any allegation not addressed or responded to herein is hereby denied.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Pershing prays that it not be held liable for any damages whatsoever and that the Court determine how any assets contained in the Pershing accounts be directed.

85204731.1 / 10902858

Dated:  Dallas, Texas
August 19, 2009

Respectfully submitted,

By: /s/ Rodney Acker
Rodney Acker
Texas State Bar No. 00830700

Ellen Sessions
Texas State Bar No. 00796282

Barton Wayne Cox
Texas State Bar No. 24065087

Fulbright & Jaworski L.L.P.
2200 Ross Avenue
Suite 2800
Dallas, TX 75201-2784
Tel:  214 855 7466
Fax:  214 855 8200

Attorneys for Custodian Relief Defendant
Pershing LLC

85204731.1 / 10902858

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2009, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

/s/ Barton Wayne Cox
Barton Wayne Cox
