IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY<br>AS COURT-APPOINTED RECEIVER FOR<br>THE STANFORD INTERNATIONAL<br>BANK, LTD., ET AL.<br><br>     **Plaintiff,**<br><br>v.<br><br>JAMES R. ALGUIRE, ET AL.<br><br>     **Relief Defendants.** | § § § § § § § § § § § § § | Case No. 03:09-CV-0724-N |

**MOTION TO DISMISS, ANSWER, AND
COUNTER-CLAIM TO THE RECEIVER'S FIRST AMENDED
COMPLAINT AGAINST CERTAIN STANFORD INVESTORS**
(Steven Antinori & the Steven James Antinori Irrevocable Trust)

TO THE HONORABLE DAVID C. GODBEY, UNITED STATES DISTRICT JUDGE:

  Steven James Antinori and the Steven James Antinori Irrevocable Trust (collectively, "Respondent") file this Motion to Dismiss, Answer, and Counter-Claim to the Receiver's First Amended Complaint (Doc. 128) and would respectfully show the Court as follows:

**I.
MOTION TO DISMISS**

**FAILURE TO STATE A CLAIM**

  1. By naming Respondent as a "relief defendant," the Receiver continues to pursue claims barred by the law-of-the-case doctrine and the mandate rule. A District Court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *Gen. Univ. Sys., Inc. v. Hal, Inc.*, 500 F.3d 444, 543 (5th. Cir. 2007). In doing so, the District Court must consider the circumstances surrounding the appellate court's opinion and avoid relitigating issues expressly or impliedly decided in it. *Id.*

2. In this case, the Fifth Circuit Court of Appeals conclusively determined that Respondent and the other investors are "not proper relief defendants." Order (Doc. 132) at 5. Nevertheless, the Receiver states all of his claims against them in that capacity, as evidenced in the style of this case, in his First Amended Complaint, and in subsequent pleadings. *See*, *e.g.*, First Am. Compl. (Doc. 128) at 1; Stipulation of Dismissal with Prejudice (Doc. 167-71, 187); Orders Doc. 220-22, 225-27). Continuing to state claims against so-called "relief defendants" is prohibited by the Fifth Circuit's order and, therefore, this Court should dismiss those causes of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.
## ANSWER TO THE FIRST AMENDED COMPLAINT

### SUMMARY

3. Respondent denies the allegations in Paragraphs 1 to 6 for lack of knowledge or information sufficient to form a belief.

### PARTIES

4. Respondent admits the allegation in Paragraph 7 that the parties to this complaint are the Receiver and the investors named in an Appendix to the First Amended Complaint. Respondent, however, denies being a proper party.

5. Respondent admits the allegation in Paragraph 8 that the undersigned attorney accepts service of the Receiver's First Amended Complaint.

### PROCEDURAL HISTORY

6. The allegations contained in Paragraph 9 require no response because they are legal conclusions. To the extent a response is required, Respondent denies them for lack of knowledge or information sufficient to form a belief.

## JURISDICTION & VENUE

7. Respondent denies the allegations in Paragraphs 10 to 14 for lack of knowledge or information sufficient to form a belief.

## STATEMENT OF FACTS

8. Respondent denies the allegations in Paragraphs 15 to 26 for lack of knowledge or information sufficient to form a belief.

## REQUESTED RELIEF / PRAYER

9. Respondent denies the allegations in Paragraphs 27 to 28 for lack of knowledge or information sufficient to form a belief.

10. The allegations in Paragraph 29 require no response because they are legal conclusions. To the extent a response is required, Respondent denies them for lack of knowledge or information sufficient to form a belief.

11. Respondent denies the allegations in Paragraphs 30 to 31 for lack of knowledge or information sufficient to form a belief.

12. The allegations in Paragraphs 32 to 42 require no response because they are legal conclusions. To the extent a response is required, Respondent denies them for lack of knowledge or information sufficient to form a belief.

## APPENDIX

13. Respondent denies that the amounts stated in the Receiver's Appendix to his First Amended Complaint are correct.

# III.
# AFFIRMATIVE DEFENSES

### UNIFORM FRAUDULENT TRANSFER ACT

14. The Receiver cannot prevail upon his claims because any amounts Respondent allegedly received were not fraudulent transfers as a matter of law and Respondent has an affirmative defense under TEX BUS. & COM. CODE § 24.010.

### ESTOPPEL / PROMISSORY ESTOPPEL

15. The Receiver cannot prevail upon his claims because any amounts Respondent allegedly received were the result of reasonable reliance upon misrepresentations made by the Receiver's predecessor in interest.

### FAILURE TO MITIGATE

16. The Receiver cannot prevail upon his claims because, in pursuing them, he has failed to mitigate damages to the receivership estate.

17. The Receiver cannot prevail upon his claims because his predecessor in interest failed to mitigate damages for the amounts now sought from Respondent.

### FRAUD / MISREPRESENTATION

18. The Receiver cannot prevail upon his claims because they are the result of fraud or misrepresentation by the Receiver's predecessor in interest.

### ILLEGALITY

19. The Receiver cannot prevail upon his claims because they are the result of illegality by the Receiver's predecessor in interest.

### LACHES

20. The Receiver cannot prevail because he improperly rested on his claims and Respondent would be prejudiced as a result.

## RES JUDICATA

21. The Receiver cannot prevail upon his claims because the Fifth Circuit Court of Appeals has already determined the Respondent is not a proper relief defendant.

## STATUTE OF LIMITATIONS / STATUTE OF REPOSE

22. The Receiver cannot prevail upon his claims because the limitations period has expired and all or a part of the claims or remedies are extinguished.

## UNCLEAN HANDS

23. The Receiver cannot prevail upon his claims due to the comparative lack of equity by the Receiver and his predecessor in interest.

## IN PARI DELICTO

24. The Receiver cannot prevail upon his claims due to wrongful conduct by the Receiver and his predecessor in interest.

## PRINCIPLES OF EQUITY

25. The Receiver cannot prevail upon his claims because they are not consistent with applicable principles of equity.

## PREMATURE / STANDING

26. The Receiver cannot prevail upon his claims until this Court determines the Antiguan Liquidators' petition for recognition under Chapter 15 of the Bankruptcy Code. If granted, the Receiver would not have standing to assert his claims.

## OFFSET

27. The Receiver's claims must be offset by any amounts the Respondent paid in penalties and taxes.

28. The Receiver's claims must be offset by damages he caused Respondent as a result of an unlawful asset freeze.

## IV.
## COUNTER CLAIMS

### CONVERSION

29. From February 2009 to November 2009, the Receiver maintained an unlawful asset freeze against one or more of the Respondent's accounts at Pershing LLC. During that time, the accounts contained personal property the Respondent owned, possessed, or had the right to immediately possess. By maintaining that unlawful asset freeze, the Receiver wrongfully exercised dominion or control over the property. As a result, Respondent suffered injury in the form of loss of use and/or lost profits. Respondent also suffered damages in the amount of professional fees, time, and expenses incurred as a result.

## V.
## JURY DEMAND

30. Respondent requests that this matter be tried before a jury.

## VI.
## PRAYER FOR RELIEF

Respondent respectfully asks this Court for an Order that: (1) dismisses the Receiver's claims for fraudulent conveyance, unjust enrichment, and constructive trust or, alternatively, denies them; (2) awards Respondent damages suffered as a result of the Receiver's unlawful asset freeze or, alternatively, a credit in that amount; and (3) awards Respondent the costs of this lawsuit, attorneys' fees, and pre-judgment and post-judgment interest. Respondent also seeks a jury trial and for such other and further relief, general or special, at law or in equity, that the Court may find appropriate.

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY
& LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Fax: (214) 871-2111

By: */s/ Michael J. Quilling*
Michael J. Quilling
State Bar No. 16432300
Brent Rodine
State Bar No. 24044870

ATTORNEYS FOR RESPONDENT

# CERTIFICATE OF SERVICE

On January 25, 2009, I electronically submitted this pleading to the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Michael J. Quilling*