IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-724-N |
| | § | |
| JAMES R. ALGUIRE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses several investors' motions to dismiss the Receiver's second supplemental complaint [10, 39]. Because the Receiver's amended complaint [128] supersedes the second supplemental complaint, the Court denies as moot the motions to dismiss.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). The Receiver no longer asserts the relief-defendant claims discussed in the investors' motions to dismiss. The Receiver's first complaint against the investors asserted only relief-defendant claims against them. The Receiver's amended complaint[1] deletes any reference to the relief-defendant

---

[1]The Receiver did not seek leave to file his amended complaint against the investors. The issue of whether the Receiver was required to seek leave to file his amended pleading

claims and indicates his intention "to file a notice of dismissal of his relief-defendant claims against the Stanford investors." *See* 1st Am. Compl. Against Certain Stanford Investors [128] at 4. The amended complaint also asserts alternative theories of liability — fraudulent transfer and unjust enrichment — against the investors. *See id.*; App. to 1st Am. Compl. [129] at 5. Accordingly, investors' motions are moot.

To the extent that any of the arguments that the investors raise in their motions to dismiss apply to the Receiver's amended complaint, they are free to reassert them in pleadings or motions responsive to that complaint. The Court will consider these arguments along with the numerous other answers to and motions to dismiss the Receiver's amended complaints against both investor [128] and financial-adviser defendants [156]. In the interest of judicial economy, the Court will consider all these arguments in due course.

---

is not presently briefed and ripe for the Court's review. Accordingly, the Court assumes without deciding that the Receiver's first amended complaint against investor defendants is permissible under Rule 15(a). But even if the Receiver had been required by Rule 15(a) to seek leave to file his first amended complaint, the Court would treat the amended complaint as properly introduced. *See* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1484 (Westlaw current through 2009) ("'Some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.'"); *see also United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295 (5th Cir. 2003) (favorably discussing a case where the district court "considered the amended complaint filed even though the plaintiff never requested leave because the complaint 'merely alleged additional theories of liability based on the same set of facts,' which the court would have allowed the plaintiff to re-file" (quoting *Hicks v. Resolution Trust Corp.*, 767 F. Supp. 167, 170 (N.D. Ill. 1991))).

Signed January 29, 2010.

_____
David C. Godbey
United States District Judge