**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANEY, IN HIS CAPACITY AS | : | |
| COURT-APPOINTED RECEIVER FOR THE | : | |
| STANFORD INTERNATIONAL BANK, LTD. | : | |
| ET. AL. | : | Case No. 03:09-CV-0724-N |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| JAMES R. ALGUIRE, ET AL. | : | |
| Relief Defendants | : | |
| | : | |

## DEFENDANT GOLD WING PARTNERS' MOTION TO DISMISS AND ANSWER TO RECEIVER'S FIRST AMENDED COMPLAINT AGAINST CERTAIN STANDFORD INVESTORS

Relief defendant, Gold Wing Partners ("Gold Wing"), hereby files its Motion to Dismiss and Answer to the Receiver's First Amended Complaint Against Certain Stanford Investors (Doc. 128) (hereinafter "First Amended Complaint") with Affirmative Defenses, as follows:

**I.      MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER THE FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6).**

1.      In naming Gold Wing as a "relief defendant" in the First Amended Complaint, the Receiver continues to assert claims barred by the law-of-the-case doctrine and mandate rule. The United States Court of Appeals for the Fifth Circuit has held a District Court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." General University Systems, Inc. v. Hal, Inc., 500 F.3d 444, 543 (5th Cir. 2007). The District Court must consider the surrounding circumstances of the appellate court's opinion and avoid re-litigating issues decided within that decision. Id.

2.      In the case at bar, the United States Court of Appeals for the Fifth Circuit has found that Gold Wing and similarly situated defendants are "not proper relief defendants." (See

the Order at Docket No. 132 at page 5). However, the Receiver continues to assert his claim against the Gold Wing in that capacity, as evidenced by the First Amended Complaint. Continuing to state claims against so-called "relief defendants" is prohibited by the Order of the United States Court of Appeals for the Fifth Circuit, and therefore, this Court should dismiss the First Amended Complaint for failure to state a claim under the Federal Rules of Procedure 12(b)(6).

## II.    ANSWER TO PLAINTIFF FIRST AMENDED COMPLAINT

### SUMMARY

1.    Denied. After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 1 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

2.    Denied.  After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 2 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

3.    Denied.  After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 3 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

4.    Denied.  After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 4 of the First Amended Complaint, therefore, these allegations are denied and strict proof is

demanded at time of trial.

5.      Denied.      After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 5 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

6.      Denied. The allegations set forth in paragraph 6 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 6 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

## PARTIES

7.      Denied.      After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 7 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

8.      Denied.      After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 8 of the First Amended Complaint, said information being in the possession of the Receiver and therefore, these allegations are denied and strict proof is demanded at time of trial.

## PROCEDURAL HISTORY

9.      Denied.      After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 9 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

## JURISDICTION AND VENUE

10.     Denied.     The allegations set forth in paragraph 10 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 10 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

11.     Denied.     The allegations set forth in paragraph 11 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 11 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

12.     Denied.     The allegations set forth in paragraph 12 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 12 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

13.     Denied.     After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 13 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

14.     Denied.     After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 14 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

## STATEMENT OF FACTS

15.     Denied.     After reasonable investigation, Gold Wing lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 15 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

16. Denied. After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 16 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

17. Denied. The allegations set forth in paragraph 17 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 17 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

18. Denied. After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 18 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

19. Denied. After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 19 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

20. Denied. After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 20 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

21.     Denied.     After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraphs 21 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

22.     Denied.     After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 22 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

23.     Denied.     The allegations set forth in paragraph 23 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 23 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

24.     Denied.     After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 24 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

25.     Denied.     The allegations set forth in paragraph 25 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 25 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

26.     Denied. Denied.     The allegations set forth in paragraph 26 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 26 of the First Amended

Complaint are deemed factual, the allegations are specifically denied.

## REQUESTED RELIEF

27.     Denied.     After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 27 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

28.     Denied.     After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 28 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

29.     Denied.     The allegations set forth in paragraph 29 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 29 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

30.     Denied.     The allegations set forth in paragraph 30 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 30 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

31.     Denied.     After reasonable investigation, Gold Wing lacks knowledge or information sufficient to form a belief as to the truth or accuracy of such allegations in paragraph 31 of the First Amended Complaint, therefore, these allegations are denied and strict proof is demanded at time of trial.

## I. The Receiver is Entitled to Disgorgement of CD Proceeds Fraudulently Transferred to the Stanford Investors.

32. Denied. The allegations set forth in paragraph 32 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 32 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

33. Denied. The allegations set forth in paragraph 33 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 33 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

34. Denied. The allegations set forth in paragraph 34 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 34 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

35. Denied. The allegations set forth in paragraph 35 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 35 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

36. Denied. The allegations set forth in paragraph 36 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 36 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

37. Denied. The allegations set forth in paragraph 37 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of

Civil Procedure. To the extent the allegations forth in paragraph 37 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

38.     Denied.     The allegations set forth in paragraph 38 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 38 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

## II.     In the Alternative, the Receiver is Entitled to Disgorgement of CD Proceeds from the Stanford Investors under the Doctrine of Unjust Enrichment.

39.     Denied.     The allegations set forth in paragraph 39 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 39 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

40.     Denied.     The allegations set forth in paragraph 40 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 40 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

41.     Denied.     The allegations set forth in paragraph 41 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 41 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

42.     Denied.     The allegations set forth in paragraph 42 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 42 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

43.     Denied.     The allegations set forth in paragraph 43 of the First Amended Complaint are conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent the allegations forth in paragraph 43 of the First Amended Complaint are deemed factual, the allegations are specifically denied.

### APPENDIX

44.     Gold Wing denies that the amounts stated in the Receiver's Appendix to his First Amended Complaint are correct.

### PRAYER FOR RELIEF

Answering relief defendant Gold Wing Partners most respectfully asks this Honorable Court for an Order that (1) dismisses the Receiver's claims for fraudulent conveyances, unjust enrichment, and constructive trust or, alternatively denies them; (2) awards Gold Wing damages suffered as a result of the Receiver's unlawful asset freeze or, alternatively, a credit in that amount; and (3) awards Gold Wing the costs of this lawsuit, attorney's fees, and pre-judgment interest and post-judgment interest. Gold Wing also seeks a jury trial and for such other and further relief, general or special, at law or in equity, that the Court may find appropriate.

### III.     AFFIRMATIVE DEFENSES

#### First Affirmative Defense: Uniform Fraudulent Transfer Act

45.     The First Amended Complaint must fail because any amounts the Gold Wing allegedly received were not fraudulent transfers as a matter of law and Gold Wing has an affirmative defense under TEX BUS. & COM. CODE § 24.010.

#### Second Affirmative Defense: Estoppel/Promissory Estoppel

46.     The First Amended Complaint must fail because any amounts Gold Wing allegedly received were the result of reasonable reliance upon misrepresentations made by the

Receiver's predecessor in interest.

### Third Affirmative Defense: Failure to Mitigate

47.     The First Amended Complaint must fail because to date, because in pursuing them Receiver has failed to mitigate his damages to the receivership estate.

48.     The First Amended Complaint must fail because his predecessor in interest failed to mitigate his damages for the amounts now sought from Gold Wing.

### Fourth Affirmative Defense: Fraud/Misrepresentation

49.     The First Amended Complaint must fail because the Receiver's claims are the result of fraud or misrepresentation the by the Receiver's predecessor in interest.

### Fifth Affirmative Defense: Illegality

50.     The First Amended Complaint must fail because Receiver's claims are the result of an illegality by the Receiver's predecessor in interest.

### Sixth Affirmative Defense: Laches and Waiver

51.     The First Amended Complaint must fail because Receiver improperly rested on or waived his claim and the Gold Wing would be prejudiced as a result.

### Seventh Affirmative Defense: Statute of Limitations

52.     The First Amended Complaint must fail because the limitations period has expired and all or parts of the claims or remedies are extinguished.

### Eighth Affirmative Defense: Unclean Hands

53.     The First Amended Complaint must fail due to the comparative lack of equity by the Receiver and his predecessor in interest.

### Ninth Affirmative Defense: No Actionable Claim

54.     The First Amended Complaint must fail because it fails to state a claim upon

which relief may be granted.

## Tenth Affirmative Defense: Preservation of Rights

55.     Gold Wing reserves the right to assert other defenses as may become known through discovery.

## Eleventh Affirmative Defense: In Pari Delicto

56.     The First Amended Complaint must fail because of wrongful conduct by the Receiver and his predecessor in interest.

## Twelfth Affirmative Defense: Principles of Equity

57.     The First Amended Complaint must fail because they are not consistent with applicable principles of equity.

## Thirteenth Affirmative Defense: Premature/Standing

58.     The First Amended Complaint must fail because until this Court determines the Antiguan Liquidators' petition for recognition under Chapter 15 Bankruptcy Code. If granted, the Receiver would not have standing to assert his claim.

## Fourteenth Affirmative Defense: Offset

59.     The Receiver's claims must be offset by any amounts the Gold Wing paid in penalties and taxes.

## Fifteenth Affirmative Defense: Res Judicata

60.     The First Amended Complaint is barred by the doctrine of *res judicata.*

## PRAYER FOR RELIEF

Answering relief defendant Gold Wing Partners most respectfully asks this Honorable Court for an Order that (1) dismisses the Receiver's claims for fraudulent conveyances, unjust enrichment, and constructive trust or, alternatively denies them; (2) awards Gold Wing damages

suffered as a result of the Receiver's unlawful asset freeze or, alternatively, a credit in that amount; and (3) awards Gold Wing the costs of this lawsuit, attorney's fees, and pre-judgment interest and post-judgment interest. Gold Wing also seeks a jury trial and for such other and further relief, general or special, at law or in equity, that the Court may find appropriate.

Respectfully submitted,

KYLE MATHIS & LUCAS LLP
8226 Douglas Ave., Suite 450
Dallas, Texas 75225
(214) 706-7600
(214) 706-7622 (Fax)

By: _____
Kim A. Lucas
State Bar No. 14991480

ATTORNEYS FOR DEFENDANT
GOLD WING PARTNERS

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of February, 2010, a true and correct copy of the above and foregoing was sent via certified mail return receipt requested to counsel for Plaintiff and via regular mail to all other counsel of record.

Kevin Sadler
Baker Botts
98 San Jacinto Blvd
Suite 1600
Austin, TX 78701

_____
Kim A. Lucas