## DECLARATION OF CHRISTOPHER THOMAS

Christopher Thomas declares as follows:

1.     My name is Christopher Thomas.  I am over 21 years old and competent to make this declaration.

2.     Attached as Exhibit 1 is a redacted version of a true and correct copy of the offer of employment I received and accepted from Stanford Group Company.

3.     Attached as Exhibit 2 is a redacted version of a true and correct copy of my Promissory Note with Stanford Group Company.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge and belief.

Dated:  April 14, 2010

_____
Christopher Thomas

# EXHIBIT 1



STANFORD GROUP COMPANY
A MEMBER OF THE STANFORD FINANCIAL GROUP

JAY T. COMEAUX
Executive Director

**REDACTED**

May 16, 2005

Christopher Thomas

Dear Chris,

It is my pleasure to confirm the following employment offer with Stanford Group Company (the "Company") in the Houston, Texas office reporting to Jay T. Comeaux, Executive Director, The terms are as stated below:

- Your title will be Vice President/Financial Advisor. Consideration will be given to including additional titles, subject to review of approved certifications and approval from the Compliance and Legal Departments.

- Your start date to be on or before May 27, 2005.

- You will receive an upfront payout of 60% of your verifiable Trailing 12, subject to the conditions set forth in a Promissory Note Forgivable Loan Agreement with amortization of five (5) years. Based upon information you have provided to us, we estimate this payment of be approximately        You shall have the option to invest this amount into Performance Appreciation Rights Plan (PARS), should such Plan be in place at that time. Such payout shall be subject to the successful transfer of your licenses to the Company.

- You will receive an unforgivable draw of        per month for the first three (3) months versus your production.

- At the end of the first fifteen (15) months, you will receive a bonus of        of your actual Trailing 12, payable in the sixteenth (16) month versus the upfront bonus.

- At the end of twenty-seven (27) months, you will receive a        bonus payout of your actual Trailing 12 versus the fifteen (15) month bonus and the upfront bonus payout.

- You will receive a backend bonus of        on all assets gathered to SIB in the first twenty-seven (27) months.  This bonus will be paid annually at the end of the fifteenth (15) and twenty-seven (27)  month versus any bonus received as a result of the SIB Special Promotion Program.

- You will receive a payout of        during the first twenty-seven (27) months of employment and will be compensated at the company's standard grid thereafter.

MEMBER NASD/SIPC

5050 Westheimer  ▪  Houston, Texas 77056
(713) 964-8302  •  (800) 958-0009 Toll Free  •  (713) 964-8320 Fax  •  jcomeaux@stanfordeagle.com
Clearing Agent BEAR STEARNS Securities Corp.

...stopher Thomas
..y 16, 2005
.age 2 of 3

- As discussed, the Company is currently in the final stages of executing the Performance Appreciation Rights Plan (PARS). You shall have the option to invest any back-end bonus amount into Performance Appreciation Rights Plan (PARS), should such Plan be in place at the time payout is due.

- This offer is contingent upon the reviewing of your CRD as well as the successful completion of your securities license(s) transfer to the Company. Additionally, this offer is subject to acceptable confirmation of prior Trailing 12 production.

- All payouts of compensation, present or future, are subject to your continued employment with the Company.

All Loans will be subject to conditions set forth in separate Promissory Note Forgivable Loan Agreements with amortization periods of five (5) years, unless otherwise specified.

As governed by Company practice, the first ninety (90) days of your employment is considered an introductory period. This will allow the Company an opportunity to make a fair assessment of your ability, skill and potential, as well as allow you to determine if we are the right organization for you.

We are relying on your representation that (a) you are under no contractual obligations with your current/prior employer, and have no other limitations under any applicable laws, rules, or regulations relating to your employment with your current/prior employer other than has already been disclosed, and/or (b) you will not (i) retain any direct reports, documents, information or other proprietary materials of your current employer, (ii) take any documents that belong to your current/prior employer, (iii) pass on any trade secrets of your current/prior employer, and (iv) solicit clients of your current/prior employer if such solicitation is in violation of any laws or contractual agreement between you and your current/prior employer. Furthermore, this offer and your employment with the Company are contingent upon the following: (a) the verification of current income, (b) the completion of a satisfactory background investigation, and (c) maintenance by you of all appropriate licenses in good standing.

Enclosed with this letter are the following documents for your review and/or execution: 1) Confidentiality Agreement; 2) Code of Business Conduct; 3) Employment Application; 4) Release of Information; 5) Indemnity Agreement; 6) Email Communication and Computer Resources Policy; and 7) Employee Benefits At A Glance. *Upon your meeting the conditions specified above and accepting our offer of employment with the Company, your employment is contingent upon your proper execution and return of ALL of these documents to Mary Zora, Director Human Resources, 5050 Westheimer, Houston, Texas 77056.. Failure to return all properly executed documents will result in a delay in granting access to the Company email system and can delay payroll processing.*

Stanford Group Company values its employees and believes we have a responsibility for providing a safe and secure workplace for all of our employees. Therefore, our employment offer to each prospective employee is contingent upon the individual successfully passing a background investigation and drug screening procedure. In addition, please be aware that we offer a non-smoking environment and thus smoking is not permitted on Company premises.



Christopher Thomas
May 16, 2005
Page 3 of 3

The terms and conditions of this offer represent our understanding of the full and total understanding between yourself and Stanford Group Company relating to your employment. *Please be aware that this is not a contract of employment.* Any individual hired has the right to voluntarily leave employment. Likewise, an individual's employment may be terminated with or without cause at the will of the Company at any time.

Should you have any questions or believe that there are any misunderstandings, please contact me immediately. However, if you agree with the terms and conditions contained in this offer letter, please indicate your acceptance by complying with the above conditions, signing and returning one original of this letter at your earliest convenience, to Mary Zora, Director Human Resources in Houston, Texas.

This offer of employment is valid until **May 20, 2005.** If this offer has not been accepted AND all enclosed paperwork received by the Human Resources Department on or before this date, the offer will be considered null and void. This offer supersedes any agreement, verbal or otherwise, unless stated in the letter.

I am confident that you will be an asset to Stanford Group Company and sincerely look forward to working with you.

**AGREED AND ACCEPTED THIS _____ DAY OF _____ , 2005.**

Jay T. Comeaux, Executive Director

Christopher Thomas

JTC/mz
Enclosures

# EXHIBIT 2

# REDACTED

### Stanford Group Company
### Promissory Note
### Forgivable Loan

| (A) Name of Borrower | (B) Amount of Loan (Principal Sum) | (C) First Annual Payment Due Date |
|---|---|---|
| Christopher Thomas | | |

In consideration of a loan from Stanford Group Company ("the Company"), receipt of which is hereby acknowledged, the undersigned whose name appears in item "A" above ("the Borrower") hereby promises to pay the Company the principal sum named in item "B" above.

The Borrower hereby agrees to the following terms and conditions:

1. **Payment:** The loan shall be payable to the Company on an annual basis in five(5) equal payments, commencing on the first payment date indicated above in item "C".

2. **Indemnification:** The Borrower further promises to pay and indemnify the Company for all expenses incurred, including attorney's fees, in connection with the collection of any amount due under this Note. The maximum aggregate amount the Borrower may be liable for under this paragraph (2) shall be the greater of the actual expenses incurred by the Company or 15% of the unpaid balance of the Note at any time any proceedings are instituted for collection.

3. **Default:** In the event that the Borrower resigns from the employ of the Company, or any subsidiary or affiliate thereof, or is terminated for any reason, the balance due hereunder will become immediately due and payable, together with interest accruing from the date below at the Federal short-term rate indicated under Internal Revenue Code Section 1274(d), and/or any successor section pertaining to rates on short-term obligations. In addition, the Borrower shall be deemed to be in default hereunder if the Borrower is adjudicated a bankrupt, makes an assignment for the benefit of creditors or files a petition for relief under the Bankruptcy Act.

4. **Waivers:** The Borrower hereby waives demand for payment, notice of dishonor and any and all other notices and demands in connection with the enforcement of this Note. No delay by the holder in exercising any power or right shall operate as a waiver of any power or right. No waiver or modification of the terms of this Note shall be valid unless in writing, signed by the holder of this Note and then only to the extent set forth.

5. **Deductions:** The Company shall have the right, without notice, to withhold any amounts payable by the Company to the Borrower, as commissions or otherwise, or to deduct those monies from any security or commodity account the Borrower maintains with the Company, or from any amounts payable under any non-qualified deferred compensation or similar arrangement sponsored by the Company, and to apply such withheld amounts to satisfy the indebtedness due under this Note. Borrower hereby authorizes and consents to the aforementioned deductions.

6. **Forgiveness:** Notwithstanding the foregoing, should the undersigned be employed as a full time employee of the Company on the date that each annual payment is due, the payment due as of that date shall be forgiven. Forgiveness shall be on an annual basis only. It is understood that the loan shall not be forgiven on a pro-rata basis. All tax related questions are to be referred to the Borrower's private accountant.

7. **Company Insurance:** The Borrower acknowledges and agrees that in the event of the death of the Borrower, the proceeds of any life insurance provided by the Company or paid for by the Company including any supplemental insurance shall be applied first to repay any balance remaining unpaid of any advances made by the Company to such Borrower pursuant to this Promissory Note.

8. **Governing Law:** This note shall be governed by the laws of the State of Texas.

9. **Arbitration:** Borrower hereby agrees that any controversy arising out of or relating to this Note, or default on this Note, shall be submitted to and settled by arbitration pursuant to the constitution, by-laws, rules and regulations of the National Association of Securities Dealers (NASD) in the local area of the principal office.

10. **Successors:** This Promissory Note shall inure to the benefit of the Company, its affiliates, and any successor in interest to the business of the Company, whether through merger, acquisition, sale or other transfer.

11. **Modifications:** This Promissory Note may not be altered or modified in any way unless it is in writing and signed by the parties hereto.

---

## TO BE SIGNED IN THE PRESENCE OF A NOTARY PUBLIC:

Signature of the Borrower

Date: 9-14-2007

Social Security Number

Branch Location: Houston

State of: Texas

County of: Harris

Subscribed and sworn to before me on 9-14-07
*Month/Date/Year*

SARAH E. ALLEN
Notary Public, State of Texas
My Commission Expires
April 22, 2009

Signature of Notary Public