IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 03:09-CV-0724-N |
| JAMES R. ALGUIRE, ET AL., | § § § | |
| Defendants. | § | |

**MOTION OF PLATEAU TELECOMMUNICATIONS, INC.
TO DISMISS PURSUANT TO RULE 12(B)(1)**

COMES NOW Plateau Telecommunications, Inc. ("Plateau"), and files this its Motion to Dismiss Pursuant to Rule 12(b)(1), and would respectfully show this Court as follows:

**I.**

**Summary**

1. In his First Amended Complaint against certain Stanford Investors (the "Complaint"), Receiver Ralph S. Janvey (the "Receiver") seeks judgment against Plateau and 201 other innocent investors. In the Complaint, the Receiver alleges that Stanford International Bank, Ltd. ("SIBL") paid the defendants proceeds from certificates of deposit which were in excess of the principal amounts of such instruments.

2. The Receiver asserts that the payments to the defendants "constitute fraudulent transfers under applicable law." (Complaint, ¶32.) The Receiver further

---

MOTION OF PLATEAU TELECOMMUNICATIONS, INC.
TO DISMISS PURSUANT TO RULE 12(B)(1) —                                                                PAGE 1

Case 3:09-cv-00724-N   Document 411   Filed 05/06/10   Page 2 of 6   PageID 3910

asserts that the payments are recoverable "pursuant to the doctrine of unjust enrichment under applicable law." (Complaint, ¶39.)

3. For the reasons set forth herein, the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1). Alternatively, the Receiver should be required to plead a more definite statement pursuant to FRCP 9(b) and 12(e).

## II.

## Relief Requested

4. Federal courts are courts of limited jurisdiction. *See, Kokkonen v. Guardian Life v. Guardian Life Insurance Company of America*, 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); and *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. Constitution, Art. III §§ 1-2; *see also, Kokkonen*, 114 S.Ct. at 1675. Moreover, a party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court. *United States v. Hays*, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995).

5. Lack of Article III standing is a defect in subject matter jurisdiction. Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987). The "gist of the question of standing" is determining whether a plaintiff has "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of

TO DISMISS PURSUANT TO RULE 12(B)(1) —**                                                                                          **PAGE 2**

difficult constitutional questions." *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). Standing therefore centers on "whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)

6. The Supreme Court has held that Article III standing requires that a plaintiff demonstrate: (1) an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) a substantial likelihood that the injury will be redressed by a favorable decision. *Vermont Agency of Natural Resources v. United States*, 529 U.S. 765, 120 S.Ct. 1858, 1681-1682, 146 L.Ed.2d 836 (2000).

7. The Receiver lacks standing over the claims against Plateau in that he is not the proper party to assert these claims. SIBL, one of the entities over which the Receiver was appointed, is a private international bank formed under the laws of Antigua and Barbuda.[1] The government of Antigua has duly appointed Messrs. Nigel

---

[1] See, ¶19 of the Complaint filed by the Securities and Exchange Commission in that action entitled *Securities and Exchange Commission v. Stanford International Bank, Ltd., et al.*, assigned Cause No. 3-09CV0298-L, pending in the United States District Court for the Northern District of Texas (the "SEC Case"). See also, Docket Entry No. 132 in the SEC Case. Plateau requests this Court take judicial notice of the statements and allegations made in pleadings filed in the SEC Case and referenced herein. *Lawrence v. Wilder Richman Securities Corp.*, 359 F.Supp.2d 161, 167 fn. 1 (D.Conn. 2005).

Hamilton-Smith and Peter Wastell as "Joint Receivers-Managers" of SIBL to "take into their custody and control" the assets of SIBL.[2] Causes of action are included in property of a receivership. *See, e.g., Gaubert v. Hendricks*, 679 F.Supp. 622, 624 (N.D.Tex. 1988) (pertaining to a FSLIC receivership). Accordingly, any claims for recovery of assets of SBIL belong to Messrs. Hamilton-Smith and Wastell, the duly appointed joint receivers of SIBL.

8. The United States Supreme Court has recognized that the sovereignty of a foreign state "implies a state's lawful control over its territory generally to the exclusion of other states, authority to govern in that territory, and authority to apply law there." *Boumediene v. Bush*, 553 U.S. 723, 128 S. Ct. 2229, 2252 (2008) (citing 1 Restatement (Third) of Foreign Relations, § 206, Comment b). The Court has further recognized that sovereignty is the "supreme, absolute, and uncontrollable power by which any independent state is governed. . . the international independence of a state, combined with the right and power of regulating its internal affairs without foreign dictation." *Id.* at 2257 (citing BLACK'S LAW DICTIONARY 1568 (4th ed. 1951)).

9. As the Supreme Court originally explained in *Hilton v. Guyot*, 159 U.S. 113 (1895), the principle of comity is based on "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own

---

[2] See, Docket Entry No. 132 in the SEC Case. Exhibit "B" of the Appendix thereto is an order from the Eastern Caribbean Supreme Court in the High Court of Justice, Antigua and Barbuda, appointing Messrs Hamilton-Smith and Wastell.

citizens or of other persons who are under the protection of its laws." *Id.* at 164. In applying that principle, "United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries allowing those acts and proceedings to have extraterritorial effect in the United States." *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 854 (2d Cir. 1997).

10. The country of Antigua is not a state, territory, or province of the United States and courts of the United States have no jurisdiction over the actions taken by the Antiguan government. SIBL is an entity chartered in Antigua, whose government has appointed Messrs. Hamilton-Smith and Wastell as joint receivers over the assets of SIBL – including the claims asserted against Plateau.

11. The right of the sovereign, and only the sovereign, to govern its citizens—including corporations—is simply not open to challenge. To the extent that SIBL's assets may be located in the United States, the proper party to collect such assets would be Messrs. Hamilton-Smith and Wastell, the joint receivers appointed by the government of Antigua.

### III.

### Conclusion

12. Accordingly, this Court lacks jurisdiction over this action filed by the Receiver to collect assets of a foreign corporation over which its foreign sovereignty has already appointed a receiver. Thus, the claims against Plateau should be dismissed pursuant to Rule 12(b)(1).

WHEREFORE, PREMISES CONSIDERED, Plateau Telecommunications respectfully requests this Court grant all relief sought and for such other and further relief as to which it may be justly entitled.

Respectfully submitted,

s/Ernest Leonard
Ernest Leonard, Esq.
State Bar No. 12208750
FRIEDMAN & FEIGER, L.L.P.
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Telephone)
(972) 776-5313 (Telecopier)

ATTORNEY FOR PLATEAU
TELECOMMUNICATIONS

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2010, I electronically filed **Motion of Plateau Telecommunications Inc. to Dismiss Pursuant to Rule 12(b)(1)** with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

s/Ernest Leonard
Ernest Leonard, Esq.

520946