IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-724-N |
| | § | |
| JAMES R. ALGUIRE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**TEMPORARY RESTRAINING ORDER**

This Order addresses the Receiver's application for temporary restraining order ("TRO") and preliminary injunction [392]. The Court grants the Receiver's application for temporary restraining order pending consideration of his application for preliminary injunction. The Court enjoins certain former Stanford employees ("Employee Defendants")[1] from removing or dissipating the funds now held by the Receiver pursuant to this Court's April 6, 2010 order until the earlier of: (1) fourteen days from the date of this Order, or (2) the Court's ruling on the Receiver's preliminary-injunction application.

The Receiver seeks a preliminary injunction enjoining certain Employee Defendants from "removal or dissipation" of assets held in Stanford-originated C.D. accounts. The assets in question are currently frozen by prior order of this Court. *See* Order of Apr. 6, 2010

---

[1] The Employee Defendants are former employees of the Stanford Group Company. The Receiver's second amended complaint [156] alleges fraudulent-transfer and unjust-enrichment claims against these former employees. A list of the Employee Defendants appears in Appendix A to this Order.

ORDER – PAGE 1

[379]. The Court's prior order freezing the funds expires on June 1, 2010. *Id.* The Receiver now seeks a TRO and preliminary injunction to enjoin dissipation of the funds, which he alleges were the subject of fraudulent transfers.[2]

"The prerequisites for preliminary injunctive relief are long-established in this circuit." *Libertarian Party of Tex. v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). A plaintiff seeking preliminary injunctive relief must demonstrate (1) a substantial threat that it will suffer irreparable injury; (2) a substantial likelihood of success on the merits; (3) that the threatened injury to plaintiff outweighs any threatened harm to the defendant; and (4) granting injunctive relief will not disserve the public interest. *Id.* The party seeking preliminary injunctive relief carries the burden of persuasion on all four requirements. *Bluefield Water Assoc., Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

In the TRO context, the necessary persuasiveness of a plaintiff's likelihood-of-success showing "varies, and often may depend on the facts in a particular case." 11A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2951 (2d ed. 1995). A TRO movant must show "at least a reasonable probability of prevailing on the merits." *Id.*

---

[2]When the Court first received the Receiver's application, it found that a TRO was not warranted by Federal Rule of Civil Procedure 65. *See* Order of Apr. 23, 2010 [395]. The Court informed the parties that it would decide the preliminary injunction based on the parties' briefing and evidence. Defendants submitted their briefs and supporting evidence on May 10, 2010 [413, 417]. The Receiver filed his reply brief on May 24, 2010 [444]. However, given the large number of Defendants, the complexity of the issues before the Court, the volume of evidence presented by the parties, and the upcoming Memorial Day court closure, the Court concludes that it lacks time to resolve the preliminary-injunction application before the freeze order expires on June 1, 2010. Thus, the Court revisits the Receiver's request for a TRO.

ORDER – PAGE 2

"[S]ome courts have stated that when grave harm is threatened, the applicant need show only that its claims provide a fair ground for litigation." *Id.* (collecting cases).

The Court finds that the Receiver has carried his burden of showing he is entitled to temporary relief pending consideration of his preliminary-injunction application. First, he demonstrates a substantial threat of irreparable injury absent an interim TRO. The existing account freeze will expire on June 1. The Receiver alleges that, absent interim relief from the Court, there is a substantial risk that Defendants will dissipate the assets before the Court is able to rule on the preliminary injunction. He provides evidence that the frozen funds are the product of fraudulent transfer. The Court finds that this history of fraudulent transfer creates a reasonable inference that Defendants might dissipate the assets if they are released before it can rule on the preliminary injunction. Given that the frozen funds (totaling $24 million) represent a large portion of the putative receivership estate, their dissipation prior to the Court's preliminary-injunction ruling would represent a grave harm to Stanford creditors.

Next, the Receiver demonstrates a likelihood of success on the merits of his fraudulent-transfer claim. Because of the grave harm threatened, the Court requires the Receiver to establish only that his claims provide "a fair ground for litigation." Determination of likelihood of success requires recourse to substantive law. *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir.1990) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 622 (5th Cir. 1985)). The Receiver's TRO application and supporting evidence present a prima facie case for Defendants' liability under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). Thus, the Court finds that he has carried his

ORDER – PAGE 3

burden with respect to the TRO. The Court will revisit the likelihood-of-success issue when it rules on the preliminary injunction. At that time, the Court will also consider Defendants' rebuttal evidence and affirmative defenses.

Further, the potential harm to the Receiver absent an interim TRO outweighs the potential harm to Defendants. Here, the harm to Defendants is a fourteen-day extension of an existing agreed[3] asset freeze. The potential harm to the Receiver (and thus the investors whose interests he represents) is the expiration of the current freeze and possible dissipation of assets before the Court rules on the preliminary injunction. The balance of these harms weighs in favor of the interim TRO.

Finally, the TRO will not disserve the public interest. In fact, the opposite is true. The Receiver seeks to enjoin removal of frozen funds because he believes they are fraudulently-transferred assets that properly belong to innocent Stanford creditors. If the funds are dissipated before the Court rules on the preliminary injunction, they may be transferred out of the reach of the Receiver — and thus the investors — forever. To risk dissipation of one of the few assets potentially available to Stanford's fraud victims without full substantive consideration would disserve the public interest.

## CONCLUSION

---

[3]Although Employee Defendants did not agree to the *initial* account freeze, the current account freeze reflects a compromise that allowed them to remove some funds from their accounts and the Receiver to hold the remainder, which he alleges are proceeds from the sale of fraudulent Stanford CDs.

Because the Court finds that the Receiver has carried his burden as to all four elements required for preliminary injunctive relief, the Court grants his motion for TRO pending consideration of his application for preliminary injunction. The Court enjoins Employee Defendants from removing or dissipating the funds now held by the Receiver pursuant to this Court's April 6, 2010 order until the earlier of: (1) fourteen days from the date of this Order, or (2) the Court's ruling on the Receiver's preliminary-injunction application.

Further, the Court finds that the Receiver is acting in this matter to recover assets in connection with and under the auspices of a lawsuit brought by the Securities Exchange Commission, an agency of the United States, and therefore the Court holds that no bond is required under Rule 65(c) of the Federal Rules of Civil Procedure.

It is further ordered that this Order is binding upon the parties to this action, their officers, agents, servants, employees and attorneys and upon persons in active concert or participation with them who receiver actual notice of this Order by personal service or otherwise.

Signed May 28, 2010.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 5

**APPENDIX A: LIST OF STANFORD EMPLOYEE DEFENDANTS**

1. Jeffrey E. Adams
2. Paul Adkins
3. Jeannette Aguilar
4. James R. Alguire
5. Peggy Allen
6. Orlando Amaya
7. Victoria Anctil
8. Tiffany Angelle
9. Susana Anguiano
10. James F. Anthony
11. Sylvia Aquino
12. Juan Araujo
13. Monica Ardesi
14. George Arnold
15. John Michael Arthur
16. Patricio Atkinson
17. Mauricio Aviles
18. Donald Bahrenburg
19. Brown Baine
20. Timothy Bambauer
21. Isaac Bar
22. Elias Barbar
23. Stephen R. Barber
24. Jonathan Barrack
25. Robert Barrett
26. Jane E. Bates
27. Timothy W. Baughman
28. Marie Bautista
29. Oswaldo Bencomo
30. Teral Bennett
31. Lori Bensing
32. Andrea Berger
33. Marc H. Bettinger
34. Norman Blake
35. Stephen G. Blumenreich

36. Michael Bober
37. Nigel Bowman
38. Brad Bradham
39. Fabio Bramanti
40. Fernando Braojos
41. Alexandre Braune
42. Charles Brickey
43. Alan Brookshire
44. Nancy Brownlee
45. Richard Bucher
46. George Cairnes
47. Fausto Callava
48. Robert Bryan Cannon
49. Frank Carpin
50. Rafael Carriles
51. Scott Chaisson
52. James C. Chandley
53. Naveen Chaudhary
54. Jane Chernovetzky
55. Susana Cisneros
56. Ron Clayton
57. Neal Clement
58. Christopher Collier
59. Jay Comeaux
60. Michael Conrad
61. Michael Contorno
62. Bernard Cools-Lartigue
63. Don Cooper
64. Jose Cordero
65. Oscar Correa
66. James Cox
67. John Cravens
68. Ken Crimmins
69. Shawn M. Cross
70. James Cross
71. Patrick Cruickshank

72. Greg R Day
73. William S. Decker
74. Michael DeGolier
75. Andres Delgado
76. Pedro Delgado
77. Ray Deragon
78. Arturo R. Diaz
79. Ana Dongilio
80. Matthew Drews
81. Carter W. Driscoll
82. Abraham Dubrovsky
83. Torben Garde Due
84. Sean Duffy
85. Christopher Shannon Elliotte
86. Neil Emery
87. Thomas Espy
88. Jordan Estra
89. Jason Fair
90. Nolan Farhy
91. Evan Farrell
92. Marina Feldman
93. Ignacio Felice
94. Bianca Fernandez
95. Freddy Fiorillo
96. Lori J. Fischer
97. Rosalia Fontanals
98. James Fontenot
99. Juliana Franco
100. John Fry
101. Roger Fuller
102. Attlee Gaal
103. Miguel A. Garces
104. Gustavo A. Garcia
105. David Braxton Gay
106. Gregg Gelber
107. Mark Gensch

ORDER – PAGE 8

108. Gregory C. Gibson
109. Michael D. Gifford
110. Eric Gildhorn
111. Luis Giusti
112. Steven Glasgow
113. John Glennon
114. Susan Glynn
115. Larry Goldsmith
116. Ramiro Gomez-Rincon
117. Joaquin Gonzalez
118. Juan Carlos Gonzalez
119. Russell Warden Good
120. John Grear
121. Jason Green
122. Stephen Greenhaw
123. Mark Groesbeck
124. Billy Ray Gross
125. Vivian Guarch
126. Donna Guerrero
127. John Gutfranski
128. Rodney Hadfield
129. Gary Haindel
130. Jon Hanna
131. Dirk Harris
132. Virgil Harris
133. Kelley L. Hawkins
134. Charles Hazlett
135. Roberto T. Helguera
136. Luis Hermosa
137. Daniel Hernandez
138. Martine Hernandez
139. Patrica Herr
140. Alfredo Herraez
141. Helena M. Herrero
142. Steven Hoffman
143. Robert Hogue

144. John Holliday
145. Nancy J. Huggins
146. Charles Hughes
147. Wiley Hutchins, Jr.
148. David Innes
149. Marcos Iturriza
150. Charles Jantzi
151. Allen Johnson
152. Susan K. Jurica
153. Marty Karvelis
154. Faran Kassam
155. Joseph L. Klingen
156. Robert A. Kramer
157. David Wayne Krumrey
158. Bruce Lang
159. Grady Layfield
160. James LeBaron
161. Jason LeBlanc
162. William Leighton
163. Mayra C. Leon De Carrero
164. Robert Lenoir
165. Humberto Lepage
166. Francois Lessard
167. James C. Li
168. Gary Lieberman
169. Jason Likens
170. Trevor Ling
171. Christopher Long
172. Robert Long, Jr.
173. Humberto Lopez
174. Luis Felipe Lozano
175. David Lundquist
176. Michael MacDonald
177. Anthony Makransky
178. Megan R. Malanga
179. Manuel Malvaez

180. Maria Manerba
181. Michael Mansur
182. Iris Marcovich
183. Janie Martinez
184. Claudia Martinez
185. Aymeric Martinoia
186. Bert Deems May, Jr.
187. Carol McCann
188. Francesca McCann
189. Douglas McDaniel
190. Matthew McDaniel
191. Pam McGowan
192. Gerardo Meave-Flores
193. Lawrence Messina
194. Nolan N. Metzger
195. William J. Metzinger
196. Donald Miller
197. Trenton Miller
198. Hank Mills
199. Brent B. Milner
200. Peter Montalbano
201. Alberto Montero
202. Rolando H. Mora
203. David Morgan
204. Shawn Morgan
205. Jonathan Mote
206. Carroll Mullis
207. Spencer Murchison
208. David Nanes
209. Jon Nee
210. Aaron Nelson
211. Gail Nelson
212. Russell C. Newton, Jr.
213. Norbert Nieuw
214. Lupe Northam
215. Scott Notowich

ORDER – PAGE 11

216. Monica Novitsky
217. Kale Olson
218. John D. Orcutt
219. Walter Orejuela
220. Alfonso Ortega
221. Zack Parrish
222. Tim Parsons
223. William Peerman
224. Beatriz Pena
225. Ernesto Pena
226. Roberto Pena
227. Roberto A. Pena
228. Dulce Perezmora
229. Saraminta Perez
230. Tony Perez
231. James D. Perry
232. Lou Perry
233. Brandon R. Phillips
234. Randall Pickett
235. Eduardo Picon
236. Edward Prieto
237. Christopher Prindle
238. A. Steven Pritsios
239. Arturo Prum
240. Maria Putz
241. Judith Quinones
242. Sumeet Rai
243. Michael Ralby
244. Leonor Ramirez
245. Nelson Ramirez
246. David Rappaport
247. Charles Rawl
248. Syed H. Razvi
249. Kathleen M. Reed
250. Steven Restifo
251. Walter Ricardo

252. Giampiero Riccio
253. Jeffrey Ricks
254. Juan C. Riera
255. Alan Riffle
256. Randolph E. Robertson
257. Steve Robinson
258. Timothy D. Rogers
259. Eddie Rollins
260. Peter R. Ross
261. Rocky Roys
262. Thomas G. Rudkin
263. Julio Ruelas
264. Nicholas P. Salas
265. Tatiana Saldivia
266. John Santi
267. Christopher K. Schaefer
268. Louis Schaufele
269. John Schwab
270. Harvey Schwartz
271. William Scott
272. Haygood Seawell
273. Leonard Seawell
274. Morris Serrero
275. Doug Shaw
276. Nick Sherrod
277. Jon C. Shipman
278. Jordan Sibler 50,000
279. Rochelle Sidney
280. Brent Simmons
281. Edward Simmons
282. Peter Siragna
283. Steve Slewitzke
284. Nancy Soto
285. Paul Stanley
286. Sanford Steinberg
287. Heath Stephens

ORDER – PAGE 13

288. William O. Stone Jr.
289. David M. Stubbs
290. Mark V. Stys
291. Timothy W. Summers
292. Paula S. Sutton
293. William Brent Sutton
294. Ana Tanur
295. Juan Carlos Terrazas
296. Scot Thigpen
297. Christopher Thomas
298. Mark Tidwell
299. Yliana Torrealba
300. Jose Torres
301. Al Trullenque
302. Audrey Truman
303. Roberto Ulloa
304. Eric Urena
305. Miguel Valdez
306. Nicolas Valera
307. Tim Vanderver
308. Jaime Vargas
309. Pete Vargas
310. Ettore Ventrice
311. Mario Vieira
312. Evely Villalon
313. Maria Villanueva
314. Chris Villemarette
315. Frans Vingerhoedt
316. Daniel Vitrian
317. Charles Vollmer
318. James Weller
319. Bill Whitaker
320. Donald Whitley
321. David Whittemore
322. Charles Widener
323. John Whitfield Wilks

324. Thomas Woolsey
325. Michael Word
326. Ryan Wrobleske
327. Ihab Yassine
328. Bernerd E. Young
329. Leon Zaidner