**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § § § | |
| **Plaintiff,** | § § | **Case No. 03-09-CV-0724-N** |
| **v.** | § § | |
| **JAMES R. ALGUIRE, ET AL.,** | § § | |
| **Defendants.** | § § | |

## DEFENDANT JOHN ORCUTT'S FIRST AMENDED ANSWER TO RECEIVER'S SECOND AMENDED COMPLAINT AGAINST FORMER STANFORD EMPLOYEES AND COUNTERCLAIM

Defendant John Orcutt ("Orcutt") files this First Amended Answer to Receiver's Second Amended Complaint Against Former Stanford Employees and Counterclaim and would respectfully show the Court the following:

Orcutt denies that the headings contained in the Receiver's Second Amended Complaint Against Former Stanford Employees (the "Complaint") constitute allegations of fact. To the extent they are considered as such and are not addressed below, they are denied.

1.      Orcutt denies that he has any funds or assets of the Stanford International Bank, LTD, et al receivership (the "Estate"). Orcutt further denies that he was involved in any action that contributed to any monies being "stolen from investors through fraud." Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and denies them on that basis.

2.      Orcutt denies the allegations in paragraph 2 as to himself. Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

Exhibit "A"

contained in paragraph 2 of the Complaint and denies them on that basis.

3.      Orcutt denies the allegations in paragraph 3 as to himself.   Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and denies them on that basis.

4.      Orcutt denies the allegations in paragraph 4 as to himself.   Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and denies them on that basis.

5.      Orcutt denies the allegations in paragraph 5 as to himself.   Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and denies them on that basis.

6.      Orcutt denies the allegations in paragraph 6 as to himself.   Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and denies them on that basis.

7.      Orcutt denies the allegations in paragraph 7 as to himself.   Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and denies them on that basis.

8.      Orcutt admits that the Receiver has purported to sue certain former Stanford Group Company ("SGC") employees named in the Complaint, but denies that this action against Orcutt can be properly maintained in federal court and denies that the Receiver is entitled to any of the relief sought against Orcutt.   Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and denies them on that basis, except to the extent such allegations state a legal conclusion, Orcutt

declines to answer, as no responsive pleading is required.

9.      Orcutt denies that this action against Orcutt can be properly maintained in federal court and denies that the Receiver is entitled to any of the relief sought against Orcutt.  The remaining allegations in paragraph 9 of the Complaint contain only legal conclusions, which Orcutt declines to answer, as no responsive pleading is required.

10.      Orcutt denies that this action against Orcutt can be properly maintained in federal court and denies that the Receiver is entitled to any of the relief sought against Orcutt.   The remaining allegations in paragraph 10 of the Complaint contain only legal conclusions, which Orcutt declines to answer, as no responsive pleading is required.

11.      Orcutt denies that this action against Orcutt can be properly maintained in federal court and denies that the Receiver is entitled to any of the relief sought against Orcutt.   The remaining allegations in paragraph 11 of the Complaint contain only legal conclusions, which Orcutt declines to answer, as no responsive pleading is required.

12.      Orcutt denies the allegations of paragraph 12 of the Complaint.  Orcutt asserts that this Court does not have jurisdiction and that the purported claims asserted by the Receiver against Orcutt should be resolved in arbitration.

13.      Orcutt denies this Court has jurisdiction over the Receiver's purported claims against Orcutt.  The remaining allegations in paragraph 13 of the Complaint contain only legal conclusions, which Orcutt declines to answer, as no responsive pleading is required.

14.      Orcutt denies this Court has jurisdiction over the Receiver's purported claims against Orcutt.  The remaining allegations in paragraph 14 of the Complaint contain only legal conclusions, which Orcutt declines to answer, as no responsive pleading is required.

15.     Orcutt denies the allegations contained in paragraph 15 of the Complaint to the extent it suggests that Orcutt executed an Application for Review and Potential Release.  Orcutt denies this Court has jurisdiction over the Receiver's purported claims against Orcutt.  The remaining allegations in paragraph 15 of the Complaint contain only legal conclusions, which Orcutt declines to answer, as no responsive pleading is required.

16.     Orcutt denies that he has filed any motion to intervene in *SEC v. Stanford International Band; Ltd.; et al,* Case No. 3:09-cv-298-N.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and denies them on that basis, except to the extent such allegations state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

17.     Orcutt states that the public court records, including the complaints filed by the Securities and Exchange Commission ("SEC") and the Court Orders, speak for themselves, denies the Receiver's allegations to the extent they inaccurately describe or are inconsistent with the actual contents of those documents; and respectfully refers the Court to those documents for complete and accurate descriptions of their contents.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and denies them on that basis, except to the extent such allegations state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

18.     Orcutt denies the allegations in paragraph 18 of the Complaint as to himself.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and denies them on that basis.

19.     Orcutt denies the allegations in paragraph 19 of the Complaint as to himself.  Orcutt states that the public court records (Doc 771 and  807) speak for themselves, denies the

Receiver's allegations to the extent they inaccurately describe or are inconsistent with the actual contents of those documents; and respectfully refers the Court to those documents for complete and accurate descriptions of their contents.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and denies them on that basis.

20.     Orcutt denies the allegations in paragraph 20 of the Complaint as to himself. Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and denies them on that basis.

21.     Orcutt denies the allegations in paragraph 21 of the Complaint as to himself. Orcutt states that the brochure referenced in paragraph 21 of the Complaint speaks for itself, denies the Receiver's allegations to the extent they inaccurately describe or are inconsistent with the actual content of that document; and respectfully refers the Court to that document for a complete and accurate description of its content.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint and denies them on that basis.

22.     Orcutt denies the allegations in paragraph 22 of the Complaint as to himself. Orcutt states that the 2006 and 2007 Annual Reports speak for themselves, denies the Receiver's allegations to the extent they inaccurately describe or are inconsistent with the actual contents of those documents; and respectfully refers the Court to those documents for complete and accurate descriptions of their contents.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and denies them on that basis.

23.     Orcutt denies the allegations in paragraph 23 of the Complaint as to himself. Orcutt states that the documents referenced in paragraph 23 speak for themselves, denies the Receiver's allegations to the extent they inaccurately describe or are inconsistent with the actual contents of those documents; and respectfully refers the Court to those documents for complete and accurate descriptions of their contents.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and denies them on that basis.

24.     Orcutt denies the allegations in paragraph 24 of the Complaint as to himself. Orcutt states that the documents referenced in paragraph 24 speak for themselves, denies the Receiver's allegations to the extent they inaccurately describe or are inconsistent with the actual contents of those documents; and respectfully refers the Court to those documents for complete and accurate descriptions of their contents.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint and denies them on that basis.

25.     Orcutt denies the allegations in paragraph 25 of the Complaint as to himself. Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint and denies them on that basis.

26.     Orcutt denies the allegations in paragraph 26 of the Complaint as to himself. Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint and denies them on that basis.

27.     Orcutt denies the allegations in paragraph 27 of the Complaint as to himself. Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint and denies them on that basis.

28.     Orcutt admits that his contract with SGC included payment of compensation. Orcutt denies that he sold any CDs, denies that he was involved in any alleged misconduct, and denies the remaining allegations in paragraph 28 of the Complaint as to himself.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint and denies them on that basis.

29.     Orcutt denies the allegations in paragraph 29 of the Complaint as to himself. Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint and denies them on that basis.

30.     Orcutt denies the allegations in paragraph 30 of the Complaint as to himself. Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint and denies them on that basis, except to the extent such allegations state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

31.     In response to paragraph 31 of the Complaint, Orcutt admits that the Receiver purports to seek certain relief, but denies that the Receiver has properly alleged claims against Orcutt, denies that he engaged in any misconduct, and denies that the Receiver is entitled to any of the relief requested against Orcutt.  Orcutt states that the Court Orders referenced in paragraph 31 speak for themselves, denies the Receiver's allegations to the extent they inaccurately describe or are inconsistent with the actual contents of those documents; and respectfully refers the Court to those documents for complete and accurate descriptions of their contents.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint and denies them on that basis.

32.     In response to paragraph 32 of the Complaint, Orcutt denies that the Receiver has properly alleged claims against Orcutt, denies that he engaged in any misconduct, and denies that the Receiver is entitled to any of the relief requested against Orcutt.  Orcutt states that the Court Orders referenced in paragraph 32 speak for themselves, denies the Receiver's allegations to the extent they inaccurately describe or are inconsistent with the actual contents of those documents; and respectfully refers the Court to those documents for complete and accurate descriptions of their contents.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint and denies them on that basis.

33.     In response to paragraph 33 of the Complaint, Orcutt denies that the Receiver has properly alleged claims against Orcutt, denies that he engaged in any misconduct, denies that the Receiver is entitled to any of the relief requested against Orcutt.  Orcutt states that the Court Orders referenced in paragraph 33 speak for themselves, denies the Receiver's allegations to the extent they inaccurately describe or are inconsistent with the actual contents of those documents; and respectfully refers the Court to those documents for complete and accurate descriptions of their contents.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of the Complaint and denies them on that basis, except to the extent such allegations state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

34.     Orcutt denies that he ever received "CD Proceeds", denies that the Receiver is entitled to disgorgement of any funds received by Orcutt, and denies the remaining allegations in paragraph 34 of the Complaint.

35.     Orcutt denies that he ever received "CD Proceeds", denies that the Receiver is entitled to disgorgement of any funds received by Orcutt, and denies the remaining allegations in paragraph 35 of the Complaint.  To the extent the allegations in paragraph 35 state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

36.     Orcutt denies that he ever received "CD Proceeds", denies that the Receiver is entitled to disgorgement of any funds received by Orcutt, and denies the remaining allegations in paragraph 36 of the Complaint.  To the extent the allegations in paragraph 36 state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

37.     Orcutt denies the allegations in paragraph 37 of the Complaint.  To the extent the allegations in paragraph 37 state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

38.     Orcutt denies that he ever received "CD Proceeds", denies that the Receiver is entitled to disgorgement of any funds received by Orcutt, and denies the remaining allegations in paragraph 38 of the Complaint.  To the extent the allegations in paragraph 38 state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

39.     Orcutt denies that the Receiver is entitled to the relief  requested in paragraph 39, denies that Orcutt is liable to the Estate in any amount, and denies the remaining allegations in paragraph 39 of the Complaint.  To the extent the allegations in paragraph 39 state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

40.     Orcutt denies that he ever received "CD Proceeds", denies that the Receiver is entitled to the relief  requested in paragraph 40, denies that Orcutt is liable to the Estate in any amount, and denies the remaining allegations in paragraph 40 of the Complaint.  To the extent

the allegations in paragraph 40 state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

41.     Orcutt denies that he ever received "CD Proceeds", denies that the Receiver is entitled to disgorgement of any funds received by Orcutt, and denies the remaining allegations in paragraph 41 of the Complaint.  To the extent the allegations in paragraph 41 state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

42.     Orcutt denies that he ever received "CD Proceeds", denies that the Receiver is entitled to disgorgement of any funds received by Orcutt, and denies the remaining allegations in paragraph 42 of the Complaint.  To the extent the allegations in paragraph 42 state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

43.     Orcutt denies that he ever received "CD Proceeds," denies that the Receiver is entitled to the relief requested in paragraph 43, denies that Orcutt is liable to the Estate in any amount, and denies the remaining allegations in paragraph 43 of the Complaint.  To the extent the allegations in paragraph 43 state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

44.     Orcutt denies that he ever received "CD Proceeds", denies that the Receiver is entitled to the relief requested in paragraph 44, denies that Orcutt is liable to the Estate in any amount, and denies the remaining allegations in paragraph 44 of the Complaint.  To the extent the allegations in paragraph 44 state a legal conclusion, Orcutt declines to answer, as no responsive pleading is required.

45.     Orcutt admits that he was employed by SGC as a financial consultant.  Orcutt denies that he received "CD Proceeds" and denies the remaining  allegations in Paragraph 45 of

the  Complaint as to himself.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of the Complaint and denies them on that basis.

46.     Orcutt denies that he received "CD Proceeds" and denies the remaining allegations in Paragraph 46 of the Complaint as to himself.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Complaint and denies them on that basis.

47.     Orcutt denies the allegations in Paragraph 47 of the Complaint.

48.     Orcutt denies the allegations in Paragraph 48 of the Complaint.

49.     Orcutt denies that he ever received "CD Proceeds".  Orcutt admits that he received certain proceeds from SGC in the form of advance compensation in exchange for transferring his profitable book of business from Wachovia to SGC, and that this type of business transaction was standard and customary in the industry and done in good faith.  Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Complaint and denies them on that basis.

50.     Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and denies them on that basis.

51.     Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and denies them on that basis.

52.     Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and denies them on that basis.

53.     Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and denies them on that basis.

54.     Orcutt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and denies them on that basis.

55.     Orcutt denies that the Receiver is entitled to any of the relief sought in paragraph 55 of the Complaint.

56.     Orcutt denies each and every allegation in the Complaint not specifically admitted in this Answer.

## ARBITRATION

The alleged claims against Orcutt are subject to an agreement for binding arbitration and Orcutt hereby demands that such claims be submitted to arbitration.  Orcutt does not intend, by the filing of his Answer and Counterclaims, to waive any right to arbitration arising from or relating to the SGC Promissory Note – Forgivable Loan, or from any other agreement.

## DEFENSES

Without assuming the burden of proof, Orcutt asserts the following defenses:

### First Defense

1.      The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Defense

2.      The Receiver's claims under the Uniform Fraudulent Transfer Act are barred, in whole or in part, because Orcutt received the forgivable loan proceeds from SGC in good faith and for reasonably equivalent value in exchange for transferring his book of business from Wachovia and his promise to work for SGC.  Tex. Bus. & Com. Code Ann. §24.009.  Orcutt

fully performed the conditions for receiving the forgivable loan proceeds until prevented from doing so by the Receiver.

### Third Defense

3.      The Receiver's claims are barred, in whole or in part, because the Receiver lacks standing.

### Fourth Defense

4.      The Receiver cannot prevail upon his claims until this Court determines the Antiguan Liquidators' petition for recognition under Chapter 15 of the Bankruptcy Code.  If granted, the Receiver would not have standing to assert his claims.

### Fifth Defense

5.      The Receiver's claims are barred, in whole or in part, by the principles of waiver, ratification, and/or estoppel.

### Sixth Defense

6.      The Receiver's claims are barred, in whole or in part, because any forgivable loan proceeds that Orcutt received were the result of reasonable reliance upon misrepresentations made by the Receiver's predecessor in interest.

### Seventh Defense

7.      The Receiver's claims are barred, in whole or in part, by the failure of the Receiver and/or his predecessor in interest to mitigate any alleged damages.

### Eighth Defense

8.      The Receiver's claims must be offset by the damages incurred by Orcutt, including any penalties and taxes paid.

## Ninth Defense

9.      The Receiver's claims are barred, in whole or in part, because they are the result of fraud or misrepresentation by the Receiver's predecessor in interest.  Specifically, SGC made numerous material misrepresentations and omissions to Orcutt, which SGC either knew or should have known to be false when they were made.  These misrepresentations include, but are not limited to, the following: 1) that there were tight controls in place for all phases of SGC's business; 2) SGC's balance sheet was strong; 3) the liquidity of SGC was exceptional; 4) 2009 would be an excellent year to grow SGC's business; 5) the opportunity to grow Orcutt's business had never been better; 6) that SGC had sustained positive performance and was well managed; 7) SGC had a large cash position in its investments; and 8) that SGC was run with Christian values in mind.  These misrepresentations were intended to be and were relied upon by Orcutt in leaving Wachovia and entering into his contract of employment with SGC and signing the SGC Promissory Note – Forgivable Loan.  Orcutt has suffered significant damages because of his reliance on SGC's material misrepresentations and omissions.  See also the factual allegations in the Counterclaims below which are incorporated herein by reference.

## Tenth Defense

10.     The Receiver's claims are barred, in whole or in part, because they are the result of illegality by the Receiver's predecessor in interest.

## Eleventh Defense

11.     The Receiver's claims are barred, in whole or in part, by the statute of limitations.

## Twelfth Defense

12.     The Receiver's claims are barred, in whole or in part, by the applicable principles of equity, laches, unclean hands, and in pari delicto.

**Thirteenth Defense**

13.     Any damage, loss, or liability sustained by the Receiver on any of its claims must be reduced, diminished and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Orcutt under the principles of equitable allocation, recoupment, set-off, proportionate liability, and comparative fault.

**Fourteenth Defense**

14.     Orcutt hereby adopts and incorporates by reference any and all other defenses asserted, or that may be hereafter asserted by any defendant to the extent that such defense may be applicable to Orcutt.  Orcutt also reserve the right to add additional defenses not set forth herein in the event discovery or investigation reveals additional defenses.

**COUNTERCLAIMS**

**FACTS**

1.     Orcutt is an individual residing in Vero Beach, Florida.

2.     Prior to joining SGC, Orcutt had twenty-four years of experience as a financial advisor in the securities industry and had a very profitable book of business.  He was employed at Wachovia Securities ("Wachovia") when SGC lured him away to SGC with numerous misrepresentations.

3.     On January 9, 2009, Orcutt joined SGC as a financial advisor in the Vero Beach, Florida office.  Prior to joining SGC, Orcutt had numerous communications with SGC employees and traveled to Houston, Texas (accompanied by Scott Chaisson, South Florida Managing Director) to meet with SGC employees and department heads, regarding becoming an SGC financial advisor and moving his clients from Wachovia to SGC.

4.     SGC represented to Orcutt, among other things, that 1) that there were tight controls in place for all phases of SGC's business; 2) SGC's balance sheet was strong; 3) the liquidity of SGC was exceptional; 4) 2009 would be an excellent year to grow SGC's business; 5) the opportunity to grow Orcutt's business had never been better; 6) that SGC had sustained positive performance, was well managed and had exceptional research and managed money performance; 7) SGC had a large cash position in its investments; 8) that SGC was run with Christian values in mind; and 9) that SGL had just opened a new Vero Beach, Florida branch office.   These representations were intended to be and were relied upon by Orcutt in leaving Wachovia and entering into his contract of employment with SGC and signing the SGC Promissory Note – Forgivable Loan ("EFL").

5.     As part of his compensation package, SGC provided Orcutt with an up-front forgivable note of $834,157, which the parties understood would be extinguished after an agreed period of Orcutt's employment at SGC.   In exchange for his compensation package, Orcutt was expected to transition his existing client base from Wachovia, maintain these clients and grow his client base.  Orcutt carried out all of his responsibilities to SGC diligently and in good faith. In the 39 days Orcutt was employed by SGC, he transferred approximately $100 million in client assets.

6.     On February 16, 2009, the Securities and Exchange Commission ("SEC") commenced a lawsuit in the United States District Court for the Northern District of Texas, Dallas Division against R. Allen Stanford, two associates, James M. Davis and Laura Pendergest-Holt, and three of Mr. Stanford's companies, Stanford International Bank, Ltd., SGC, and Stanford Capital Management, LLC (collectively, the companies are referred to as the "Stanford Entities") alleging they had engaged in a massive ponzi scheme.  On the same date,

the Court entered an Order appointing a Receiver, Ralph S. Janvey, over all property, assets, and records of the Stanford Entities, and all entities they own or control.

7.      The next day, February 17, 2009, Orcutt's employment was terminated by the Receiver for SGC.  Orcutt was employed at SGC for only 39 days.  During the 39 days that Orcutt was employed by SGC, he never received any commissions from SGC, he never received any compensation for the sale of CDs issued by Stanford International Bank, Ltd., nor did he sell any such CDs to his clients or purchase any such CD's for his own account.  Between January 9, 2009 and February 16, 2009, Orcutt devoted his full-time effort to transitioning his clients from Wachovia to SGC.  The only securities transaction conducted by Orcutt during this time was one stock trade and he received no compensation from SGC.

8.      Orcutt had no knowledge, nor any reason to know, at the time he went to work for SGC or at any time thereafter until the SEC instituted the proceedings against the Stanford Entities, that SGC was anything other than a legitimate broker/dealer.  Neither SGC nor anyone acting on SGC's behalf ever disclosed any fact that reasonably would have placed Orcutt on notice of any illegal activity being committed by the Stanford Entities, or any related persons or entities.

9.      As a result of SGC's misrepresentations, Orcutt suffered hundreds of thousand of dollars in lost wages.  In addition, by leaving Wachovia and joining SGC, Orcutt made a $634,692.86 repayment of a promissory note to Wachovia and forfeited over $700,000 in deferred retention bonuses, in non-vested retirement funds, and deferred stocks.  Orcutt has suffered years of setbacks and has to now re-build his book of business.

## DISCOVERY RULE

10.      The discovery rule is applicable to Orcutt's counterclaims.  Orcutt did not know

about - and could not have discovered - SGC's fraud and illegal conduct until the SEC's actions against the Stanford Entities on or about February 16, 2009.

## COUNT I - FRAUD

11.     Orcutt incorporates by reference the allegations contained in Paragraphs 1 through 10 above as though fully set forth herein and further alleges and states as follows:

12.     SGC made material misrepresentations to Orcutt.  SGC also deliberately failed to disclose to Orcutt material information regarding the Stanford Entities that it had a duty to disclose.  SGC misrepresented the stability of the entities, the nature of the entities' business, the propriety of their activities and failed to inform Orcutt of the true nature of their illegal business practices.

13.     In addition, SGC represented to Orcutt, among other things, that 1) that there were tight controls in place for all phases of SGC's business; 2) SGC's balance sheet was strong; 3) the liquidity of SGC was exceptional; 4) 2009 would be an excellent year to grow SGC's business; 5) the opportunity to grow Orcutt's business had never been better; 6) that SGC had sustained positive performance and was well managed; 7) SGC had a large cash position in its investments; and 8) that SGC was run with Christian values in mind.  These representations were false.

14.     The Stanford Entities purported to be stable financial-related institutions that were acting within the scope of the law.  In reality, it appears the Stanford Entities were engaging in fraudulent activities in violation of federal and state law.

15.     SGC knew its representations and omissions regarding the Stanford Entities were false at the time it made the statements to Orcutt.  At the time Orcutt was hired, SGC knew or

should have known that the Stanford Entities were engaging in practices that violated federal and state law and that, as a result, the entities could be subject to federal investigation and closure at any time.  At the very least, SGC made the representations recklessly, as a positive assertion, without any knowledge regarding whether they were true or not.

16.     SGC knew that Orcutt did not know, and could not have discovered, that the Stanford Entities were engaging in illegal activity.

17.     SGC made these misrepresentations and omissions to induce Orcutt to accept employment with SGC, execute the EFL, and move his clients from Wachovia to SGC.

18.     Orcutt relied on the misrepresentations and omissions made by SGC in accepting his offer of employment with SGC, signing the  EFL, and moving his clients to SGC.  Orcutt did not know about - and could not have discovered - SGC's fraud and illegal conduct until the SEC's actions against the Stanford Entities on or about February 16, 2009.  If Orcutt had known the true nature of the Stanford Entities' activities, he would have never accepted the position with SGC, signed the  EFL, or moved any of his client to SGC.

19.     As a result of Orcutt's reliance on SGC's material misrepresentations and omissions, Orcutt has suffered significant damages in excess of $834,157.  Orcutt's damages include, but are not limited to, loss of income, loss of deferred assets, loss of future earning capacity, and damage to his professional reputation.

20.     Orcutt should be granted judgment against SGC and/or the Plaintiff as Receiver for SGC for all damages set forth above, including Orcutt's costs and attorney's fees incurred herein, as well as punitive damages in an amount to be determined by the trier of fact.

21.     Alternatively, Orcutt prays for an offset in the amount of his damages proximately resulting from SGC's fraud against any funds he may have to disgorge or otherwise pay to the Receiver from the money he received as part of the EFL.

22.     To the extent Orcutt might be required to disgorge any funds received from SGC, Orcutt prays that any such agreements related to compensation, including the EFL, be voided and rescinded on the basis of failure of consideration, fraudulent inducement and unjust enrichment.  It would be unjust to permit the Receiver to recover the consideration paid by SGC under the EFL and yet retain any contractual right to enforce such note.

## COUNT II - Breach of Contract

23.     Orcutt incorporates by reference the allegations contained in paragraphs 1 through 22 above as though fully set herein and further alleges and states as follows:

24.     Orcutt had agreements with SGL concerning his employment, compensation, and EFL.  Orcutt honored his obligations, but the Plaintiff and/or SGL has breached the agreements in material ways.  Plaintiff and/or SGL, through its acts and omissions, has breached the parties' agreements and made it impossible for Orcutt to complete the term of employment necessary to extinguish the EFL.  The Receiver is also suing Orcutt seeking to recover all sums paid under the EFL.  As a result of the above, as well as other breaches of the parties' agreements, Orcutt has been damaged in an amount which includes, but is not limited to, loss of income, loss of deferred assets, loss of future earning capacity, and damage to his professional reputation, as well as his costs and attorney's fees incurred herein.

25.     Orcutt should be granted judgment against SGC and/or the Plaintiff as Receiver for SGC for all damages set forth above.

26.     Alternatively, Orcutt prays for an offset in the amount of his damages proximately resulting from the breach of contract against any funds he may have to disgorge or otherwise pay to the Receiver from the money he received as part of the EFL.

## JURY DEMAND

27.     Orcutt requests that this matter be submitted to arbitration for final resolution. However, if this Court determines that this matter should remain in this Court, Orcutt requests that this matter be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Orcutt respectfully requests that the Court dismiss the Receiver's claims with prejudice and enter judgment that the Receiver take nothing on his claims; that the Court award Orcutt judgment against the Receiver and/or SGC for the damages and relief set forth above and as follows:

a.     actual damages;

b.     punitive and exemplary damages;

c.     court costs and attorney's fees;

d.     prejudgement interest; and

e.     all such other and further relief to which Orcutt may be justly entitled.

Respectfully submitted,

/s/ Carolyn R. Raines

Carolyn R. Raines
   State Bar No. 00787852
CRaines@GodwinRonquillo.com

Michael Rose
   State Bar No. 24035610
MRose@GodwinRonquillo.com

**GODWIN RONQUILLO PC**
1201 Elm Street
1700 Renaissance Tower
Dallas, TX  75270
(214) 939.4400 Phone
(214) 527.3137 Fax

*Attorneys for John Orcutt*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served via ECF on counsel of record on this the 26th day of September, 2012.

/s/ Carolyn R. Raines