UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, *et al.*, | § § § | |
| Plaintiff, | § § | Case No. 3:09-CV-0724-N-BG |
| v. | § § § | |
| JAMES R. ALGUIRE, *et al.*, | § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION

The matters in this litigation are well known to the parties and involve court-appointed Receiver Ralph S. Janvey's efforts to recover monies paid to investors and employees of the entities that were allegedly used to further R. Allen Stanford's Ponzi scheme. Now before the court is a motion to dismiss that the district court referred to the undersigned magistrate judge for findings, conclusions, and recommendations. *See* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50).

## Discussion

Defendant Luis Hermosa, a former Stanford employee, filed the instant motion to dismiss on April 13, 2011, asking the court to quash summons and to dismiss the claims against him under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) on the ground that the Receiver failed to timely effect service of process. Hermosa points to Federal Rule of Civil Procedure 4(m) and claims that he was not served with the complaint until March 10, 2011, over one year after the complaint was filed and 328 days after the time for service expired. Hermosa also states that he joins the motion to dismiss filed in this action by other former Stanford employees on January 15, 2010.

The Receiver objects to dismissal and asks the court to extend the deadline for serving Hermosa. He advises the court that a November 2009 investigation revealed Hermosa resided in Ecuador, and he attempted to serve Hermosa at his last known address in Ecuador. He mailed the complaint and a waiver of service, but the package was returned without a forwarding address. The Receiver further advises that he learned on March 9, 2011, that Hermosa was residing in Florida, and he effectuated service on Hermosa within one day after learning of the Florida residence. He argues that Rule 4(m) does not apply to service in a foreign country and that there is good cause for a discretionary extension of the time for service.

Based on the foregoing, the magistrate judge proposes the following:

(1) As it has in other instances, the court should (a) find that there is good cause to extend the time to serve Hermosa and (b) deem that service on Hermosa was proper and timely. *See, e.g.*, Order, *Janvey v. Indigo Trust*, No. 3:10-CV-844-N (N.D. Tex. Mar. 7, 2014) (ECF No. 67) (citing orders entered in this action and *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (per curiam)).

(2) The court should find that Hermosa's motion to dismiss by virtue of his joinder of the motion filed on January 15, 2010, is moot. The court addressed the motion Hermosa joins on September 6, 2011. *See* ECF No. 696. As the court is aware, some of the issues raised in the motion have been re-briefed post remand from the Fifth Circuit Court of Appeals, and Hermosa has joined in the briefing. *See* ECF No. 1016.

## Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the district judge **DENY** Hermosa's motion in its entirety.

## Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file

2

specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 18, 2014.

NANCY M. KOENIG
United States Magistrate Judge

specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     March 18, 2014.

NANCY M. KOENIG
United States Magistrate Judge