UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:09-CV-0724-N-BG |
| | § | |
| v. | § | |
| | § | |
| JAMES R. ALGUIRE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

The district court appointed Plaintiff Ralph S. Janvey to serve as Receiver for the multi-district litigation proceeding, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N. *See* Second Am. Order Appointing Receiver, *SEC v. Stanford Int'l Bank*, 3:09-CV-298-N (N.D. Tex. July 19, 2010) (ECF No. 1130). Acting in his capacity as Receiver, Janvey brought the instant action against Defendants James R. Alguire and others, seeking disgorgement of proceeds the defendants received from certificates of deposit (CDs) that were issued by Stanford International Bank, Ltd.

Defendants Brent B. Milner, Stephen G. Blumenreich, Shawn M. Cross, David M. Stubbs, David A. Rappaport, and Christopher K. Schaefer (collectively, the Defendants) assert various counterclaims against the Receiver, and the Receiver moves to strike and dismiss these counterclaims. *See* Defendants' Countercl., Answer and Affirm. Defenses (ECF No. 839); Receiver's Mot. to Strike and to Dismiss (ECF No. 852). Pursuant to the pertinent order of referral, *see* Order (ECF No. 1122), the undersigned addresses Janvey's motion to strike and to dismiss the counterclaims in this Report and Recommendation.

**I.    Discussion**

The Defendants assert eight counterclaims—seven counterclaims for breach of contract and one counterclaim for declaratory judgment. Generally, the Defendants allege in their breach of contract counterclaims that the Receiver breached employment and compensation agreements with the Defendants resulting in damages. *See* Defendants' Countercl., Answer and Affirm. Defenses 21–31 (ECF No. 839). Defendants Milner, Blumenreich, Cross, and Stubbs also assert a counterclaim for declaratory judgment against the Receiver in which they request the court to declare that they are entitled to their allocable share of future funds on certain investments pursuant to an agreement they claim to have had with Stanford Venture Capital Holdings, Inc.

The Receiver argues that the Defendants' counterclaims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) on the ground that they have failed to state claims upon which relief can be granted. Specifically, he argues that he is entitled to absolute judicial immunity under applicable law and the terms of the court's order appointing him as Receiver. The Receiver also argues that the Defendants' counterclaims should be dismissed because the Defendants should be required to submit their claims through the court-approved claims process. *See* Receiver's Mot. to Strike and to Dismiss 4–10 (ECF No. 852). Alternatively, the Receiver argues that the Defendants' counterclaims should be stricken under Federal Rule of Civil Procedure 12(f) and the court's inherent authority on the ground that they violate standing court orders.

    **A.**     **Motion to dismiss under Rule 12(b)(6)**

The Receiver argues that the Defendants' counterclaims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The court must accept well-pleaded facts as true and view

them in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Although a complaint does not need to contain "detailed" factual allegations, it must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)*; see Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Motions to dismiss for failure to state a claim are disfavored. *See Crowder v. Am. Eagle Airlines, Inc.*, 118 Fed. App'x 833, 836 (5th Cir. 2004). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 800 F.2d 804, 807 (5th Cir. 1990)).

In his motion to strike and to dismiss, the Receiver argues that the counterclaims should be dismissed because: (1) he is entitled to absolute judicial immunity, and the Former Employees have failed to allege that he was acting outside the scope of his duties; (2) there is nothing in the record to suggest that the Receiver's actions constitute willful malfeasance or gross negligence; and (3) the Defendants must submit any potential claims against the Receivership Estate through the court-approved claims process. *See* Receiver's Mot. to Strike and to Dismiss 4–10 (ECF No. 852).

Generally, "[c]ourt appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and are within the scope of the authority granted to the receiver." *Davis v. Bayless*, 70 F.3d 367, 373

(5th Cir. 1995) (citations omitted); *see also Kermit Const. Corp. v. Banco Credito y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976) ("[A] receiver who faithfully and carefully carries out the orders of his appointing judge" is entitled to absolute judicial immunity.). Where nothing in the complaint indicates that the receiver has acted outside the scope of authority granted to him by the court, the receiver is immune from liability and dismissal of the claims against the receiver is appropriate under Rule 12(b)(6). *See Davis*, 70 F.3d at 373; *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 603–04 (11th Cir. 1985).

The Receiver argues that he has not exceeded the express terms of the orders appointing him Receiver. *See* Receiver's Mot. to Strike and to Dismiss 6–8 (ECF No. 852). In connection with the action filed by the Securities and Exchange Commission against Stanford International Bank, Ltd. and others, the district court entered orders assuming exclusive jurisdiction and possession of the "Receivership Assets" and "Receivership Records" (designated collectively as "Receivership Estate") that were then under the ownership and control of the bank and the other defendants. *See* Second Am. Order Appointing Receiver, *SEC v. Stanford Int'l Bank*, 3:09-CV-298-N, at ¶ 1 (N.D. Tex. July 19, 2010) (ECF No. 1130). The court appointed Janvey as the Receiver for the Receivership Estate and specified the following:

> Except for an act of willful malfeasance or gross negligence, the Receiver shall not be liable for any loss or damage incurred by the Receivership Estate, or any of Defendants, the Defendants' clients or associates, or their subsidiaries or affiliates, their officers, directors, agents, and employees, or by any of Defendants' creditors or equity holders because of any act performed or not performed by him or his agents or assigns in connection with the discharge of his duties and responsibilities hereunder.

Order Appointing Receiver, 3:09-CV-298-N (N.D. Tex. Feb. 17, 2009) (ECF No. 10); Am. Order Appointing Receiver (N.D. Tex. July 19, 2010) (ECF No. 1130).

Considering the standard under *Twombly* and the orders appointing the Receiver, the Defendants' counterclaims against the Receiver for breach of contract and declaratory judgment should be dismissed pursuant to Rule 12(b)(6) for several reasons. As the Receiver points out in his motion, the Defendants have failed to establish that the Receiver acted outside the scope of his duties. The Defendants' claims are grounded in their allegation that the Receiver terminated their employment without cause. *See* Defendants' Countercl., Answer and Affirm. Defenses 21–31 (ECF No. 839). The Defendants argue that they are consequently entitled to monetary damages under the terms of their employment agreements with various Stanford entities. *See id.* at 21–31. The alleged actions, however, fall within the scope of authority granted to the Receiver in the order appointing the Receiver.

The court provided the Receiver with the authority to, among other things: (1) "immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate"; (2) "[m]aintain full control of the Receivership Estate with the power to retain or remove, as the Receiver deems necessary or advisable, any officer, director, independent contractor, employee or agent of the Receivership Estate"; (3) "[c]ollect, marshal, and take custody, control, and possession of all the funds, accounts, mail, and other assets of, or in the possession or under the control of, the Receivership Estate"; and, (4) generally "have sole and exclusive power and authority to manage and direct the business and financial affairs" of the Stanford entities. Second Am. Order Appointing Receiver, at ¶¶ 4, 5(a), (b), 6 (N.D. Tex. July 19, 2010) (ECF No. 1130). The actions of which the Defendants complain—namely, the Receiver's termination of their employment—explicitly fall within the scope of the Receiver's powers; therefore, the Receiver is entitled to immunity and Defendants' counterclaims for breach of contract and declaratory judgment should be dismissed.

*See Davis*, 70 F.3d at 373.

In addition, the Defendants' breach of contract and declaratory judgment counterclaims do not allege facts that fall within the narrow exception to the Receiver's general immunity. The orders appointing the Receiver provide that he is immune for actions taken in connection with the tasks assigned to him, except for acts of "willful malfeasance or gross negligence." Second Am. Order Appointing Receiver, at ¶ 2 (N.D. Tex. July 19, 2010) (ECF No. 1130). But with respect to their counterclaims, the Defendants have not alleged that the Receiver committed an act of willful malfeasance or gross negligence. In the absence of such allegations, the Receiver is entitled to immunity for carrying out the tasks assigned to him in the order appointing him as Receiver, and the counterclaims for breach of contract and declaratory judgment should be dismissed.

What is more, the Defendants did not seek permission of the court prior to filing their counterclaims against the Receiver. The orders appointing the Receiver provide that a party must seek prior approval of the court before initiating "[a]ny act to collect, assess, or recover a claim against the Receiver or that would attach to or encumber the Receivership Estate." *Id.* at ¶ 10(c); *see also* ¶ 12 ("Defendants . . . are hereby enjoined from doing any act or thing whatsoever to interfere with the Receiver's taking control, possession, or management of the Receivership Estate . . . including the filing or prosecuting of any action or proceedings which involve the Receiver or which affect the Receivership Assets or Receivership Records . . . ."). In this case, the Defendants did not seek prior approval from the court before filing their counterclaims. Thus, even if the Defendants had alleged that the Receiver acted outside the scope of his powers—which they have not—the Defendants' counterclaims violate the court's bar on litigation against the Receiver and the Receivership Estate. Accordingly, the Defendants' counterclaims against the Receiver for breach

of contract and declaratory judgment should be dismissed.

Finally, and alternatively, it is not the appropriate stage in the receivership for the Defendants to bring their claims. Claims such as the ones the Defendants' assert may be brought during the "winding up" portion of the litigation. *See United States v. Vanguard Inv. Co., Inc.*, 6 F.3d 222, 225, 227 (4th Cir. 1993). Assuming their claims are viable, the Defendants' claims may be addressed during the wind-up or "claims procedure" portion of the litigation. *See Janvey v. Wieselberg*, 3:10-CV-1394-N (N.D. Tex. July 22, 2014) (ECF. No. 59) (clarifying that the court has established a claims procedure in this receivership); *see also In re Bernard L. Madoff Inv. Secs. LLC*, 413 B.R. 137, 143 (Bankr. S.D.N.Y. 2009) (discussing the claims procedure order the court entered, which established a process for resolving claims in the receivership without burdening the court). Allowing the Defendants to bring their claims at this stage of the receivership would, as the Receiver argues, "effectively catapult their claims to the front of the line and deplete the Receivership Estate. . . ." Receiver's Mot. to Strike and to Dismiss 10 (ECF No. 852).

For all of these reasons, the Defendants' counterclaims against the Receiver for breach of contract and declaratory judgment should be dismissed.

### B. Motion to strike under Rule 12(f)

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (2014). A motion to strike under Rule 12(f) is generally disfavored "because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic." *NexBank, SSB v. Bank Midwest, N.A.*, Civ. Action No. 3:12–CV–1882–D, 2012 WL 4321750, at *2 (N.D. Tex. Sept. 21, 2012) (citing *FDIC v. Niblo*, 821

F. Supp. 441, 449 (N.D. Tex. 1993)). A movant claiming that a matter should be stricken because it is "redundant, immaterial, impertinent, or scandalous matter" must establish that the matter has "no possible relation to the controversy." *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir.1962)) (internal quotations omitted).

Here, the Receiver argues that the Defendants' counterclaims should be stricken because they violate the court's order staying the case as to the former employee–defendants and the court's order enjoining litigation against the Receiver. *See* Receiver's Mot. to Strike and to Dismiss 2–3 (ECF No. 852). The Receiver's motion does not discuss, however, how the Defendants' counterclaims are "redundant, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f). Instead, the Receiver seeks to dismiss all of the counterclaims for violating the court's orders. Accordingly, the Receiver does not meet the standard of Rule 12(f), and his motion to strike under Rule 12(f) should be denied.

## II.     Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **GRANT** the Receiver's motion in part and **DENY** the Receiver's motion in part:

**IT IS RECOMMENDED** that the Receiver's motion be **GRANTED** insofar as the Receiver seeks to dismiss the Defendants' counterclaims for breach of contract and declaratory judgment for failure to state a claim under Rule 12(b)(6).

**IT IS RECOMMENDED** that the Receiver's motion be **DENIED** insofar as the Receiver seeks to strike the Former Employees' counterclaims under Rule 12(f).

## III.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 3, 2014

_____
NANCY M. KOENIG
United States Magistrate Judge