UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:09-CV-0724-N-BG |
| | § | |
| v. | § | |
| | § | |
| JAMES R. ALGUIRE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

The district court appointed Plaintiff Ralph S. Janvey to serve as Receiver for the multi-district litigation proceeding, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N. *See* Second Am. Order Appointing Receiver, *SEC v. Stanford Int'l Bank*, 3:09-CV-298-N (N.D. Tex. July 19, 2010) (ECF No. 1130). Acting in his capacity as Receiver, Janvey brought the instant action against numerous defendants, including Robert J. Bruno (Bruno), seeking disgorgement of proceeds the defendants received from certificates of deposit (CDs) that were issued by Stanford International Bank, Ltd.

Bruno asserts counterclaims for gross negligence, tortious interference with existing and prospective business relations, breach of fiduciary duty, and breach of contract against the Receiver, and the Receiver moves to strike and dismiss these counterclaims. Pursuant to the pertinent order of referral, *see* Order (ECF No. 1120), the undersigned addresses Janvey's motion to strike and to dismiss the counterclaims in this Report and Recommendation.

## I.     Discussion

1

Bruno asserts four counterclaims.  First, he alleges that the Receiver owed duties to the counter plaintiffs—various defendants who have filed counterclaims in this action against the Receiver, including Bruno (Counter Plaintiffs); the Receiver breached those duties through his gross negligence; and, Bruno has been damaged by the Receiver's breach in excess of $100 million. Bruno alleges that the Receiver mismanaged Stanford Group Company, improperly froze Counter Plaintiffs' licenses, and destroyed valuable relationships between the Counter Plaintiffs who were employed as financial advisors—including Bruno— and the investors.  Bruno's Answer and Countercl. 29–32  (ECF No. 823).  Bruno contends that he, along with other Counter Plaintiffs, are therefore entitled to damages for the Receiver's gross negligence.

Second, Bruno asserts a counterclaim for tortious interference with existing and prospective business relations.  He claims that the Receiver intentionally interfered with business relationships between the Counter Plaintiffs and investors, causing the Counter Plaintiffs to lose clients and suffer economic loss.  *Id.* at 32–34.

Third, Bruno asserts a claim for breach of fiduciary duty alleging that the Receiver owed a fiduciary duty to the Counter Plaintiffs, the Receiver breached that duty, and the Counter Plaintiffs are entitled to damages as a result of the breach.  *Id.* at 34–35.  Finally, Bruno asserts a breach of contract counterclaim, alleging that the Receiver breached compensation agreements and claiming that the Counter Plaintiffs have been sued in violation of purchase agreements, which has resulted in damages.  *Id.* at 35–36.

The Receiver argues that Bruno's counterclaims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) on grounds that he has failed to state claims upon which relief can be granted.  Specifically, he argues that he is entitled to absolute judicial immunity under applicable

law and the terms of the court's order appointing him as Receiver.  Alternatively, the Receiver

argues that Bruno's counterclaims should be stricken under Federal Rule of Civil Procedure 12(f)

and the court's inherent authority on the grounds that Bruno violated standing court orders.

### A.   Motion to dismiss under Rule 12(b)(6)

The Receiver argues that Bruno's counterclaims should be dismissed under Federal

Rule of Civil Procedure 12(b)(6) for failure to state a claim. On a motion to dismiss under Rule

12(b)(6), a court must assess whether the complaint states a claim upon which relief may be granted.

*See* Fed. R. Civ. P. 12(b)(6). The court must accept well-pleaded facts as true and view them in the

light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002);

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Although a complaint

does not need to contain "detailed" factual allegations, it must allege sufficient facts "to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; see

Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).

Motions to dismiss for failure to state a claim are disfavored.  *See Crowder v. Am. Eagle

Airlines, Inc.*, 118 Fed. App'x 833, 836 (5th Cir. 2004).  "The court may dismiss a claim when it is

clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to

relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 800 F.2d 804,

807 (5th Cir. 1990)).

In his motion to strike and to dismiss, the Receiver argues that Bruno's counterclaims should

be dismissed because: (1) the filing of counterclaims violates the court's orders staying the case and enjoining litigation against the Receiver; (2) he is entitled to absolute judicial immunity, and Bruno has failed to allege that he was acting outside the scope of his duties; and (3) there is nothing in the record to suggest that his actions constitute willful malfeasance or gross negligence. *See* Receiver's Mot. to Strike and to Dismiss 5–10 (ECF No. 825).

Generally, "[c]ourt appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and are within the scope of the authority granted to the receiver." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995) (citations omitted); *see also Kermit Const. Corp. v. Banco Credito y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976) ("[A] receiver who faithfully and carefully carries out the orders of his appointing judge" is entitled to absolute judicial immunity.).  Where nothing in the complaint indicates that the receiver has acted outside the scope of authority granted to him by the court, the receiver is immune from liability and dismissal of the claims against the receiver is appropriate under Rule 12(b)(6). *See Davis*, 70 F.3d at 373; *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 603–04 (11th Cir. 1985).

Moreover, the Receiver argues that he has not exceeded the express terms of the order appointing the Receiver. *See* Receiver's Mot. to Strike and to Dismiss 10 (ECF No. 825).  In connection with the action filed by the Securities and Exchange Commission against Stanford International Bank, Ltd. and others, the district court entered orders assuming exclusive jurisdiction and possession of the "Receivership Assets" and "Receivership Records (designated collectively as the "Receivership Estate") that were then under the ownership and control of the bank and the other defendants. *See* Second Am. Order Appointing Receiver, *SEC v. Stanford Int'l Bank*, 3:09-CV-298-

N, at ¶ 1 (N.D. Tex. July 19, 2010) (ECF No. 1130).  The court appointed Janvey as the Receiver

for the Receivership Estate and specified the following:

> Except for an act of willful malfeasance or gross negligence, the Receiver shall not
> be liable for any loss or damage incurred by the Receivership Estate, or any of
> Defendants, the Defendants' clients or associates, or their subsidiaries or affiliates,
> their officers, directors, agents, and employees, or by any of Defendants' creditors
> or equity holders because of any act performed or not performed by him or his agents
> or assigns in connection with the discharge of his duties and responsibilities
> hereunder.

Order Appointing Receiver, 3:09-CV-298-N (N.D. Tex. Feb. 17, 2009) (ECF No. 10); Second Am.

Order Appointing Receiver (N.D. Tex. July 19, 2010) (ECF No. 1130).

### 1. Counterclaims for Tortious Interference with Business Relations, Breach of Fiduciary Duty, and Breach of Contract

Considering the standard under *Twombly* and the order appointing the Receiver,

Bruno's counterclaims against the Receiver for tortious interference with existing and prospective

business relations, breach of fiduciary duty, and breach of contract should all be dismissed pursuant

to Rule 12(b)(6).  As the Receiver points out in his motion, Bruno has failed to establish that the

Receiver acted outside the scope of his duties.  Bruno alleges that the Receiver destroyed

relationships with clients by restricting access to client documents and prohibiting communication

with clients, terminated the employment of employees, including Bruno, dishonored compensation

agreements, and generally managed the Stanford entities in a manner with which Bruno and the

Counter Plaintiffs disagreed.  All of these actions fall within the scope of authority granted to the

Receiver in the order appointing the Receiver.

The court provided the Receiver with the authority to, among other things: (1) "immediately

take and have complete and exclusive control, possession, and custody of the Receivership Estate";

(2) "[m]aintain full control of the Receivership Estate with the power to retain or remove, as the

Receiver deems necessary or advisable, any officer, director, independent contractor, employee or agent of the Receivership Estate"; (3) "[c]ollect, marshal, and take custody, control, and possession of all the funds, accounts, mail, and other assets of, or in the possession or under the control of, the Receivership Estate"; and, (4)  generally "have sole and exclusive power and authority to manage and direct the business and financial affairs" of the Stanford entities.  Second Am. Order Appointing Receiver, at ¶¶ 4, 5(a), (b), 6 (N.D. Tex. July 19, 2010) (ECF No. 1130).  The actions of which Bruno complains fall within the scope of the Receiver's powers; therefore, the Receiver is entitled to immunity and Bruno's counterclaims for tortious interference with business relations, breach of fiduciary duty, and breach of contract should be dismissed.  *See Davis*, 70 F.3d at 373.

In addition, Bruno's counterclaims for tortious interference with business relations, breach of fiduciary duty, and breach of contract do not allege facts that fall within the narrow exception to the Receiver's general immunity.  The order appointing the Receiver provides that he is immune from actions taken in connection with the tasks assigned to him, except for acts of "willful malfeasance or gross negligence."  Second Am. Order Appointing Receiver, at ¶ 2 (N.D. Tex. July 19, 2010) (ECF No. 1130).  With respect to Bruno's counterclaims for tortious interference with business relations, breach of fiduciary duty, and breach of contract, he has not alleged that the Receiver committed an act of willful malfeasance or gross negligence.  In the absence of such allegations, the Receiver is entitled to immunity for carrying out the tasks assigned to him in the order appointing him as Receiver, and the counterclaims for tortious interference with business relations, breach of fiduciary duty, and breach of contract should be dismissed.

### 2.    Counterclaim for Gross Negligence

As for Bruno's counterclaim for gross negligence against the Receiver, this claim

should be dismissed for failure to seek permission of the court prior to filing the claim. In his Answer and Counterclaim, Bruno alleges that the Receiver, among other things, was grossly negligent "in freezing the Counter Plaintiffs' licenses," which increased their risk of harm and did in fact cause them harm. Bruno's Answer and Countercl. 31 (ECF No. 823). Even if such an allegation falls outside the scope of powers granted to the Receiver and within the limited exception to immunity in the order appointing the Receiver, the court need not reach such a determination. *See* Second Am. Order Appointing Receiver, at ¶ 2 (N.D. Tex. July 19, 2010) (ECF No. 1130). Indeed, the order appointing the Receiver provides that a party must seek prior approval of the court before initiating "[a]ny act to collect, assess, or recover a claim against the Receiver or that would attach to or encumber the Receivership Estate." *Id.* at ¶ 10(c); *see also* ¶ 12 ("Defendants . . . are hereby enjoined from doing any act or thing whatsoever to interfere with the Receiver's taking control, possession, or management of the Receivership Estate . . . including the filing or prosecuting of any action or proceedings which involve the Receiver or which affect the Receivership Assets or Receivership Records . . . ."). In this case, Bruno did not seek prior approval from the court before filing his counterclaim for gross negligence—or for any of his other counterclaims. Accordingly, Bruno's counterclaim against the Receiver for gross negligence, as well as his counterclaims for tortious interference with business relations, breach of fiduciary duty, and breach of contract, should be dismissed.

###### B.      Motion to strike under Rule 12(f)

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (2014). A motion to strike under Rule 12(f) is generally

disfavored "because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic." *NexBank, SSB v. Bank Midwest, N.A.*, Civ. Action No. 3:12–CV–1882–D, 2012 WL 4321750, at \*2 (N.D. Tex. Sept. 21, 2012) (citing *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)).   A movant claiming that a matter should be stricken because it is "redundant, immaterial, impertinent, or scandalous matter" must establish that the matter has "no possible relation to the controversy." *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir.1962)) (internal quotations omitted).

Here, the Receiver argues that Bruno's counterclaims should be stricken because they violate the court's order staying the case and the court's order enjoining any litigation against the Receiver. *See* Order (N.D. Tex. Aug. 10, 2010) (ECF No. 510); Stipulation and Order (N.D. Tex. Sept. 30, 2011) (ECF No. 771); Second Am. Order Appointing Receiver, *SEC v. Stanford Int'l Bank*, 3:09-CV-298-N (N.D. Tex. July 19, 2010) (ECF No. 1130).   The Receiver's motion does not discuss, however, how the counterclaims are "redundant, impertinent, or scandalous."  *See* Fed. R. Civ. P. 12(f).  Instead, the Receiver seeks to dismiss all of the counterclaims for violating the court's orders. Accordingly, the Receiver does not meet the standard of Rule 12(f), and his motion to strike under Rule 12(f) should be denied.

## II.   **Recommendation**

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **GRANT** the Receiver's motion in part and **DENY** the Receiver's motion in part:

**IT IS RECOMMENDED** that the Receiver's motion be **GRANTED** insofar as the Receiver seeks to dismiss Bruno's counterclaims for tortious interference with existing and prospective

8

business relations, breach of fiduciary duty, breach of contract, and gross negligence for failure to state a claim under Rule 12(b)(6).

**IT IS RECOMMENDED** that the Receiver's motion be **DENIED** insofar as the Receiver seeks to strike the Former Employees' counterclaims under Rule 12(f).

### III.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:  December 3, 2014

NANCY M. KOENIG
United States Magistrate Judge