# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.,<br><br>      Plaintiff,<br><br>v.<br><br>JAMES R. ALGUIRE, ET AL.<br><br>      Defendants. | § § § § § § § § § § § § § | Case No. 3:09-CV-0724-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.,<br><br>      Plaintiff,<br><br>v.<br><br>MIGUEL VENGER, ET AL.<br><br>      Defendants. | § § § § § § § § § § § § § | Case No. 3:10-CV-0366-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.,<br><br>      Plaintiff,<br><br>v.<br><br>JUAN JOSE RODRIGUEZ POSADA, ET AL.<br><br>      Defendants. | § § § § § § § § § § § § § | Case No. 3:10-CV-0415-N-BG |

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL. <br><br> Plaintiff, <br><br> v. <br><br> GILBE CORP., ET AL. <br><br> Defendants. | § § § § § § § § § § § § | Case No. 3:10-CV-0478-N-BG |

___

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL., <br><br> Plaintiff, <br><br> v. <br><br> JOHN W. WESTMORELAND, ET AL., <br><br> Defendants. | § § § § § § § § § § § § | Case No. 3:10-CV-0528-N-BG |

___

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL. <br><br> Plaintiff, <br><br> v. <br><br> JOHN E. COXE, ET AL. <br><br> Defendants. | § § § § § § § § § § § § | Case No. 3:10-CV-0617-N-BG |

___

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>                Plaintiff,<br><br>v.<br><br>JAMES C. BARR, ET AL.<br><br>                Defendants. | § § § § § § § § § § § § § | Case No. 3:10-CV-0725-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>                Plaintiff,<br><br>v.<br><br>INDIGO TRUST, ET AL.<br><br>                Defendants. | § § § § § § § § § § § § § | Case No. 3:10-CV-0844-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>                Plaintiff,<br><br>v.<br><br>TONYA DOKKEN, ET AL.<br><br>                Defendants. | § § § § § § § § § § § § § | Case No. 3:10-CV-0931-N-BG |

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.,<br><br>     Plaintiff,<br><br>v.<br><br>JOSE MANUEL FERNANDEZ, ET AL.<br><br>     Defendants. | §§§§§§§§§§§§ Case No. 3:10-CV-1002-N-BG |

## CONSOLIDATED SCHEDULING ORDER

    By separate Order of this same date, the Court granted the Receiver's motion for entry of a proposed consolidated scheduling order in the above captioned cases. Accordingly, the Court orders the following Consolidated Scheduling Order be entered in all ten of the above-captioned lawsuits (the "Net-Winner Lawsuits"):[1]

1. The Net-Winner Lawsuits are set for jury trial on November 2, 2015, and the setting is for a one-week docket. Reset or continuance of the trial setting will not alter the deadlines set forth herein unless expressly provided by Court order or by written agreement between the Receiver and the subject Stanford International Bank, Ltd. ("SIBL") investors sued by the Receiver in the Net-Winner Lawsuits (the "Net Winners").

2. Any motions for leave to join additional parties must be filed within one-hundred and twenty (120) days of the entry of this Consolidated Scheduling Order. Any motion for

---

[1] This Consolidated Scheduling Order does not address the Receiver's or the Official Stanford Investors Committee's claims against the Leland Stanford Mansion Foundation in Case No. 3:10-CV-1002-N-BG. Moreover, although this Consolidated Scheduling Order addresses the Receiver's claims against the Net Winners in *Janvey v. Alguire, et al.* [*see* Case No. 3:09-CV-0724-N-BG, Docs. 128, 129], it is not intended to and does not address the Receiver's claims against any other defendants in the *Alguire* lawsuit (such as former Stanford employees).

leave to amend pleadings under Rule 15(a) must be filed within one-hundred and twenty (120) days of the entry of this Consolidated Scheduling Order. Any motion for leave to amend pleadings after that date must show good cause pursuant to Rule 16(b).

3. The Receiver and the Net Winners shall exchange Rule 26(a)(1) initial disclosures within twenty-eight (28) days of the entry of this Consolidated Scheduling Order.

4. Within twenty-eight (28) days of the entry of this Consolidated Scheduling Order, the Receiver may, in his discretion, file a motion for entry of final judgment (the "Motion for Final Judgment") against any of the Net Winners who were the subject of the Court's MPSJ Orders.[2] The Receiver shall not be required to file a Motion for Final Judgment with respect to all or any of the Net Winners. In the event the Receiver files a Motion for Final Judgment, he shall: (a) request entry of final judgment against the subject Net Winners in the existing Net-Winner Lawsuits pursuant to Rules 54(b) and 58 or, in the alternative, seek severance of the Receiver's claims against the subject Net Winners into a separate lawsuit pursuant to Rule 21 and entry of final judgment in the severed lawsuit pursuant to Rules 54 and 58; (b) voluntarily dismiss, without prejudice, all remaining claims against the subject Net Winners other than the Receiver's claims for Net Winnings; (c) request, only as necessary, modification of the Court's prior MPSJ Orders pursuant to Rules 52, 59, and/or 60 with respect to the amounts of the subject Net Winners' Net Winnings to reflect the proper calculation of their Net Winnings already in

---

[2] The phrase "MPSJ Orders" as used herein refers to the Court's January 22, 2013 Orders in the ten Net-Winner Lawsuits granting partial summary judgment in favor of the Receiver on his fraudulent-transfer claims against Net Winners for their Net Winnings. [See Case No. 3:09-CV-0724-N-BG, Doc. 909; Case No. 3:10-CV-0366-N-BG, Doc. 310; Case No. 3:10-CV-0415-N-BG, Doc. 88; Case No. 3:10-CV-0478-N-BG, Doc. 89; Case No. 3:10-CV-0528-N-BG, Doc. 68; Case No. 3:10-CV-0617-N-BG, Doc. 64; Case No. 3:10-CV-0725-N-BG, Doc. 59; Case No. 3:10-CV-0844-N-BG, Doc. 59; Case No. 3:10-CV-0931-N-BG, Doc. 110; Case No. 3:10-CV-1002-N-BG, Doc. 165.] The phrase "Net Winnings" as used herein has the same meaning as in the Court's MPSJ Orders; in particular, that phrase refers to the amounts SIBL paid to each Net Winner in excess of his, her, or its investments in SIBL.

the record; and (d) set forth the amount of prejudgment interest, post-judgment interest, attorneys' fees, and costs sought against the subject Net Winners.

    a.    The Net Winners' responses, if any, to the Receiver's Motion for Final Judgment shall be due within twenty-one (21) days of the filing of the Motion for Final Judgment.

    b.    The Receiver's reply or replies, if any, to the Net Winners' responses to the Motion for Final Judgment shall be due within thirty-five (35) days of the filing of the Motion for Final Judgment.

5.    Within forty-nine (49) days of the entry of this Consolidated Scheduling Order, the Receiver shall file his additional motions for partial summary judgment for Net Winnings against any Net Winners not subject to the MPSJ Orders but who have answered or otherwise appeared in the Net-Winner Lawsuits (the "Additional MPSJs"). The Receiver's Additional MPSJs in the Net-Winner Lawsuits shall each be filed on the same day.

    a.    The Additional MPSJs and the evidence in support thereof shall reflect the amounts the Receiver claims each Net Winner received in Net Winnings. On the same day that the Additional MPSJs are filed, the Receiver shall produce to the subject Net Winners the SIBL transactional data on which the Additional MPSJs are based.

    b.    On the same date as he files his Additional MPSJs, the Receiver shall file his response, if any, to the Motion for Summary Judgment filed by the Estate of Michel T. Halbouty. [*See* Case No. 3:10-CV-0725-N-BG, Docs. 70, 71, 72.]

    c.    Within fourteen (14) days of the Receiver's filing of the Additional MPSJs, any Net Winner who disputes the amount of Net Winnings set forth in the Additional MPSJs shall: (a) notify the Receiver of that dispute in writing directed to the Receiver's counsel but shall not file such dispute with the Court; (b) state the amount that the Net Winner claims that he, she, or it received in Net Winnings, including how that amount was calculated; and (c) produce documentation supporting the Net Winner's calculation of Net Winnings.  The parties shall then confer in a good-faith attempt to resolve the discrepancy in the amount of Net Winnings received by that Net Winner.  If a Net Winner does not timely notify the Receiver of his, her, or its Net-Winnings dispute pursuant to the terms of this paragraph, the Net Winner shall be deemed to have agreed with the amount of Net Winnings contained in the Receiver's Additional MPSJs.

    d.    Other than the Receiver's production of SIBL transactional data pursuant to paragraph 5(a) above and any documentation concerning Net Winnings produced by Net Winners pursuant to paragraph 5(c) above, no discovery concerning the Receiver's Additional MPSJs or Net Winnings shall be allowed prior to when the Net Winners file responses to the Receiver's Additional MPSJs, absent further Court order or written agreement between the Receiver and the subject Net Winners.

    e.    Within thirty-five (35) days of the Receiver's filing of the Additional MPSJs, the Net Winners shall file their responses, if any, to the Receiver's Additional MPSJs. Moreover, the Michel T. Halbouty Estate's reply, if any, in support of its Motion for Summary Judgment shall be due on the same date.

      f.      Within sixty-three (63) days of the Receiver's filing of the Additional MPSJs, the Receiver shall file his reply or replies to the Net Winners' responses, if any, to the Receiver's Additional MPSJs.

6.      Discovery (subject to the proscriptions of paragraph 5(d) above) shall close ninety (90) days before trial.  Discovery requests must be served in time to permit responses by this date.

7.      All motions (including any motions for summary judgment concerning claims not already the subject of the Receiver's original June 7, 2011 motion for partial summary judgment, the Additional MPSJs, or the Motion for Final Judgment discussed herein) must be filed on or before ninety (90) days before trial.

8.      The parties shall file all pretrial materials twenty-eight (28) days before trial unless a different deadline is set forth in the following paragraphs.  Failure to file pretrial materials may result in dismissal for want of prosecution.  Pretrial materials shall include the following:

      a.      Pretrial order pursuant to Local Rule 16.4.

      b.      Exhibit lists, witness lists, and deposition designations pursuant to Local Rule 26.2 and Rule 26(a)(3); witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area) and an estimate of the length of direct examination; exhibit lists must include any materials to be shown to the jury but shall exclude demonstrative aids; the parties shall comply with Rule 26(a)(3) regarding objections; deposition counter-designations shall be due at the same time as objections to deposition designations; objections to deposition counter-designations shall be due within

       seven (7) days of the counter-designations; and no deposition designations beyond the original designations and the counter-designations shall be permitted, filed, or served absent Court order or written agreement between the Receiver and the subject Net Winners.

    c.    Proposed jury charge pursuant to Rule 51(a)(1); any objections to the proposed jury charge shall be filed within fourteen (14) days thereafter; and objections not so disclosed are waived unless excused by the Court for good cause.

    d.    Motions in limine (matters that are not case-specific are strongly discouraged).

    e.    Requested voir dire questions.

    f.    A party's exhibit list of demonstrative aids shall be filed with the Court seven (7) days before trial.

    g.    Pursuant to Local Rule 26.2(a), each party shall serve electronically upon the other parties all exhibits (including demonstrative aids) that the party intends to offer at trial, except for those offered solely for impeachment, seven (7) days before trial.  All such exhibits shall be electronically tagged to identify the exhibit number under which they will be offered at trial.

9.    The final pretrial conference will be set by separate order or notice.  Lead counsel must attend the pretrial conference.  The Court will likely impose time limitations for trial at the pretrial conference.  Examination of witnesses will be limited to direct, cross, re-direct, and re-cross.  Any questions regarding the consolidated scheduling order may be directed to the Court's Judicial Assistant, Donna Hocker Beyer, at 214-753-2700.

10.    The following Net Winners have entered into settlement agreements with the Receiver, but because the settlement funds payable under those agreements were not yet due and

payments had not yet been fully completed as of the date that the Receiver filed his Motion for Entry of Proposed Consolidated Scheduling Order, they remained defendants in the Net-Winner Lawsuits at that time: Mary Mardell Taylor, individually and in her capacity as Executor of the Estate of Anita Wallace Bolling; William T. Edwards MD PSP Agency; Pedro Hurtado de Mendoza and Silvia Hurtado de Mendoza; Jose Maria Castro Lopez and Keiko Fujimoto; Dale W. Wilson and Judy Ann Wilson; Lyda D. Tymiak Family Trust and Lyda D. Tymiak; and John D. Cooper.  Because those Net Winners have signed settlements with the Receiver, they are not the subject of any deadlines or requirements set forth in this Consolidated Scheduling Order.

SIGNED January 7, 2015.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE