## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS | * | |
| COURT APPOINTED RECEIVER FOR THE | * | |
| STANFORD INTERNATIONAL BANK, LTD., | * | |
| ET AL. | * | Case No. 03:09-CV-0724-N |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| JAMES R. ALGUIRE, ET AL. | * | |

**********************************************************************

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS | * | |
| COURT APPOINTED RECEIVER FOR THE | * | |
| STANFORD INTERNATIONAL BANK, LTD., | * | |
| ET AL. | * | Case No. 03:10-CV-366-N |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MIGUEL VENGER, ET AL. | * | |

**********************************************************************

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS | * | |
| COURT APPOINTED RECEIVER FOR THE | * | |
| STANFORD INTERNATIONAL BANK, LTD., | * | |
| ET AL. | * | Case No. 03:10-CV-0931-N |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| TONYA DOKKEN, ET AL. | * | |

**********************************************************************

## MEMORANDUM IN OPPOSITION TO RECEIVER'S MOTION FOR ENTRY OF FINAL JUDGMENT ON THE ISSUE OF SEVERANCE

1

**MAY IT PLEASE THE COURT:**

Defendants, **Robert Bush,** *et al.*, **James Holden,** *et al.*, **Sartin Living Trust 1994,** *et al.*,[1]
(the "Defendants" or "Louisiana Retirees") present this Memorandum in Opposition to the
Receiver's Motion for Entry of Final Judgment[2] on the issue of severance of the 11 defendants. In
his motion, the Receiver is attempting to have the rate of prejudgment interest and the method for
determining the amount and method of allocation of the attorney's fees determined as "precedent"
in this entire proceeding without affording all of the defendants the right to argue these very
important factual and legal issues. The Defendants filing this opposition are the approximately
eighty defendants that have litigated the issue of Net Profits at both the district court and United
States Fifth Circuit Court of Appeals.

The Receiver's proposed severance of certain defendants would potentially adversely
affect the rights and interests of the Louisiana Retirees herein as well as other Clawback
Defendants on the issues of reasonableness of the amount of attorney's fees, the manner in which
attorney's fees are allocated to all defendants, and the rate of the prejudgment interest. These are
issues that affect all persons in the Clawback Litigation, and severance of this issue as to any sub-
set of the defendants would unduly prejudice others and is, therefore, not appropriate. To the

---

[1] Robert Bush, James Brown, Gene Causey, Joseph Chustz, Darrell Courville, Robert B. Crawford, Jr., Jodie F. Crawford, Kenneth Dougherty, William E. Ensminger, Gwendolyn E. Fabre, Richard Feucht, Joan Feucht, Clarence H. Forshag, Betty Jo Forshag, William Bruce Johnson, Jennifer Savoie Johnson, Dennis Kirby, Laura Jeanette Lee, Emma Lee Lefebvre, Troy Lillie, Charlie L. Massey, Billie Ruth McMorris, Ronald McMorris, Virginia McMorris, Peggy Payne Moragne, Larry Perkins, Monty Perkins, Timothy R. Ricketts, Rose S. Ricketts, BBRATSS Productions, Inc., Charles R. Sanchez, Mamie C. Sanchez, Thomas W. Slaughter, Larry N. Smith, Michael A. Speeg, Terry N. Tullis, Olivia Sue Warnock, Emolyn L. Watts, Arthur Waxley, Thomas H. Turner, Alice D. Greer, Robert S. Greer, Jeff P. Purpera, Jilda Ann Daigle, Daniel Joseph Daigle, Tarral E. Daigle, and Equus VIII, LLC  are defendants in the *Alguire* litigation and referred to herein collectively as the "*Alguire* Defendants."  Defendants, James Holden, Henrietta Holden, and Judy Palminsano Jones are defendants in the Venger litigation and are referred to herein collectively as the "*Venger* Defendants."  Sartin Living Trust 1994, Gerald Tonner, and Mary E. Tonner are defendants in the *Dokken* litigation and are referred to herein collectively as the "*Dokken* Defendants."  The *Alguire*, *Venger*, and *Dokken* Defendants are referred to collectively herein as the "Louisiana Retirees."

[2] *See, e.g.*, Doc. 1204 in Case No. 3:09-CV-724, and Doc. 462 in Case No. 3:10-CV-366.

contrary, the issues of attorney's fees, reasonableness and allocation thereof, and pre-judgment interest should be the subject of a consolidated discovery and briefing order of the Court in order to allow all of the potentially affected parties to brief the issues the Court's consideration.[3]

The Receiver is attempting, through its request for severance of 11 defendants in its Motion for Entry of Final Judgment, to essentially obtain a summary judgment on the issue of attorney's fees and pre-judgment interest without including all of the possibly affected defendants, including the Louisiana Retirees herein. The Louisiana Retirees submit, even were the Court to sever certain defendants, any trial and/or hearing on the issues of attorney's fees, allocation of attorney's fees, and rate of pre-judgment interest should be consolidated.[4]

The Receiver filed lawsuits against all of the persons listed in the Appendices[5] to those lawsuits beginning on December 7, 2009. (*See, e.g.*, Doc. 128 in Case No. 3:09-CV-0724).   On June 7, 2011, the Receiver filed motions for summary judgment against a subset of the people listed in the initial lawsuits. (*See, e.g.*, Doc. 615 in Case No. 3:09-CV-0724). Many of this same group of defendants that were listed in the summary judgment appealed the case to the United States Fifth Circuit Court of Appeals after the district court certified the legal issue for appeal under 28 U.S.C. § 1292(b). On September 11, 2014, the Fifth Circuit issued is ruling, affirming the district court's granting of the Receiver's motion for partial summary judgment. *Janvey v. Brown*, 767 F. 3d 430 (5th Cir. 2014).

---

[3] This is the same principle as the Court's Consolidated Scheduling Order (*see, e.g.*, Doc. 1184 in Case No. 3:09-CV-724), which was requested by the Receiver, and sets the "Net-Winner Lawsuits" for consolidated trial on November 2, 2015. For the same reasons it is practical to set the "Net-Winner Lawsuits" for consolidated trial and scheduling order, it is likewise practical to consolidate the discovery, briefing, consideration, and resolution of the attorney's fees and pre-judgment interest herein.

[4] Defendants requested a settlement conference with the Court on this very issue. The reasonableness of the attorney fees and the rate of the prejudgment interest were the subject of the settlement conference with Magistrate Stickney as ordered by this Court on January 21, 2015 (Doc. 1190 in Case No. 3:09-CV-724).

[5] *See* **Exhibit 1**.

Counsel for the Louisiana Retirees has attempted to resolve this matter with the Receiver in a settlement conference with Magistrate Stickney. The very issues on which the Receiver is moving for severance and an expedited resolution are the same legal and factual issues relevant to the Louisiana Retirees represented by undersigned counsel. Counsel for the Receiver has expressed their position that they intend to pursue attorney's fees and/or prejudgment interest.[6] The claims the Receiver seeks to sever in the Motion for Entry of Final Judgment function as the Receiver's attempt at a motion for summary judgment on the issues of attorney's fees and the rate of the prejudgment interest. (S*ee, e.g.*, Doc. 1204 in Case No. 3:09-CV-0724).

Because the same claims are being asserted against the Louisiana Retirees, Defendants assert that the issues of attorney's fee and the rate of prejudgment interest should be considered in one consolidated proceeding and not be the subject of one limited severed summary judgment in which all of the parties that may be affected by any ruling are not allowed to participate.  For the reasons set forth herein and notwithstanding the objections Defendants have to any award of attorney's fees and/or pre-judgment interest, Defendants submit that severance of any defendants on the issues of reasonableness and allocation of attorney's fees and pre-judgment interest would have an adverse, prejudicial effect on the group of Clawback Defendants as a whole such that the Receiver's Motion for Entry of Judgment as to the issue of severance should be denied as it relates to the severance of the reasonableness and allocation of attorney's fees and the rate of prejudgment interest.

---

[6] Counsel for the Receiver has also expressed their desire to continue to pursue principal in certain instances, which is not the subject of this instant Opposition.

**I.**   **The Standard For Severance Has Not Been Met**

Under Fifth Circuit jurisprudence, district courts have broad discretion to sever issues that will be tried before them. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir.1994). The United States Supreme Court has urged that "the impulse is toward entertaining the broadest scope of action consistent with fairness to the parties" and that "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

When determining whether to sever claims, courts apply the standard set forth in Federal Rule of Civil Procedure 20 for permissive joinder. *Acevedo v. Alssup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir.2010). Federal Rule of Civil Procedure 20(a)(2)(B) provides that defendants may join in one action if "any question of law or fact common to all defendants will arise in the action." Here, the issues of attorney's fees, reasonableness thereof, and pre-judgment interest, are common to all of the Clawback Defendants such that joinder is acceptable, thereby making severance improper.

As noted by the Northern District of Texas, under the severance provision of Fed. R. Civ. P. 21, movants bear the burden in seeking severance. *Paragon Office Services, LLC v. United Healthcare Ins. Co., Inc.*, 2012 WL 4442368, *1 (N.D. Tex. 2012). The factors to be considered under Rule 21 are:

(1)   Whether the claims arise out of the same transaction or occurrence;

(2)   Whether the claims present some common questions of law or fact;

(3)   Whether settlement of the claims or judicial economy would be facilitated;

(4)   Whether prejudice would be avoided if severance were granted; and

(5)   Whether different witnesses and documentary proof are required for the separate claims.

*Paragon*, 2012 WL 4442368 at *1. None of these factors weigh in favor of severance. First, the Receiver's claims for attorney's fees and/or prejudgment interest arise out of the same transaction or occurrence – the Fifth Circuit's ruling in *Janvey v. Brown*, 767 F. 3d 430 (5th Cir. 2014). Second, the claims for attorney's fees and/or prejudgment interest are common to all of the Clawback Defendants, including the 11 defendants the Receiver seeks to sever and the Defendants herein. Third, judicial economy would be adversely affected as opposed to facilitated, and prejudice would result from severance, rather than being avoided. All of these factors weigh strongly in favor of denying severance of the 11 defendants, and maintaining the issues of attorney's fees and/or prejudgment interest in one action such that the interests of all Clawback Defendants are represented and adjudicated at one time.

II.     **The Reasonableness And Allocation Of Attorney's Fees Is Common To All Clawback Defendants Such That Consolidated Briefing And Consideration Is Necessary.**

All of the inquiries, both factual and legal, surrounding the issue of attorney's fees herein are common to all of the Clawback Defendants such that severance is not appropriate. Texas courts have recognized that there is a fundamental fairness applied when a prevailing party seeks to recover attorney's fees in cases where there are multiple adverse parties. When one or more of those adverse parties has made settlements, the prevailing party must segregate the fees owed by the remaining adverse parties from those owed by the settling parties so that the remaining parties are not charged fees for which they are not responsible.

In *Metal Bldg. Components, LP v. Raley*, 2007 WL 74316, *17 (Tex. App. Austin 2007), citing the Texas Supreme court in *Steward Title Guar. Co. v. Sterling*, 822 S.W. 2d 1, 10 (Tex. 1991), for example, the court stated:

> Additionally, a party must show that the fees it seeks were incurred while suing a defendant to be charged with the fees on a claim that permits recovery of attorney's fees. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991). In a case

6

involving multiple claims against multiple defendants, some of whom are no longer parties to the litigation, Texas law requires a party seeking recovery of attorney's fees to segregate the fees owed by the remaining defendants from those owed by the settling defendants, so the remaining defendants are not charged with fees that they do not owe. *Id.* at 10-11.

For these reasons, it does not promote the principles of judicial efficiency of fairness to adjudicate the issue of the reasonableness and allocation of attorney's fees based on separate groups of defendants. Because a determination of attorney's fees, and the reasonableness and allocation thereof necessitates and analysis among all defendants potentially subject to such an award, severance should not be permitted here so as to allow the issue to be decided as to all potentially affected defendants. Or, at the very least, even were severance to be ordered, such a severance should be subject to consolidation of the issue for briefing and trial. Any severance without consolidation would adversely prejudice the Clawback Defendants.

## III.   The Issue Of Prejudgment Interest Is Common To All Clawback Defendants Such That Consolidated Briefing And Consideration Is Necessary.

For the same reasons judicial efficiency and fairness to all parties is threatened by a severance on the issue of attorney's fees and reasonableness thereof, severance of any defendants on the issue of prejudgment interest similarly results in potentially prejudicial adverse effects. More specifically, the issue of what rate of interest should be charged on the prejudgment interest is common to all of the potentially affected defendants such that severance of any group of defendants is not appropriate.[7]

All of the following issues with regard to prejudgment interest are common to the Clawback Defendants:

---

[7] The federal rate of prejudgment interest is less than 1% per year despite the Receiver's election to assess the higher rate of 5% per year. It should further be noted that the basis of jurisdiction asserted by the Receiver's December 7, 2009 First Amended Complaint is based upon federal law. Because this is not a diversity action, the Court is not obligated to apply state law to the issue of prejudgment interest.

- It is within the discretion of the district court to determine whether the state rate or federal rate will be used. *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1447 (11th Cir. 1998) ("In the absence of a controlling statute, federal courts' choice of a rate at which to determine the amount of prejudgment interest to be awarded is also a matter for their discretion. That choice is usually guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding *post*-judgment interest."); *Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1077 (10th Cir. 2002) ("We agree that a federal rate of interest rather than the state rate applies where jurisdiction is based on a ***federal question***, and therefore the district court erred in determining that it was bound to apply the state rate of interest."); *Federal Deposit Ins. Corp. v. British-American Corp.*, 755 F.Supp. 1314, 1328 (E.D.N.C. 1991); *S.E.C. v. Pattison*, 2011 WL 723600, *4 (N.D.Cal. 2011); *U.S. ex rel. Belt Con Const., Inc. v. Metric Const., Inc.*, 2010 WL 1405993, *4 (D.N.M.2010); *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores, Inc.*, 15 F.3d 1275, 1288 (5th Cir. 1994); *In re Fink*, 217 B.R. 614, 623 (Bankr. C.D.Cal. 1997); *S.E.C. v. Teo*, 746 F.3d 90, 109 (3rd Cir. 2014); *Securities and Exchange Com'n v. Huff*, 745 F.Supp.2d 1284, 1354-1355 (S.D. Fla. 2010).

- The rate of the prejudgment interest is not to be punitive. *In re International Administrative Services, Inc.*, 408 F.3d 689, 710 (11th Cir. 2005) ("[P]rejudgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his.").[8] There is

---

[8] Of particular relevance to this factual issue is that (i) the interest paid on the initial clawback claims decided on November 13, 2009 are in line with the federal rates, and (ii) the amount of income earned on the cash accounts of the Receiver are likely in line with the federal rates and not the suggested 5% rate. This is certainly information in the possession of the Receiver that would be relevant to a reasonable rate of return. *See* Order dated November 13, 2009

a substantial body of law that requires the post-judgment rate to be the same as the pre-judgmetn interest rates. *Arete Partners, L.P. v. Gunnerman*, 643 F. 3d 410, 414 (5th Cir. 2011) ("rate of prejudgment interest would be the same as postjudgment interest").

- Postjudgment interest is not discretionary but "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield[.]" 28 U.S.C. § 1961(a). *Tricon Energy Ltd. v. Vinmar Intern., Ltd.*, 718 F.3d 448, 456-457 (5th Cir. 2013). This rule is applicable even in diversity cases.

- Courts may adopt a variety of approaches to determining the interest rate applicable to awards of prejudgment interest, since no federal statute governs which rate should apply to prejudgment interest awards. *See Kaplan v. S.A.C. Capital Advisors, L.P.*, 2014 WL 4088099, *10 (S.D.N.Y. 2014). The choice is guided by reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury Bond rate, which is also used in awarding post-judgment interest. *See Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1447 (11th Cir. 1998). The United States Court of Appeals for the Second Circuit has also found that pre-judgement interest may be permitted in the absence of express statutory authority "when awards were fair, equitable, and necessary to compensate the wronged party fully...such a discretionary award is normally reserved for exceptional cases." *See J & J Sports Productions, Inc. v. Lovell,* 2014 WL 4905351, *6-7 (E.D.N.Y. 2014).

All of these issues are common to all of the Clawback Defendants. There simply is no policy served by severing any group of defendants from the rest on the issues presented herein and, in fact, the

---

in *Janvey v. Adams, Alguire, et. al.*, Case No. 09-10761, United States Court of Appeals for the Fifth Circuit, Document 0051961209.

policies and standards set forth for both severance and permissive joinder, which guides the severance analysis, would be directly controverted by any severance herein.

## <u>CONCLUSION</u>

For the reasons set forth more fully herein, Defendants submit that the severance of 11 defendants proposed in the Receiver's Motion for Entry of Final Judgment should not be permitted as such a procedure would undoubtedly prejudice the rights and interests of all defendants, including the Defendants herein.

Respectfully submitted by:

**PREIS GORDON, APLC**

s/Phillip W. Preis
Phillip W. Preis (La. Bar Roll No. 10706)
Post Office Box 2786 (70821-2786)
450 Laurel Street, Suite 2150(70801-1817)
Baton Rouge, Louisiana
Phone:  (225) 387-0707
Fax:  (225) 344-0510
Email: phil@preislaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 6th day of February, 2015, he filed the foregoing pleading with the Clerk of Court using the CM/ECF system and the CM/ECF system will send notification of all such filing to all counsel of record as noted on the CM/ECF system.

s/Phillip W. Preis
Phillip W. Preis