# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>      Plaintiff,<br><br>v.<br><br>JAMES R. ALGUIRE, ET AL.<br><br>      Defendants. | § § § § § § § § § § § § | Case No. 3:09-CV-0724-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>      Plaintiff,<br><br>v.<br><br>MIGUEL VENGER, ET AL.<br><br>      Defendants. | § § § § § § § § § § § § | Case No. 3:10-CV-0366-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>      Plaintiff,<br><br>v.<br><br>JUAN JOSE RODRIGUEZ POSADA, ET AL.<br><br>      Defendants. | § § § § § § § § § § § § | Case No. 3:10-CV-0415-N-BG |

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL. <br><br>    Plaintiff, <br><br>v. <br><br>GILBE CORP., ET AL. <br><br>    Defendants. | §§§§§§§§§§§§ | Case No. 3:10-CV-0478-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL., <br><br>    Plaintiff, <br><br>v. <br><br>JOHN W. WESTMORELAND, ET AL., <br><br>    Defendants. | §§§§§§§§§§§§ | Case No. 3:10-CV-0528-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL. <br><br>    Plaintiff, <br><br>v. <br><br>JOHN E. COXE, ET AL. <br><br>    Defendants. | §§§§§§§§§§§§ | Case No. 3:10-CV-0617-N-BG |

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES C. BARR, ET AL.<br><br>　　　　　　　　Defendants. | § § § § § § § § § § § § § | Case No. 3:10-CV-0725-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>INDIGO TRUST, ET AL.<br><br>　　　　　　　　Defendants. | § § § § § § § § § § § § § | Case No. 3:10-CV-0844-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TONYA DOKKEN, ET AL.<br><br>　　　　　　　　Defendants. | § § § § § § § § § § § § § | Case No. 3:10-CV-0931-N-BG |

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>JOSE MANUEL FERNANDEZ, ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§  Case No. 3:10-CV-1002-N-BG<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### RECEIVER'S MOTION FOR ORDER IMPOSING DEADLINES FOR EXPERT DISCLOSURES AND AMENDING CONSOLIDATED SCHEDULING ORDER

On January 7, 2015, the Court entered its Consolidated Scheduling Order in all ten of the above-captioned lawsuits (the "Net-Winner Lawsuits").[1] Under the Consolidated Scheduling Order, the deadline for the close of discovery and the filing of all motions is 90 days before trial (August 4, 2015). (*See, e.g.*, Case No. 3:09-CV-0724-N-BG, Doc. 1163 at ¶ 6.) The Consolidated Scheduling Order does not impose deadlines for expert disclosures.[2]

The schedule in the Net-Winner Lawsuits should be modified because additional time is needed to accommodate deposition scheduling and because the default expert disclosure deadlines under the Federal Rules of Civil Procedure would result in expert disclosures occurring after the close of discovery. *See* Fed. R. Civ. P. 26(a)(2)(D). Therefore, the Court should enter

---

[1]  (*See* Case No. 3:09-CV-0724-N-BG, Doc. 1184; Case No. 3:10-CV-0366-N-BG, Doc. 453; Case No. 3:10-CV-0415-N-BG, Doc. 120; Case No. 3:10-CV-0478-N-BG, Doc. 120; Case No. 3:10-CV-0528-N-BG, Doc. 102; Case No. 3:10-CV-0617-N-BG, Doc. 85; Case No. 3:10-CV-0725-N-BG, Doc. 86; Case No. 3:10-CV-0844-N-BG, Doc. 77; Case No. 3:10-CV-0931-N-BG, Doc. 153; Case No. 3:10-CV-1002-N-BG, Doc. 223 (the "Consolidated Scheduling Order").)

[2]  The Receiver inadvertently failed to address the deadlines for expert disclosures in his Motion for Entry of Proposed Consolidated Scheduling Order. (*See, e.g.*, Case No. 3:09-CV-0724-N-BG, Doc. 1163.)

an order imposing deadlines for expert disclosures and amending the Consolidated Scheduling Order to extend the deadlines for the close of discovery and for filing all motions.

Accordingly, the Receiver hereby requests that the Court enter an order imposing the following deadlines for expert disclosures in the Net-Winner Lawsuits:

(1) August 7, 2015 – the Receiver must disclose experts pursuant to Rule 26(a)(2).

(2) August 27, 2015 – defendants must disclose experts, including any rebuttal experts, pursuant to Rule 26(a)(2).

(3) September 16, 2015 – Receiver must disclose any rebuttal experts pursuant to Rule 26(a)(2), and all parties must supplement any prior disclosures pursuant to Rule 26(e)(1).

In order to allow the parties to conduct discovery and to file dispositive and other motions, including any objections to expert testimony, after the parties' experts are disclosed in accordance with the deadlines described above, the Receiver further requests that the Court amend the Consolidated Scheduling Order to extend the deadlines for the close of discovery and for filing all motions to September 28, 2015.

All other deadlines imposed by the Consolidated Scheduling Order should remain unchanged.

### PRAYER

For the foregoing reasons, the Receiver respectfully requests that the Court enter an order imposing the deadlines for expert disclosures described above and amending the Consolidated Scheduling Order to extend the deadlines for the close of discovery and for filing all motions.

Dated: June 24, 2015

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: /s/ Kevin M. Sadler
   Kevin M. Sadler
   Texas Bar No. 17512450
   kevin.sadler@bakerbotts.com
   Scott D. Powers
   Texas Bar No. 24027746
   scott.powers@bakerbotts.com
   David T. Arlington
   Texas Bar No. 00790238
   david.arlington@bakerbotts.com
   98 San Jacinto Blvd., Suite 1500
   Austin, Texas 78701-4039
   512.322.2500
   512.322.2501 (Facsimile)

**ATTORNEYS FOR
RECEIVER RALPH S. JANVEY**

RECEIVER'S MOTION FOR ORDER IMPOSING DEADLINES FOR EXPERT
DISCLOSURES AND AMENDING CONSOLIDATED SCHEDULING ORDER    6

## CERTIFICATE OF CONFERENCE

On June 23 and 24, 2015, counsel for the Receiver conferred with the Net Winners in the ten above-captioned lawsuits regarding the instant Motion and the relief requested herein, as follows:

- Phil Preis — counsel for Murphy Buell, Robert Rubin, Edward S. Rubin Estate, Dennis L. Kirby, Terry N. Tullis, Larry N. Smith, Gene Causey, Kenneth W. Dougherty, James E. Brown Sr., Thomas W. Slaughter, Richard S. Feucht, Joan A. Feucht, Robert B. Crawford Jr., Jodie F. Crawford, Larry W. Perkins, Laura Jeanette N. Lee, Charles R. Sanchez, Mamie C. Sanchez, Monty M. Perkins, Charlie L. Massey, William E. Ensminger, Gwendolyn E. Fabre, Emolyn L. Watts, Arthur R. Waxley Jr., Darrell D. Courville, Troy L. Lillie Jr., Robert L. Bush, Peggy Payne Moragne, Michael A. Speeg, Billie Ruth McMorris, Ronald B. McMorris, Ronald McMorris, Virginia McMorris, Virginia H. McMorris, Clarence H. Forshag, Betty Jo Forshag, Judy Palmisano Jones, James D. Holden, Henrietta M. Holden, Daniel Joseph Daigle, Jilda Ann Daigle, Jilda A. Daigle, Jeff P. Purpera Jr., Robert S. Greer, Alice D. Greer, Thomas H. Turner, and James T. Weiner — stated that his clients are not opposed to extending the deadlines for discovery and for filing all motions but that his clients will file a limited response regarding the deadlines for disclosing experts.

- Counsel for the Receiver conferred or attempted to confer with Phil Preis and Brent Rodine — Equus VIII LLC — regarding this motion.  Mr. Preis stated that his clients are not opposed to extending the deadlines for discovery and for filing all motions but that his clients will file a limited response regarding the deadlines for disclosing experts. Receiver's counsel did not receive a response from Mr. Rodine.

- Counsel for the Receiver attempted to confer with Michael Stanley — counsel for Bbratss Productions, Inc., Timothy Russell Ricketts, Rose S. Ricketts, Robert J. Bruno, Bluff Creek Redi-Mix, Inc., Flen Rock Company, LLC., Fleniken Sand & Gravel, Inc., Lyman L. Fleniken Jr., Carolyn Cranston, James F. Seymour Family Trust, James Seymour, Loretta Seymour, John Schwob, Aline C. Schwob, Schwob Construction Corp., R. Edward Roybal MDPA Profit Sharing Plan, T. and R Edward Roybal, Frank Bamford, Diana J. Bamford, Billy J. Bergeron, Bernadette C. Bergeron, and Pedro Rodriguez — regarding this motion but did not receive a response from Mr. Stanley.

- Counsel for the Receiver conferred or attempted to confer with Andrew Ezell, Michael Stanley, and Brent Rodine — co-counsel for the Estate of James D. Simmons — regarding this motion.  Mr. Ezell stated that his clients are unopposed to this motion. Receiver's counsel did not receive a response from Mr. Rodine or Mr. Stanley.

- Counsel for the Receiver attempted to confer with Mark Goranson —  counsel for Michael L. O'Brien, Mary K. O'Brien, Lisa C. Seymour, Michael R. Hicks, Adam M. Hicks, Joyce S. Erfurdt and T. Mark Kelly, in their capacities as Co-Executors of the Estate of Michel T. Halbouty, Marilyn F. Howell, and the Marilyn Howell Manley Trust — regarding this motion but did not receive a response from Mr. Goranson.

- Andrew Ezell — counsel for James R. Hastings, Clyde Anderson, John E. Taylor, Gary Wood, Dennis Childress, and James W. Boring — stated that his clients are unopposed to this motion.

- Counsel for Receiver conferred or attempted to confer with Andrew Ezell and Brent Rodine — co-counsel for John R. Holguin, Dot G. Melder, and Matt Melder, in his capacity as Representative of the Estate of Jack W. Melder — regarding this motion. Mr. Ezell stated that his clients are unopposed to this motion. Receiver's counsel did not receive a response from Mr. Rodine.

- Counsel for the Receiver attempted to confer with Brent Rodine — counsel for Barbara Anthony, Angela Arrojo, Rafael B. Arrojo, Lydia Arrojo Quintanal — regarding this motion but did not receive a response from Mr. Rodine.

- Counsel for the Receiver attempted to confer with Mark Barrera — counsel for Omar Rodriguez Rosales — regarding this motion but did not receive a response from Mr. Barrera.

- Lawrence Fischman — counsel for Hugo Cascavita and Iconex Resources Trust — stated that his clients are opposed to this motion.

- K. Lawson Pedigo — counsel for 2590 Associates LLC and Mid-South Contractors, LLC — stated that his clients are opposed to this motion.

- B. Michael Mauldin — counsel for Ronald W. Parker — stated that his client is unopposed to this motion.

- Counsel for the Receiver attempted to confer with James T. McBride — counsel for Timothy A. Johnson — regarding this motion but did not receive a response from Mr. McBride.

- Counsel for the Receiver attempted to confer with Thomas Michael Hobson — counsel for Donna M. Vines — regarding this motion but did not receive a response from Mr. Hobson.

- Counsel for the Receiver attempted to confer with Patricia Hair — counsel for Ross D. Bruce and Marsha C. Bruce — regarding this motion but did not receive a response from Ms. Hair.

- Counsel for the Receiver attempted to confer with Alicia Curran — counsel for George Joseph Rollar and Dolores May Payer Rollar — regarding this motion. Although Ms. Curran did acknowledge receipt of the conference attempt, Receiver's counsel has not yet received a response from Ms. Curran concerning her client's position on this motion.

- Counsel for the Receiver attempted to confer with Robert Blumenfeld — counsel for Eduardo A. Najera and Jennifer M. Najera — regarding this motion but did not receive a response from Mr. Blumenfeld.

- Counsel for the Receiver attempted to confer with Dimple Shah, Patrick Dahl, and Robert Paradela — co-counsel for Maria De Los Angeles Llorens — regarding this motion but did not receive a response from Mr. Shah, Mr. Dahl, or Mr. Paradela.

- Counsel for the Receiver attempted to confer with Jerry Wallace — counsel for Dale W. Wilson and Judy Ann Wilson — regarding this motion but did not receive a response from Mr. Wallace.

- Counsel for the Receiver attempted to confer with Lorenzo Palomares — counsel for Siro Perez Oliva — regarding this motion but did not receive a response from Mr. Palomares.

- Counsel for the Receiver attempted to confer with Aaron Tobin — counsel for William Ray Burk II — regarding this motion but did not receive a response from Mr. Tobin.

- Benjamin Reichard — counsel for Malton J. Bullock Jr. — stated that his client is unopposed to this motion.

- Todd Prins — counsel for Iliana S. de Bucay, Isaac Stavans Altschuler, and Malvina F. de Stavans — stated that his clients are unopposed to this motion.

- Counsel for the Receiver attempted to confer with Hiram McBeth — counsel for Virginia E. de Pierro — regarding this motion but did not receive a response from Mr. McBeth.

- Counsel for the Receiver attempted to confer with James Nelson, Kathleen Kizer, and Todd Toral — counsel for Indigo Trust, Lamaluna Trust, and Mauricio de Mendiola — regarding this motion but did not receive a response from Ms. Kizer, Mr. Nelson, or Mr. Toral.

- Counsel for the Receiver attempted to confer with Preston Goodwin — counsel for Walter D. Durant Jr. — regarding this motion but did not receive a response from Mr. Goodwin.

- Counsel for the Receiver attempted to confer with Kevin Landreneau — counsel for Larry W. Milton — regarding this motion but did not receive a response from Mr. Landreneau.

- Counsel for the Receiver attempted to confer with Wendy Estrella — individually and as counsel for Jose Estrella, the Jose and Wendy Estrella Trust, Jose Estrella, and the Jose Estrella Trust — regarding this motion but did not receive a response from Ms. Estrella.

- Counsel for the Receiver attempted to confer with Troy Ferguson — counsel for Vicente Moreno — regarding this motion but did not receive a response from Mr. Ferguson.

- Counsel for the Receiver attempted to confer with Cheryl Diaz — counsel for Gene Ramirez — regarding this motion but did not receive a response from Ms. Diaz.

- Counsel for the Receiver attempted to confer with Johnnie A. Griffith, *pro se*, regarding this motion but did not receive a response from him.

- Counsel for the Receiver attempted to confer with Michael S. Asmer, *pro se*, regarding this motion but did not receive a response from him.

- Michael J. Drago, *pro se*, stated that he is unopposed to this motion.

- Counsel for the Receiver attempted to confer with Carlos Alberto Gonzalez Castillo and Xiomara Ortega de Gonzalez, *pro se*, regarding this motion but did not receive a response from them.

- Counsel for the Receiver attempted to confer with Mark I. Caithness, *pro se*, regarding this motion but did not receive a response from him.

- Counsel for the Receiver attempted to confer with Archie Smith, *pro se*, regarding this motion but did not receive a response from him.

- Counsel for the Receiver attempted to confer with Phillip E. Lankford, *pro se*, regarding this motion but did not receive a response from him.

- Counsel for the Receiver attempted to confer with Tarral E. Daigle, *pro se*, regarding this motion but did not receive a response from him.

- Counsel for the Receiver attempted to confer with Sharon Jerene Marable, *pro se*, regarding this motion but did not receive a response from her.

- Counsel for the Receiver attempted to confer with Ronald F. Bearden and Sino US Catering Development Co. Ltd., *pro se*, regarding this motion but did not receive a response from them.

- Counsel for the Receiver attempted to confer with Louis D. Paolino, Jr., principal of Gold Wing Partners, *pro se*, regarding this motion but did not receive a response from him.

- Counsel for the Receiver attempted to confer with Apogee Holdings, Inc., *pro se*, regarding this motion, but the phone number in the record is a disconnected number.

- Counsel for the Receiver attempted to confer with Emily Woolley Thiessen, Janet Woolley Allison, Eileen J. Mote, Kent Woolley, Sharon W. Judd, Leslie Woolley, and Rodney Woolley — who are the purported beneficiaries and/or trustees of *pro se* defendants Woolley Exemption Trust, Woolley Family Trust Co-Successor, and Woolley Survivor Trust — regarding this motion but did not receive a response from them.

- Counsel for the Receiver spoke with Patricia Ann Courtney, *pro se*, regarding this motion but she did not take a position on this motion.

- Counsel for the Receiver was unable to confer with Sophie Tebele, *pro se*, prior to the filing of this motion because the Receiver does not have a current e-mail address or phone number for Ms. Tebele.

- Counsel for the Receiver was unable to confer with Mercedes Carracena, *pro se*, prior to the filing of this motion because the Receiver does not have a current e-mail address or phone number for Ms. Carracena.

- Counsel for the Receiver was unable to confer with Anibal Morgado, *pro se*, prior to the filing of this motion because the Receiver does not have a current e-mail address or phone number for Ms. Morgado.

Accordingly, this motion is opposed.

/s/ Kevin M. Sadler
Kevin M. Sadler

## CERTIFICATE OF SERVICE

      On June 24, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve all parties and counsel of record electronically or by other means authorized by the Court or the Federal Rules of Civil Procedure.

                                                      /s/ Kevin M. Sadler
                                                      Kevin M. Sadler