**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>JAMES R. ALGUIRE, ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:09-CV-0724-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL VENGER, ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:10-CV-0366-N-BG |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>JUAN JOSE RODRIGUEZ POSADA, ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:10-CV-0415-N-BG |

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>GILBE CORP., ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:10-CV-0478-N-BG |

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN W. WESTMORELAND, ET AL.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:10-CV-0528-N-BG |

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. COXE, ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:10-CV-0617-N-BG |

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>JAMES C. BARR, ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:10-CV-0725-N-BG |

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>INDIGO TRUST, ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:10-CV-0844-N-BG |

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>TONYA DOKKEN, ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:10-CV-0931-N-BG |

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.<br><br>Plaintiff,<br><br>v.<br><br>JOSE MANUEL FERNANDEZ, ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:10-CV-1002-N-BG |

---

**REPLY IN SUPPORT OF RECEIVER'S MOTION FOR ORDER IMPOSING DEADLINES FOR EXPERT DISCLOSURES AND AMENDING CONSOLIDATED SCHEDULING ORDER**

---

On June 24, 2015, the Receiver filed his Motion for Order Imposing Deadlines for Expert Disclosures and Amending Consolidated Scheduling Order (the "Motion") in the Net-Winner Lawsuits.[1] A group of defendants in the Net-Winner Lawsuits (the "Defendants") has filed a Limited Opposition to the Receiver's Motion for Order Imposing Deadlines for Expert Disclosures and Amending Consolidated Scheduling Order (the "Limited Opposition").[2] The

---

1 (*See* Case No. 3:09-CV-0724-N-BG; Case No. 3:10-CV-0366-N-BG; Case No. 3:10-CV-0415-N-BG; Case No. 3:10-CV-0478-N-BG; Case No. 3:10-CV-0528-N-BG; Case No. 3:10-CV-0617-N-BG; Case No. 3:10-CV-0725-N-BG; Case No. 3:10-CV-0844-N-BG; Case No. 3:10-CV-0931-N-BG; Case No. 3:10-CV-1002-N-BG (the "Net-Winner Lawsuits").)

2 (*See* Case No. 3:09-CV-0724-N-BG, Doc. 1329; Case No. 3:10-CV-0366-N-BG, Doc. 519; Case No. 3:10-CV-0931-N-BG; Case No. 3:10-CV-1002-N-BG, Doc. 252.) The Limited Opposition was filed by Defendants James E. Brown, Sr.; Murphy Buell; Robert L. Bush; Gene Causey; Darrell D. Courville; Robert B. Crawford, Jr. (Deceased); Jodie F. Crawford; Daniel Joseph Daigle; Jilda Ann Daigle; Kenneth Dougherty; William Ensminger; Equus VIII, LLC; Gwendolyn Fabre; Richard S. Feucht; Joan A. Feucht; Clarence H. Forshag; Betty Jo Forshag (Deceased); Robert S. Greer; Alice D. Greer; The Estate of James Holden; The Estate of Henrietta Holden; Judy Palmisano Jones; Dennis L. Kirby; Laura Jeannette Lee; Troy L. Lillie, Jr.; Charles L. Massey; Ronald B. McMorris; Virginia H. McMorris; Peggy Payne Moragne; Larry W. Perkins; Monty M. Perkins; Jeff P. Purpera, Jr., Robert Rubin; The Estate of Edward S. Rubin; Charles R. Sanchez; Mamie C. Sanchez; Thomas Slaughter; Larry N. Smith; Michael A. Speeg; Terry N. Tullis; Thomas H. Turner; Emolyn L. Watts; Arthur Waxley, Jr.; and James T. Weiner. Defendants Lisa Seymour, Michael Hicks, Adam Hicks, Marilyn Howell, The Marilyn Manley Howell Trust, The Estate of Michael T. Halbouty, Michael L. O'Brien, and Mary K. O'Brien have joined the Limited Opposition. (*See* Case No. 3:10-CV-0366-N-BG, Docs. 522–23; Case No. 3:10-CV-0725-N-BG; Case No. 3:10-CV-1002-N-BG, Doc. 255.)

Defendants argue that "[b]ecause the Receiver carries the burden of proving the relevant transactions are void, he should be required to disclose the expert identity and report he will use to testify that Defendants 'should have known' of Stanford's insolvency prior to Defendants' expert disclosure." (*See* Limited Opposition at 3.) The Defendants' request for an advisory opinion on the timeliness of an expert disclosure that may never even take place is not well-taken.

Further, the Defendants' argument conflates the parties' respective burdens of proof in this case. Although the Receiver has the burden of proving that the payments the Defendants received from the Stanford Ponzi scheme constitute fraudulent transfers under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), the Defendants have the burden of proving that they should be allowed to keep those fraudulent transfers under TUFTA's good faith affirmative defense. *See* Tex. Bus. & Com. Code § 24.009(a); *Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006); *see also Williams v. Houston Plants & Garden World, Inc.*, 508 B.R. 19, 34 (S.D. Tex. 2014) ("A transferee does not take property in good faith when he takes the property with knowledge of such facts as would excite the suspicions of a person of ordinary prudence and put him on inquiry of the fraudulent nature of an alleged transfer."); *Citizens Nat. Bank of Tex. v. NXS Constr., Inc.*, 387 S.W.3d 74, 84 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (same), *reh'g overruled* (Nov. 28, 2012).

The Receiver's proposed expert disclosure schedule is manifestly reasonable, and there is no need for the Court to issue an advisory opinion on the timeliness of expert witnesses who have yet to be identified or disclosed. Because the Receiver has the burden of proving that the payments received by the Defendants constitute fraudulent transfers under TUFTA, the Receiver's proposed schedule would require the Receiver to disclose any relevant experts on or

before August 7, 2015. The Receiver may or may not decide to designate an expert to testify on matters related to the Defendants' good faith defense by the August 7, 2015 deadline. He is certainly not required to do so, however, as the Defendants bear the burden of proof on their good faith defense. And, in any event, depending on the nature of the good faith issues, a determination of good faith under TUFTA can be made without any expert witness testimony.

Under the Receiver's proposed schedule, the Defendants would have the opportunity to designate, by August 27, 2015, a good faith expert regardless of whether the Receiver designates one in the first instance.[3] If the Defendants elect to designate an expert in support of their good faith affirmative defense, the Receiver would have an opportunity to designate a rebuttal expert—whose testimony would be limited to the matters addressed by the Defendants' experts—on or before September 16, 2015.[4] The order of disclosures under the Receiver's proposed schedule, including with respect to rebuttal experts, is the same as the default schedule imposed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(2)(D) (providing that absent a stipulation or court order, expert disclosures must be made at least 90 days before trial and rebuttal experts must be disclosed within 30 days after the other party's disclosure). The only difference is that under the Receiver's proposed schedule, the Defendants will be permitted to hold off on making their decision about whether to designate a good faith expert (or any other expert) until well after the Receiver makes his expert disclosures.

In support of their position that the Receiver should be required to disclose an expert in connection with the Defendants' good faith defense before the Defendants are required to do so, the Defendants rely primarily on the Court's ruling on the Receiver's Motion to Exclude and to

3 August 27, 2015 would also serve as the Defendants' deadline for disclosing any rebuttal experts to testify on matters disclosed by the Receiver on August 7, 2015.

4 September 16, 2015 would also serve as the parties' deadline for supplementing any prior disclosures.

Strike Dillon Gage's Experts for Failure to Timely Disclose in *Janvey v. Dillon Gage, et al.*, Case No. 3:10-cv-1973. In *Dillon Gage*, the parties had filed a stipulation and agreement extending the expert disclosure deadlines imposed by the Court's original scheduling order, and the Receiver argued that the defendant in that case had failed to meet the applicable deadline. (*See* Case No. 3:10-cv-1973, Doc. 147 at 1.) Where the parties' stipulation and agreement provided a deadline for expert disclosures by the "party with burden of proof" and a later deadline for "disclosure of opposing experts," (*see* Case No. 3:10-cv-1973, Doc. 87 at 2, Doc. 92 at 1–2), the Court ruled that the defendant's expert disclosures, which were made on the deadline for "disclosure of opposing experts," complied with the terms of the parties' agreement and stipulation in that case, (*see* Case No. 3:10-cv-1973, Doc. 147 at 1–2). The Court did *not* hold, however, that a TUFTA plaintiff must designate an expert to testify on matters related to a TUFTA defendant's good faith affirmative defense *before* the TUFTA defendant can be required to make its expert disclosures. Further, whether the Receiver would have been permitted to designate a rebuttal expert in response to the defendant's challenged expert disclosures was not before the Court in *Dillon Gage*. Therefore, the Court's ruling in *Dillon Gage* has no bearing on the Receiver's Motion, and the Defendants have not provided any other legal support for their position.[5]

Because the Receiver's proposed expert disclosure schedule is reasonable and would avoid any potential confusion as to when the parties are required to make their expert disclosures

---

5 The Receiver notes that the Defendants' Limited Opposition contains several statements that are factually inaccurate and misleading. (*See, e.g.*, Limited Opposition at 5 (asserting that "[t]he Receiver has admitted that . . . he has no evidence that any of the Defendants had actual knowledge that SIB was insolvent, nor does he have any evidence that Defendants 'should have known' of SIB's insolvency" and arguing that "this Court and the United States Court of Appeals for the Fifth Circuit has ruled against the Receiver's pursuit of principal against non-insiders on **five** prior occasions").) Because these statements have no relevance to the Court's ruling on the Receiver's Motion, the Receiver will reserve his responses until the appropriate time.

in connection with the various issues in this case, the Court should grant the Receiver's Motion and impose the deadlines for expert disclosures described therein.

## CONCLUSION

For the foregoing reasons and the reasons discussed in the Motion, the Receiver respectfully requests that the Court enter an order imposing the deadlines for expert disclosures set forth in the Motion and amending the Consolidated Scheduling Order to extend the deadlines for the close of discovery and for filing all motions to September 28, 2015.

Dated: July 23, 2015

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: /s/ Kevin M. Sadler

Kevin M. Sadler
Texas Bar No. 17512450
kevin.sadler@bakerbotts.com
Scott D. Powers
Texas Bar No. 24027746
scott.powers@bakerbotts.com
David T. Arlington
Texas Bar No. 00790238
david.arlington@bakerbotts.com
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701-4039
512.322.2500
512.322.2501 (Facsimile)

**ATTORNEYS FOR RECEIVER RALPH S. JANVEY**

**CERTIFICATE OF SERVICE**

On July 23, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve all parties and counsel of record electronically or by other means authorized by the Court or the Federal Rules of Civil Procedure.

/s/ Kevin M. Sadler
Kevin M. Sadler