**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD. ET AL. | * * * * | |
| Plaintiff, | * | Case No. 03:09-CV-0724-N |
| | * | |
| v. | * | |
| | * | |
| JAMES R. ALGUIRE, ET AL. | * | |
| | * | |
| Defendants. | * | |

*************************************************************************

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD. ET AL. | * * * * | |
| Plaintiff, | * | Case No. 03:10-CV-0366-N |
| | * | |
| v. | * | |
| | * | |
| MIGUEL VENGER, ET AL. | * | |
| | * | |
| Defendants. | * | |

*************************************************************************

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD. ET AL. | * * * * | |
| Plaintiff, | * | Case No. 03:10-CV-931-N |
| | * | |
| v. | * | |
| | * | |
| TONYA DOKKEN, ET AL. | * | |
| | * | |
| Defendants. | * | |

*************************************************************************

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD. ET AL.<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JOSE MANUEL FERNANDEZ, ET AL.<br>　　　　　　　　Defendants. | *<br>*<br>*<br>*　Case No. 03:10-CV-1002-N<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*******************************************************************************

# DEFENDANTS' RESPONSE TO THE RECEIVER'S MOTION FOR CONFERENCE WITH THE COURT AND REQUEST FOR EXPEDITED CONSIDERATION

Defendants, **JAMES BROWN, SR., MURPHY BUELL, ROBERT L. BUSH, GENE CAUSEY, DARRELL COURVILLE, JODIE F. CRAWFORD, DANIEL JOSEPH DAIGLE, JILDA ANN DAIGLE, KENNETH DOUGHERTY, WILLIAM ENSMINGER, EQUUS VIII, LLC, GWENDOLYN FABRE, RICHARD S. FEUCHT, JOAN A. FEUCHT, CLARENCE H. FORSHAG, ROBERT S. GREER, ALICE D. GREER, DENNIS L. KIRBY, LAURA JEANETTE LEE, TROY L. LILLIE, JR., RONALD B. MCMORRIS, VIRGINIA H. MCMORRIS, PEGGY PAYNE MORAGNE, LARRY W. PERKINS, MONTY M. PERKINS, JEFF P. PURPERA, JR., ROBERT RUBIN, THE ESTATE OF EDWARD S. RUBIN, CHARLES R. SANCHEZ, MAMIE C. SANCHEZ, THOMAS SLAUGHTER, LARRY N. SMITH, MICHAEL A. SPEEG, TERRY N. TULLIS, THOMAS H. TURNER, EMOLYN L. WATTS, ARTHUR WAXLEY, JR.,** and **JAMES T. WEINER** (collectively, "Defendants") hereby file this response to the Receiver's Motion for Conference with the Court and Request for Expedited Consideration.[1] Defendants also desire the proposed conference with the Court in advance of the trial date currently set for November 2, 2015.

---

[1] The Receiver's Motion is Doc. 1354 in *Janvey, et al. v. Alguire, et al.*, Case No. 3:09-CV-0724; Doc. 540 in *Janvey, et al. v. Venger, et al.*, Case No. 3:10-CV-366, Doc. 168 in *Janvey, et al. v. Dokken, et al.*, Case No. 3:10-CV-931; and Doc. 265 in *Janvey, et al. v. Fernandez, et al.*, Case No. 3:10-CV-1002.

2

Undersigned counsel represents most of the persons listed in Schedule C in a joint fee arrangement.[2] A majority of Defendants who used Michael Word as a financial advisor ("Word Defendants") are retired persons of limited means who do not have the financial capacity to try the case separately, as suggested by the Receiver. To the contrary and as a practical matter, the Receiver's version of the case *is* the same against the Word Defendants—that these Defendants failed to exercise reasonable due diligence in discovering the Ponzi scheme prior to their redemption, and were not in good faith at the time of the redemption. None of the Defendants are insiders and the Receiver does not contend that any of the Defendants had actual knowledge of the fraud or the insolvency at the point of the SIB CD redemption.

A majority of Defendants have been involved in this litigation since the Receiver filed the initial clawback claim in July 2009, and have participated in two appeals to the United States Fifth Circuit Court of Appeals and been impacted by the November 2009 and September 2014[3] decisions rendered. It is now time to bring the clawback matter to a conclusion.

Defendants file this motion for the purpose of opposing the Receiver's request for a stay for the remaining deadlines pursuant to the Scheduling Order[4] as it pertains to these Defendants and request that the trial against these defendants be tried in accordance with the original scheduling order on the November 2, 2015 trial date.

---

[2] "Schedule C" refers to the Receiver's Appendix identifying Defendants on "Schedule C: Net Winner Defendants Against Whom the Receiver is Seeking to Recover Principal" and is Doc. 1355 in *Janvey, et al. v. Alguire, et al.*, Case No. 3:09-CV-0724; Doc. 541 in *Janvey, et al. v. Venger, et al.*, Case No. 3:10-CV-366, Doc. 169 in *Janvey, et al. v. Dokken, et al.*, Case No. 3:10-CV-931; and Doc. 266 in *Janvey, et al. v. Fernandez, et al.*, Case No. 3:10-CV-1002.

[3] *See* Order dated November 13, 2009, *Janvey v. Adams, et. al.*, Case No. 09-10761 in the United States Court of Appeals for the Fifth Circuit, Document ID 0051961209; *See* Order dated September 11, 2014, *Janvey v. Brown, et. al.*, Case No. 13-10266 in the United States Court of Appeals for the Fifth Circuit, Document ID 00512765901.

[4] "Scheduling Order" refers to Order dated January 7, 2014 signed by Judge Godbey and cited in the lead case *Janvey v. Alguire, et. al.,* Case No. 3:09-cv-00724, Doc. ID 1184.

**DISCUSSION**

As the Court is aware, the Receiver is attempting to claw back the *principal* investments received by the thirty-three (33) named Defendants represented by undersigned counsel — an amount far exceeding the "net winnings" received by these investors in excess of their original investment.[5] Most of the Defendants are retired Exxon operators who are unsophisticated investors.[6] They compose thirty-three of the sixty-one individuals identified on Schedule C. Each Defendant redeemed his or her SIB CD during the last quarter of 2008 and first quarter of 2009 based on the fear that was instilled in them by the news of the financial crisis that was engulfing the entire financial industry during this period ("Financial Crisis").[7] The Receiver contends that these 34 individuals should have known of the fraud and insolvency surrounding Allen Stanford's Ponzi scheme in late 2008—*prior* to the SEC, FINRA, and United States Department of Justice reaching this conclusion.

As this Court is aware, the Net Profit judgment against Defendants was issued on January 22, 2013, finding that the contracts between the Defendants and Stanford were void as a matter of law because certificates of deposit were contracts with a Ponzi scheme. This judgment was certified for prompt appeal by the Court pursuant to 28 U.S.C. § 1292(b) and appealed to the Fifth Circuit by our clients in order to finally resolve the uncertainty of the legal issue relating to all clawback defendants. The United States Court of Appeals for the Fifth Circuit affirmed the Court's judgment of the district court on September 11, 2014.

---

[5] As the Court is aware, Defendants have offered to tender the amount of the "net winnings" to the Receiver in November 2014 and the proposed settlement has been rejected ("November Settlement Offer").

[6] Twenty-five of the Defendants' highest level of education is a high school degree.

[7] In quick succession in September 2008, the failure, near failure, or restructuring of ten firms triggered a global financial panic. Confidence and trust in the financial system began to evaporate as the health of almost every large and midsize financial institution in the United States and Europe was questioned." *Financial Crises Inquiry Report* at pg. 436, Submitted by the Financial Crises Inquiry Commission pursuant to Public Law 111-21 (January 2011).

Shortly after the Fifth Circuit affirmed the Court's judgment, Defendants paid approximately $5.3 million to the Preis Gordon, APLC escrow account, which represented 100% of the amount of the Net Profits Judgment. On November 7, 2014, Defendants offered to tender these funds to the Receiver, along with a certain amount for attorney fees and judicial interest, in consideration for an unconditional release of Defendants ("November Settlement Offer").

The November Settlement Offer was not finalized because the amount of attorneys' fees allocated to these individuals and the rate of judicial interest accrued during the pendency of the Net Profit litigation could not be agreed upon without judicial intervention. On November 27, 2014, the Receiver moved for Entry of a Scheduling Order requesting a one week trial seeking the principal investments of these Defendants beginning on November 2, 2015 (Doc. 1163). The Court entered the Scheduling Order on January 7, 2015. Undersigned counsel then moved for court assistance by requesting a settlement conference suggesting settlement was in the best interest of all parties. This Court issued an order for a settlement conference on January 21, 2015.[8] Magistrate Stickney held the settlement conference on January 29, 2015. No settlement was reached with the current Defendants.[9]

Since January 29, 2015, substantial discovery has occurred. At the Receiver's request, Defendants voluntarily consented to the extending of the deadline for discovery until September 28, 2015. The Receiver has designated Karyl Van Tassel as his expert, and disclosed her expert

---

[8] Order of Reference dated January 21, 2015, signed by Judge Godbey and cited in the lead case *Janvey v. Alguire, et. al.,* Case No. 3:09-cv-00724, Doc. ID 1188; See also Doc. ID. 1199 (No Document attached): Electronic Minute Entry for proceedings held before Magistrate Judge Paul D. Stickney: Settlement Conference held on 1/29/2015. Plaintiff: Kevin Sadler, David Arlington; Defense- Phil Preis, Charles Gordon.

[9] Counsel for Defendants and the Receiver's Counsel have successfully negotiated settlements for 15 former clawback defendants who participated in the January 29, 2015 Settlement Conference and have subsequently been dismissed. The 15 settlements aside, Local Rule 16.3(a) states, *Settlement Negotiations.* **_Parties in a civil action must make good-faith efforts to settle_**. *Settlement negotiations must begin at the earliest possible time, well in advance of any pretrial conference.*

report on August 4, 2015. On August 28, 2015, Defendants jointly designated Dr. Ray Perryman, Ph.D. as their expert, and disclosed Dr. Perryman's report to the Receiver.

Based upon the Receiver's responses to Defendants' discovery requests, the Receiver is not arguing that Defendants are insiders. The Receiver is not arguing that Defendants had actual knowledge of the Stanford fraud or actual knowledge that SIB was insolvent. Rather, the Receiver's case rests upon a novel legal proposition: Michael Word, as the financial advisor who sold the SIB CDs to most of the Defendants' IRAs, should have known of the fraud and insolvency and as a result of his alleged lack of due diligence, bad faith is imputed to each of the Defendants. There is very little case law in which courts have held defendants liable for constructive bad faith when they are not insiders.

Other than certain Defendants, it appears that the Receiver will only call one witness, Michael Word. The Defendants have retained one expert, Dr. Ray Perryman, Ph.D. to testify as to the 2008 Financial Crisis and why it was a reasonable investment decision for investors to seek liquidity and redeem unsecured debentures, like the SIB CDs.

As mostly retired Exxon operators, Defendants are a far cry from the bad faith scoundrels that the Receiver is painting them to be. Most Defendants have limited means and resources and cannot afford the litigation expenses associated with smaller trials. Defendants file this response to (i.) oppose the Receiver's requested stay of the remaining deadlines under the Scheduling Order as it relates to Defendants; (ii.) oppose the Receiver's proposed "grouping" of Defendants into smaller, bell weather cases; and (iii.) oppose the Receiver's proposed continuance of a November 2, 2015 trial.

## **CONCLUSION**

Defendants have endured the anxiety associated with a clawback of their IRA's principal investment in the SIB CD for over six years. The amount subject to the lawsuit represents a substantial portion of the Word Defendants' retirement and life savings. The Clawback matter has now been appealed twice to the United States Fifth Circuit Court of Appeals for better or worse, and Defendants have been impacted by the November 2009 and September 2014[10] decisions.

Defendants participated in a settlement conference on January 29, 2015 with little success. The Receiver's claim has now evolved into a novel theory where the Receiver is attempting hold retired Exxon operators—albeit talented in their own right, but largely unsophisticated investors—to a higher standard than the SEC, FINRA, and the Department Justice in discovering the fraud and insolvency in attempting to prove they "should have known" of the fraud and insolvency. It is now time to bring this matter to a conclusion and the trial be held as scheduled on November 2, 2015.

Respectfully submitted by:

**PREIS GORDON, APLC**

s/Phillip W. Preis_____
Phillip W. Preis (La. Bar Roll No. 10706)
Post Office Box 2786 (70821-2786)
450 Laurel Street, Suite 2150(70801-1817)
Baton Rouge, Louisiana
Phone: (225) 387-0707
Fax: (225) 344-0510
Email: phil@preislaw.com
**ATTORNEY FOR DEFENDANTS
JAMES BROWN, SR., *ET AL.***

---

[10] *See* Fn. 3.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 11th day of September, 2015, he filed the foregoing pleading with the Clerk of Court using the CM/ECF system and the CM/ECF system will send notification of said pleading to all counsel of record as noted on the CM/ECF system.

s/Phillip W. Preis
Phillip W. Preis