IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-0724-N |
| | § | |
| JAMES R. ALGUIRE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| RALPH S. JANVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-0366-N |
| | § | |
| MIGUEL VENGER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| RALPH S. JANVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-0415-N |
| | § | |
| JOSE JUAN RODRIGUEZ POSADA, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

ORDER – PAGE 1

RALPH S. JANVEY,                          §
                                          §
          Plaintiff,                      §
                                          §
v.                                        §          Civil Action No. 3:10-CV-0478-N
                                          §
GILBE CORP., *et al.*,                    §
                                          §
          Defendants.                     §

RALPH S. JANVEY,                          §
                                          §
          Plaintiff,                      §
                                          §
v.                                        §          Civil Action No. 3:10-CV-0725-N
                                          §
JAMES C. BARR, *et al.*,                  §
                                          §
          Defendants.                     §

RALPH S. JANVEY,                          §
                                          §
          Plaintiff,                      §
                                          §
v.                                        §          Civil Action No. 3:10-CV-1002-N
                                          §
JOSE MANUEL FERNANDEZ, *et al.*,          §

## ORDER

This Order addresses Plaintiff Ralph S. Janvey's (the "Receiver") motions for partial summary judgment against additional net winners; [1228] *in* 3:09-CV-0724-N; [482] *in* 3:10-CV-0366-N; [128] *in* 3:10-CV-0415-N; [126] *in* 3:10-CV-0478-N; [91] *in* 3:10-CV-0725-N; [236] *in* 3:10-CV-1002-N. The Court grants the motions in part and denies them in part.[1]

_____

[1]Unless otherwise indicated, citations to docket entries in this Order refer to entries in Civil Action Number 3:09-CV-0724-N.

## I. ORIGIN OF THE MOTIONS

These actions arise out of the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under his control (collectively, "Stanford"). The facts of Stanford's scheme are well established, *see, e.g.*, *Janvey v. Democratic Senatorial Campaign Comm.*, 712 F.3d 185, 188–89 (5th Cir. 2013), and will not be recounted in great depth here. Essentially, Stanford's scheme entailed the sale of fraudulent certificates of deposit ("CDs") from an offshore bank located in Antigua known as Stanford International Bank Limited ("SIBL"). Although Stanford represented to investors that the CD proceeds were invested only in low-risk, high-return funds, in reality they were funneled into speculative private equity investments and used to fund Stanford's extravagant lifestyle.

The Receiver's claims at issue here are for recovery of fraudulent transfers under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COM. CODE ANN. §§ 24.001–24.013. TUFTA permits a creditor to recover a debtor's transfers if they are made without an exchange of reasonably equivalent value, and the debtor was engaged in a business for which its assets were unreasonably small in relation to the transfer. *See id.* § 24.005(a)(2). By the instant motions, the Receiver seeks recovery from certain investors (collectively, "Net Winner Defendants") in Stanford's scheme who fortuitously escaped not only with their principal investments, but with additional interest. Specifically, the Receiver has moved for summary judgment against fifteen Net Winner Defendants for recovery of the interest payments made to each.

## II. SUMMARY JUDGMENT LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs.*

*Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).  Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'"  *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS THE RECEIVER'S MOTIONS IN PART

The Receiver has moved for summary judgment against fifteen Net Winner Defendants.   Only five of the Net Winner Defendants responded to the motion.[2]  Accordingly, as to the nonresponding Defendants, the Court treats the Receiver's factual assertions as undisputed.  *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (holding, upon nonmovant's failure to respond to a motion for summary judgment, that the district court properly "accepted as undisputed the facts so listed").  The Court first recounts relevant procedural history to this motion, then addresses the specific objections that were made by responding Net Winner Defendants.

---

[2]Defendants Robert J. Bruno; James F. Seymour Family Trust, James Seymour, Loretta Seymour; and Frank Bamford and Diana J. Bamford filed a consolidated response. *See* Resp. Receiver's Mot. Summ. J. [1255].  Defendants T. Mark Kelly and Joyce R. Erfurdt, as independent co-executors of the Estate of Michael Halbouty, filed a response. *See* Defs.' Resp. Opp. Mot. Partial Summ. J. [97], *in* Civil Action No. 3:10-CV-0725-N.  And Defendants George Rollar and Dolores Rollar filed a response.  *See* Rollar Defs.' Br. Supp. Resp. [1256-1].

### A. Relevant Procedural History

The Court previously granted the Receiver's motion for summary judgment against similarly situated Net Winner defendants. *See* Order, Jan. 22, 2013 [909] (the "Previous Net Winner Order"). The Court found that the Receiver had established Stanford operated a Ponzi scheme, *id.* at 16–21, and that the Net Winner defendants had not provided "value" to the Stanford entities for the interest payments they had received, *id.* at 21–25. Based on those conclusions, the Court granted the Receiver's motion as to Net Winner defendants whose interest payments had been factually established. *Id.* at 31–32. The Fifth Circuit subsequently affirmed the Court's orders. *See generally Janvey v. Brown*, 767 F.3d 430 (5th Cir. 2014).

### B. The Receiver Shows That Stanford Operated a Ponzi Scheme

As in its Previous Net Winner Order, the Court here concludes the Receiver has shown that Stanford operated a Ponzi scheme. The Receiver submits a declaration by Karyl Van Tassel, a forensic accountant whose testimony the Court has relied on repeatedly in Stanford proceedings. *See, e.g.*, Previous Net Winner Order at 19. Van Tassel declares "[b]ased on FTI's continued investigation of the operations of the Stanford Entities and on the data and documents cited or incorporated herein, it is my opinion that [t]he Stanford entities were operating as a Ponzi scheme from at least 1999 forward; SIB[L] was insolvent . . . from at least 1999 forward . . . ." App. Supp. Receiver's Mot. Summ. J. 69–70 [1230]. Moreover, the Net Winner Defendants have not contested that Stanford and SIBL operated

as a Ponzi scheme. Accordingly, the Receiver has carried his burden in showing that the Stanford entities operated as a Ponzi scheme.

### C. The Net Winner Defendants Did Not Provide "Value" for Their Interest Payments

The Court reiterates the analysis from its Previous Net Winner Order and the Fifth Circuit's affirmance of that Order. *See Brown*, 767 F.3d at 441–43; Previous Net Winner Order at 21–25. The Net Winner Defendants have not suggested that the Court's analysis should be any different here. Accordingly, the Court concludes that the Net Winner Defendants did not provide "value" for the interest payments they received from the Stanford entities.

### D. The Receiver's Summary Judgment Motion Is Not Premature

A number of Net Winner Defendants contend that the Receiver's motion is premature because discovery is in its early stages. *See* Resp. Receiver's Mot. Summ. J. 3 [1255]; Rollar Defs.' Br. Supp. Resp. 6 [1256-1]. No Net Winner Defendant, however, has identified any hypothetical discovery that would alter the Court's analysis of the Receiver's instant motion. Indeed, the Receiver explains that the discovery Defendants reference is pertinent not to this motion, but to the Receiver's ongoing investigation into whether any of the investors did not take their transfers in good faith, and thus may be required to return their principal. Receiver's Reply 10–11 [1298]. The Receiver's motion for summary judgment also complies with the Scheduling Order set by this Court regarding the prosecution of the Receiver's claims against Net Winners. *See* Consolidated Scheduling Order ¶ 5 [1184]. The Receiver's motion for summary judgment is not premature.

ORDER – PAGE 7

### E. Defendant James Seymour Is a Proper Defendant

Defendants Robert J. Bruno, James F. Seymour Family Trust, James Seymour, Loretta Seymour, Frank Bamford, and Diana J. Bamford (collectively, the "Seymour Defendants") object that Defendant James F. Seymour is inappropriately named as a Defendant because he lacks capacity. The Court has rejected this argument by separate Order. *See* Order, September 1, 2015 [538], *in Janvey v. Venger*, Civil Action No. 3:10-CV-00366-N (N.D. Tex. filed Feb. 23, 2010).

### F. The Receiver Cannot Recover From Defendants
### Joyce S. Erfurdt and T. Mark Kelly

The Receiver seeks recovery of $181,933.53 from Defendants Erfurdt and Kelly, in their capacities as co-executors of the Estate of Michael T. Halbouty. The Court has addressed Erfurdt and Kelly's objections to the Receiver's claims against them by separate Order. *See* Order, Aug. 5, 2015 [106], *in Janvey v. Barr*, Civil Action No. 3:10-CV-0725-N (N.D. Tex. filed Apr. 8, 2010). For the reasons discussed therein, the Court concludes the Receiver is not entitled to recovery from Erfurdt and Kelly, as representatives for the Halbouty Estate.

### G. The Receiver Establishes The Amount of Investors' Net Winnings

The Receiver cites evidence, in the form of a declaration from Van Tassel, of the amounts of interest payments received by Net Winner Defendants. *See* Receiver's App. Supp. Mot. Summ. J. 5. No Net Winner Defendant challenges the validity of Van Tassel's calculations. Accordingly, the Court concludes the Receiver has carried his burden in

establishing the amount of each Net Winner's liability for interest payments received from Stanford.

### H. Defendants George and Dolores Rollar Create a Fact Issue as to the Timeliness of the Receiver's Claims Against Them

Defendants George and Dolores Rollar (collectively, the "Rollar Defendants") argue that the Receiver's claims against them are untimely under TUFTA. TUFTA claims under section 24.005(a)(1) must be brought "within one year after the transfer or obligation was or could reasonable have been discovered by the claimant . . . ." TEX. BUS. & COM. CODE ANN. § 24.010(a)(1). The Receiver filed his claim against the Rollar Defendants on December 7, 2009. *See* Am. Compl. [128]. The Fifth Circuit has held that the Receiver could not have discovered his claims until August 27, 2009, at the earliest. *See Democratic Senatorial Campaign Comm.*, 712 F.3d at 197–98. The Receiver's complaint against the Rollar Defendants was filed within a year of that date, and was thus timely.

However, the Rollar Defendants also argue the Receiver failed to timely effect service upon them. They contend that service was not effected until October 3, 2012, when the Receiver delivered a Waiver of Service of Summons. Rollar Defs.' Br. Supp. Resp. 3. The date of service will relate back to the date of filing "[i]f service is diligently effected after limitations has expired . . . ." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). The Receiver argues the Rollar Defendants present no evidence that service was not diligently effected. However, neither does the Receiver present evidence to the contrary. Having pled the affirmative defense of limitations and shown that service was not effected until after the limitations period expired, the Rollar Defendants have shifted the burden to the Receiver to

explain "every lapse in effort or period of delay[]" in effecting service. *Id.* at 216.  Although the Receiver argues his attempts at service were delayed because the Rollar Defendants live abroad, the Court finds this insufficient to establish diligence as a matter of law.  Accordingly, there remains a fact issue as to whether the Receiver acted diligently in serving the Rollar Defendants.

### CONCLUSION

For the reasons stated above, the Court grants the Receiver's motions in part and denies them in part.  The Receiver is entitled to judgment against each Net Winner Defendant, except the Rollar Defendants, and Joyce R. Erfurdt and T. Mark Kelly, in their capacities as independent co-executors of the Estate of Michael T. Halbouty.  The Receiver is entitled to judgment from the following defendants in the following amounts:

| | |
|---|---|
| Robert J. Bruno | $82,262.63 |
| Chloee K. Poag and G. Dan Poag, Jr. | $247,246.90 |
| Anibal Morgado, David Morgado, and Vasco M. Diniz Morgado | $672,735.41 |
| Carlos Alberto Gonzales Castillo and Xiomara Ortega de Gonzalez | $178,662.44 |
| James F. Seymour Family Trust, James Seymour, and Loretta Seymour | $161,065.91 |
| William Ray Burk II | $86,671.11 |
| Woolley Exemption Trust, Woolley Family Trust Co-Successor, and Woolley Survivor Trust | $108,649.63 |
| Frank Bamford and Diana J. Bamford | $78,573.13 |
| Gerardo Caracena, Mercedes Caracena, and Katyna Caracena | $64,412.32 |
| The Estate of Harry E. Womack | $45,484.21 |
| Iliana S. de Bucay, Isaac Stavans Altschuler, and Malvina F. de Stavans | $23,159.74 |

| Sophie Tebele | $156,749.09 |
| Sharon Jerene Marable | $56,439.42 |

*See* App. Supp. Mot. Summ. J. 5.


Signed September 22, 2015.


David C. Godbey
United States District Judge

ORDER – PAGE 11