## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD. ET AL. | * * * * | |
| Plaintiff, | * | Case No. 03:09-CV-0724-N |
| v. | * * | |
| JAMES R. ALGUIRE, ET AL. | * * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD. ET AL. | * * * * | |
| Plaintiff, | * | Case No. 03:10-CV-0366-N |
| v. | * * | |
| MIGUEL VENGER, ET AL. | * * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## THE LOUISIANA INVESTORS' RESPONSE IN OPPOSITION TO THE CROSS MOTION FOR SUMMARY JUDGMENT OF RALPH JANVEY, RECEIVER FOR STANFORD

Respectfully submitted by:

**PREIS GORDON, APLC**

s/Phillip W. Preis
Phillip W. Preis (La. Bar Roll No. 10706)
Post Office Box 2786 (70821-2786)
450 Laurel Street, Suite 2150 (70801-1817)
Baton Rouge, Louisiana
Phone:  (225) 387-0707
Fax:  (225) 344-0510
Email: phil@preislaw.com
**ATTORNEY FOR DEFENDANTS
JAMES BROWN, SR., *ET AL.***

**MAY IT PLEASE THE COURT:**

The Louisiana Investors present this Response in Opposition to the Cross Motion for Summary Judgment Regarding Certain Defendants' Good Faith Affirmative Defense filed by the Receiver, Ralph Janvey.  (Doc. 1397 in *Alguire*, and Doc. 584 in *Venger*; the "Receiver's Motion for Summary Judgment" or "RSJ".)[1]  For the reasons set forth below and more fully in the accompanying Brief in Support, and in the Louisiana Investors' Motion For Summary Judgment Regarding Good Faith Under Section 24.009(A) of the Texas Uniform Fraudulent Transfer Act (Docs. 1392, 1393, and 1394 in *Alguire*; Docs. 575, 576, and 577 in *Venger*), incorporated herein by reference, the Louisiana Investors submit the Summary Judgment of the Receiver should be denied. The complete legal and/or factual grounds on which Louisiana Investors rely in opposition to the motion are set forth in their brief filed simultaneously herewith pursuant to Local Rule 56.4(b).

1.       TUFTA provides that a "transfer or obligation is not voidable ... against a person who took in good faith and for a reasonably equivalent value."[2] The Receiver has filed a Motion for Summary Judgment against the Louisiana Investors for the purpose of establishing that they were in bad faith at the time they redeemed their Stanford International Bank certificates of deposit ("SIB CDs"). The Fifth Circuit, in the case of *In re Am. Hous. Found.*, 785 F.3d 143, 164 (5th Cir. 2015), held that "whether the claimant was on notice of the debtor's insolvency or the fraudulent nature of the transaction" is the test for determining whether a party is in good faith.

---

[1] The Louisiana Investors are: James Brown, Sr., Murphy Buell, Robert L. Bush, Gene Causey, Darrell Courville, Jodie F. Crawford and The Estate Of Robert B. Crawford, Jr., Daniel Joseph Daigle, Jilda Ann Daigle, Kenneth Dougherty, William Ensminger, Gwendolyn Fabre, Richard S. Feucht, Joan A. Feucht, Clarence H. Forshag and The Estate of Betty Jo Forshag, Dennis L. Kirby, Laura Jeanette Lee, Troy L. Lillie, Jr., Charles L. Massey, Ronald B. McMorris, Virginia H. McMorris, Peggy Payne Moragne, Larry W. Perkins, Monty M. Perkins, Charles R. Sanchez, Mamie C. Sanchez, Thomas Slaughter, Larry N. Smith, Michael A. Speeg, Terry N. Tullis, Emolyn L. Watts, Arthur Waxley, Jr., and James T. Weiner.

[2] Section 24.009(a) of TUFTA provides, "A transfer or obligation is not voidable under Section 24.005(a)(1) of this code against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee."

Louisiana Investors' Response
To Receiver's Cross MSJ

2.      None of the Louisiana Investors had actual knowledge of the fraud or insolvency of SIB. Therefore, in order for the Receiver to prevail in its motion, it must show that the Louisiana Investors had constructive knowledge of the fraud or insolvency of SIB. *In re Am. Hous. Found.*, 785 F.3d 143, 164 (5th Cir. 2015).

3.      As a matter of law, the Receiver's Motion for Summary Judgment should be summarily denied because the Fifth Circuit and this Court have ruled in prior cases involving these same parties that the insolvency or fraud of SIB could not have been discovered prior to February 16, 2009, the date of the filing of the receivership suit by the Securities and Exchange Commission ("SEC"), even if the Louisiana Investors had attempted to conduct an investigation of SIB or Stanford Group Company ("SGC") prior to the time of their redemption. *Janvey v. Brown*, 767 F.3d 430, 438 (5th Cir. 2014); *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 196 (5th Cir. 2013) ("*DSCC*").

4.      Based upon the doctrines of law of the case, judicial estoppel, and collateral estoppel these rulings are equally applicable to this case. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205-207 (5th Cir. 1999). This argument is set forth in detail in the Louisiana Investors' Motion for Summary Judgment and is hereby incorporated herein by reference. (LISJ-Doc.1393, pp. 7-9 and 26-31).

5.      The Louisiana Investors are excused from any requirement to perform a due diligence inquiry if they can show the due diligence inquiry would have been futile and they would not have discovered the fraud or insolvency. This rule has been adopted by substantially all courts that have considered the issue. *In re Agric. Research & Tech. Grp., Inc.*, 916 F.2d 528, 536 (9th Cir. 1990); *In re Bayou Grp.*, 439 B.R. at 310. Any investigation of SIB by the Louisiana Investors was futile at least until August of 2009 based upon the ruling of this Court

Page 2

and the United States Fifth Circuit Court of Appeals. Further, this Court has held that the assumption that holders of the SIB CDs "possessed the requisite expertise and resource to conduct a securities fraud investigation" is a "dubious assumption" at best. Nor should the duty to know of the fraud or insolvency "require clairvoyance." *Janvey v. Democratic Senatorial Campaign Comm.*, 793 F.Supp.2d 825, 837 n.12, 13 (N.D. Tex. 2011).

6.      The Receiver claims that because of the Madoff Ponzi scheme, the Louisiana Investors were on constructive notice of the fraud and insolvency of Stanford International Bank, Ltd. ("SIB") and are strictly liable to return their principal investment because they did not perform any due diligence investigation on SIB after the Madoff Ponzi scheme became public information. There is no support for an unrelated fraud prompting the inquiry notice, no support for imputation of Michael Word's conduct to the Louisiana Investors and questions of fact exist as to whether the Louisiana Investors were in bad faith based upon their alleged constructive knowledge of the fraud and insolvency of SIB.

7.      The Madoff Ponzi scheme is not related to the SIB Ponzi scheme and is not admissible for the purpose of establishing the constructive knowledge of the fraud of insolvency of SIB.

8.      There is no legal support for the imputation of Michael Word's purported constructive knowledge of the SIB Ponzi scheme to the Louisiana Investors. Even if the law allowed the constructive knowledge of Word to be imputed to the Louisiana Investors, neither Word nor the Louisiana Investors had constructive knowledge of the fraud or insolvency of SIB.

(i)      The Louisiana Investors left their redemption proceeds on deposit with Stanford after their redemption. The Receiver has no explanation for why the Louisiana Investors

would have left the funds on deposit if they were concerned about the fraud or insolvency of Stanford.

(ii)    Ms. Van Tassel, the expert for the Receiver, conceded in her deposition on numerous occasions that she had no knowledge of any facts that would show that the Louisiana Investors "should have known" of the fraud or insolvency of SIB or the legs of the Ponzi scheme.

(iii)    The facts are uncontested that during the time of the redemption of the SIB CDs, this country was in the midst of its greatest credit crisis in its history and numerous investors were liquidating debt to obtain liquidity.

(iv)    At the time of the redemption in December 2008, Allen Stanford informed the investing public that he had made a capital contribution to SIB in the amount of $541 million (LISJ-Doc. 1393, pp. 35-36); (LISJ-Ex. O, DOJ Brief, at p. 30 (A686)). The Receiver fails to explain why the Louisiana Investors should have been on notice of the fraud and insolvency of SIB when simultaneously, Allen Stanford, one of the richest men in the world, had just completed making a $541 million capital contribution to SIB.

(v)    The Receiver only deposed six of the Louisiana Investors.  The facts relating to the Louisiana Investors that were not deposed are uncontested based upon their affidavits and responses to discovery.

## CONCLUSION

For the reasons set forth above, as well as those set forth more fully in the Louisiana Investors' Memorandum in Opposition to Cross Motion for Partial Summary Judgment of Ralph Janvey, Receiver for Stanford, the Louisiana Investors submit the Receiver's Summary Judgment should be denied.

Respectfully submitted by:

**PREIS GORDON, APLC**

s/Phillip W. Preis
Phillip W. Preis (La. Bar Roll No. 10706)
Post Office Box 2786 (70821-2786)
450 Laurel Street, Suite 2150 (70801-1817)
Baton Rouge, Louisiana
Phone: (225) 387-0707
Fax: (225) 344-0510
Email: phil@preislaw.com
**ATTORNEY FOR DEFENDANTS
JAMES BROWN, SR., *ET AL.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 11th day of December, 2015, he filed the foregoing

pleading with the Clerk of Court using the CM/ECF system and the CM/ECF system will send

notification of said pleading to all counsel of record as noted on the CM/ECF system.

s/Phillip W. Preis
Phillip W. Preis