**PREIS GORDON**
A PROFESSIONAL LAW CORPORATION
450 LAUREL STREET • SUITE 2150
BATON ROUGE, LA 70801-1817

MAILING ADDRESS:
POST OFFICE BOX 2786
BATON ROUGE, LA 70821-2786

TELEPHONE (225) 387-0707
FACSIMILE (225) 344-0510

January 29, 2016

<u>**VIA CM/ECF SYSTEM**</u>
The Honorable David C. Godbey
Judge, U.S. District Court
Northern District of Texas
1100 Commerce Street, Room 1505
Dallas, Texas 75242

<u>**VIA CM/ECF SYSTEM**</u>
The Honorable Nancy M. Koenig
Magistrate Judge, U.S. District Court
Northern District of Texas
1205 Texas Avenue, Room 211
Lubbock, Texas 79401-1914

Re:   *Janvey v. Alguire, et al.*, Case No. 3:09-CV-0274-N,
United States District Court for the Northern District of Texas;
*Janvey v. Miguel Venger, et al*, 3:10-CV-366,
United States District Court for the Northern District of Texas;
<u>Our File No. 2342.008</u>

Dear Judge Godbey and Magistrate Koenig:

We represent the Louisiana Retirees in the above litigation. On January 27, 2016, the Receiver provided the Court with a supplemental authority for the pending summary judgments. The Receiver advised the Court of the case of *Grede v. Bank of New York Mellon Corp. ("BNYM") (In re Sentinel)*, No. 15-1039, 2016 WL 98601, -- F.3d -- (7th Cir. Jan. 8, 2016). Please consider the following in response to their letter.

The legal standards set forth in *In re Am. Hous. Found.*, 785 F.3d 143, 164 (5th Cir. 2015), and *GE Capital Commercial, Inc. v. Worthington Nat. Bank*, 754 F.3d 297, 313 (5th Cir. 2014) ("*GE Capital*"), are the same legal standards set forth in *In re Sentinel*. The Fifth Circuit has stated, "we must 'look to whether the claimant was on notice of the debtor's insolvency or the fraudulent nature of the transaction.'" *In re Am. Housing*, 785 F.3d at 164. All parties have agreed that it is the controlling law. *In re Sentinel* does nothing to change these legal factors, which have essentially been agreed to by the parties.

The only issue of law that seems to remain contested is whether the Court will apply the "futility of investigation" defenses briefed in detail in our brief. *In re Sentinel* does not address the "futility defense" and the Court should pay special attention to <u>*why*</u> the futility defense was not addressed in *In re Sentinel*. The facts of *In re Sentinel* are such that it was uncontested that any investigation by BNYM <u>*would not*</u> have been futile because contractually BNYM had access to all of the account information of Sentinel and its investors. The *Sentinel* court found, *"Rogers' puzzlement was enough, <u>given his position in the bank</u>, to place the bank on inquiry notice and thus require it to conduct an investigation of what Sentinel was using to secure…" In re Sentinel*, 2016 WL 98601 at *2. BNYM is one of the most sophisticated participants in the financial sector, with a specific expertise for evaluating collateral and customer accounts.

The Honorable David C. Godbey
The Honorable Nancy M. Koenig
January 29, 2016
Page 2

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The question of whether the defendants were "on notice of the debtor's insolvency or the fraudulent nature of the transaction" is radically different in *In re Sentinel* and *Alguire/Venger*. The extensive history of *In re Sentinel* urges a fact-intensive analysis on the "inquiry" notice issue, after being tried before a jury, appealed, remanded, a clarifying opinion drafted by the trial court, and appealed again to the Seventh Circuit.[1]

The Seventh Circuit relied on Mr. Rogers' **_executive position_** in BNYM to place the bank on inquiry notice. Rogers had unique access to vital information because BNYM served as the custodian for Sentinel. By definition, BNYM was contractually obligated to "Know Its Customers" accounts that it was managing and the potential for commingling. Furthermore, BNYM had loaned hundreds of millions of dollars to Sentinel and knew that the loan exceeded Sentinel's limits virtually every day the loan was outstanding. However, senior BNYM officials had to, and did, approve that loan each day it exceeded the limits. The *Sentinel* court found that Rogers and BNYM did not act in good faith because the facts as outlined above granted BNYM special access to the information that the Seventh Circuit found should have put Mr. Rogers on inquiry notice of a debtor's insolvency. In *Alguire/Venger*, the best the Receiver can argue is that Investor Defendants "should have had knowledge" of the Stanford Ponzi scheme because of the Madoff Ponzi Scheme.

In conclusion, the law established in *In re Sentinel* is the same law applied in the Fifth Circuit in *In re Am. Hous. Found.*, 785 F.3d 143, and *GE Capital*, 754 F.3d 297. The *In re Sentinel* case does not address "futility of investigation" because the investigation would not have been futile due to BNYM's unique access to the account information of both Sentinel and its customers. *In re Sentinel* sets a precedent for defendants being unable to prove good faith based upon the reasonableness of their conduct because (1.) the nature of the relationship between BNYM and Sentinel gave BNYM a unique access to the collateral ownership issues as admitted based upon the testimony of Mr. Rogers; and (2.) the level of sophistication of BNYM within the financial sector elevates the standard for determining the reasonableness of their conduct beyond any standard that could be imposed against unsophisticated investors with no access to information. Factually, *In re Sentinel* is a far cry from the facts that exist in *Alguire/Venger*. Despite the argument of the Receiver, *In re Sentinel* does not support a summary judgment in favor of the Receiver. In fact, it clearly points out the difference in factual scenarios and why the summary judgment should be granted in favor of the Defendants.

---

[1] *Grede v. Bank of New York Mellon*, 441 B.R. 864 (N.D. Ill. 2010) *aff'd sub nom. In re Sentinel Mgmt. Grp., Inc.*, 689 F.3d 855 (7th Cir. 2012) *opinion withdrawn and vacated*, 704 F.3d 1009 (7th Cir. 2012) and *aff'd in part, rev'd in part sub nom. In re Sentinel Mgmt. Grp., Inc.*, 728 F.3d 660 (7th Cir. 2013) and *opinion clarified sub nom. Grede v. Bank of New York*, No. 08 C 2582, 2014 WL 6990322 (N.D. Ill. Dec. 10, 2014).

The Honorable David C. Godbey
The Honorable Nancy M. Koenig
January 29, 2016
Page 3

*************************************************************************

    With thanks and kindest regards, I remain,

                                                    Sincerely yours,

                                                  **PREIS GORDON, APLC**

                                                  Phillip W. Preis

cc:    Counsel of Record via ECF filing in *Janvey v. Alguire*, Case No. 3:09-CV-0724-N (N.D. Tex.) and *Janvey v. Venger*, Case No. 3:10-V-0366-N (N.D. Tex.)