IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-0724-N |
| | § | |
| JAMES R. ALGUIRE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### **ORDER**

This Order addresses Ralph S. Janvey's (the "Receiver") motion for summary judgment against Defendant Timothy Bambauer [2486]. For the reasons set forth below, the Court grants the motion in full.

This action arises out of the several-year Ponzi scheme perpetrated by Robert Allen Stanford, his associates, and various entities under his control (collectively, "Stanford"). The facts associated with Stanford's scheme are well established, *see, e.g.*, *Janvey v. Democratic Senatorial Campaign Comm.*, 712 F.3d 185, 188–89 (5th Cir. 2013), and are not recounted in great depth here. At root, the scheme was based on Stanford's sale of fraudulent certificates of deposit ("CDs") through Stanford International Bank Limited ("SIBL"), an offshore bank. While Stanford represented to investors that the CD proceeds were invested only in low-risk, stable funds, in reality the proceeds were funneled into speculative real estate investments and used to support Stanford's lavish lifestyle.

The Receiver brings the instant case against former Stanford employees, including Bambauer. In his live complaint, the Receiver asserts two claims against Bambauer: one for fraudulent transfer under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS & COM. CODE § 24.005(a), and one for unjust enrichment. On November 22, 2017, the Receiver properly served Bambauer with requests for initial disclosures, requests for production, requests for admission, and interrogatories via mail and email. Although Bambauer appeared in this case to file an answer to the Receiver's complaint, he has not responded to the Receiver's discovery requests. Based on Bambauer's deemed admissions, the Receiver now moves for summary judgment. In particular, the Receiver seeks (1) actual damages on his fraudulent transfer claim – or, in the alternative, on his unjust enrichment claim – against Bambauer in the amount of $1,143,392, which comprises $930,000 in loans, $83,351 in SIBL CD commissions, and $130,041 in SIBL quarterly bonuses that Bambauer received from Stanford; (2) prejudgment interest at the rate of 5% simple interest starting on the date that the Receiver filed his claims against Bambauer; and (3) postjudgment interest at the applicable rate starting on the date of judgment against Bambauer.

Because Bambauer's deemed admissions establish the necessary elements of the Receiver's claims, the Court grants the Receiver's motion in full. More specifically, Bambauer has admitted the following by not responding to the Receiver's discovery requests:

(1) "Bambauer received the Transfers from Stanford in the amounts alleged in the Third Amended Complaint;"

 (2) "Stanford was a Ponzi scheme at the time that Bambauer received each of the Transfers;"

 (3) "Stanford's Transfers to Bambauer are fraudulent transfers;"

 (4) "Stanford made the Transfers to Bambauer with intent to hinder, delay, or defraud Stanford's creditors;"

 (5) "Stanford did not receive reasonably equivalent value from Bambauer in exchange for the Transfers;"

 (6) "Stanford did not receive any value from Bambauer in exchange for the Transfers;"

 (7) "[W]hen Stanford made the Transfers to Bambauer, Stanford was engaged or was about to engage in a business or a transaction for which the remaining assets of Stanford were unreasonably small in relation to the business or transaction;"

 (8) "[W]hen Stanford made the Transfers to Bambauer, Stanford intended to incur, or believed or reasonably should have believed that Stanford would incur, debts beyond Stanford's ability to pay as they became due;"

 (9) "Stanford was insolvent at the time of the Transfers to Bambauer;" and

 (10) "Bambauer did not receive the Transfers from Stanford in good faith."

Rec.'s Disc. Reqs. 13–14 [2264]; *see also* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter[.]").  These

deemed admissions establish the necessary elements of the Receiver's TUFTA claim and nullify any potential affirmative defenses by Bambauer.

As a result, the Court grants summary judgment on the Receiver's TUFTA claim, thereby entitling the Receiver to disgorgement of the fraudulent transfers Bambauer received from Stanford. *See* TEX. BUS & COM. CODE §§ 24.008, 24.009(b).[1] Finding "no just reason for delay," FED. R. CIV. P. 54(b), the Court directs entry of judgment against Bambauer on the Receiver's claims against him. Bambauer is hereby ordered to pay the Receiver (1) $1,143,392 for the fraudulent transfers he received from Robert Allen Stanford and his entities; (2) prejudgment interest at the rate of 5% per annum, calculated starting on November 13, 2009 and continuing through the date prior to entry of this final judgment, for a total prejudgment interest award of $500,899.67; and (3) postjudgment interest at the rate of 2.44%, compounded annually from the date of this judgment until paid.[2]

Signed August 17, 2018.

David C. Godbey
United States District Judge

---

[1] In the alternative, the Court grants summary judgment on the Receiver's unjust enrichment claim, as Bambauer has conceded by deemed admission that "the Transfers unjustly enriched [him]." Rec.'s Disc. Reqs. 14 [2264].

[2] Because Bambauer has asserted a counterclaim against the Receiver on which the Court has yet to rule, *see* Def.'s Answer 27 [2239], the Court does not here enter judgment as to all claims relating to Bambauer.

ORDER – PAGE 4