IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:09-CV-724-N-BQ |
| JAMES R. ALGUIRE, *et al.*, | § § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The undersigned issues the following findings of fact, conclusions of law, and recommendation based on the conduct of Defendants Robert Hogue and Nolan Metzger, through their attorney of record William Chesney. Under 28 U.S.C. § 636(e)(6), the undersigned certifies facts that, in the undersigned's opinion, show certain conduct by Hogue, Metzger, and Chesney that constitutes violations of this court's orders, for which Defendants Robert Hogue and Nolan Metzger, as well as their attorney William Chesney, should be cited to appear before Judge Godbey and show cause why they should not be held in civil contempt.

### I. Legal Standard

In a case where, such as here, the district judge refers a matter to a magistrate judge under 28 U.S.C. § 636(b), the magistrate judge may:

> [u]pon the commission of any [act of contempt] . . . (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where . . . (iii) the act constitutes civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why

1

> that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

§ 636(e)(6)(B)(iii). The court may hold in contempt a party who "violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987) (citing *Secs. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. Oct. 1981)). Contempt may be either civil or criminal in nature, "depending on its 'primary purpose.'" *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (quoting *In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009)). "If the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered purely civil." *Id.* (quoting *In re Bradley*, 588 F.3d at 263); *see Whitfield*, 832 F.2d at 913 (citing *Am. Trucking Ass'n, Inc. v. Interstate Commerce Comm'n*, 728 F.2d 254, 255 (Former 5th Cir. 1984)) (noting that a "civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court").

To make a civil contempt finding, it must be established "by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004). "Clear and convincing evidence" in the civil contempt context is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted). "Intent is not an issue in civil contempt proceedings; rather, the question is whether the alleged contemnors have complied with

the court's order." *Whitfield*, 832 F.2d at 913 (citing *Jim Walter Res. v. Int'l Union, United Mine Works of Am.*, 609 F.2d 165, 168 (5th Cir. 1980)).

After a party or the court makes a *prima facie* showing of civil contempt, the burden then falls on the respondent to demonstrate "a present inability to comply with the subpoena or order," (*Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987)), "mitigating circumstances that might cause the district court to withhold the exercise of its contempt power, or substantial compliance with the consent order." *Whitfield*, 832 F.2d at 913 (citing *La. Educ. Ass'n v. Richland Par. Sch. Bd.*, 421 F. Supp. 973, 977 (W.D. La. 1976)). "Upon a finding of civil contempt, the Court has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained," including imposition of a reasonable fine or the opposing party's reasonable attorney's fees incurred in prosecuting the contempt finding. *Mary Kay Inc. v. Designs by Deanna, Inc.*, Civil Action No. 3:00-CV-1058-D, 2013 WL 6246484, at *4 (N.D. Tex. Dec. 3, 2013).

## II.     Certified Factual Findings

The court finds that all of the elements necessary for a civil contempt finding have been established. Defendants, and their attorney, have each violated clear court orders. On November 9, 2018, the court entered an order requiring the Receiver and Defendant Hogue to confer in an attempt to resolve the issues raised by the Receiver's Motion to Compel information from Hogue. ECF No. 3014. On November 13, 2018, the court entered an order requiring the Receiver and Defendant Metzger to confer in an attempt to resolve the issues raised by the Receiver's Motion to Compel information from Metzger. ECF No. 3028. With respect to Hogue, the Receiver notified the court that he had attempted to contact Mr. Chesney on three separate occasions—twice via email and once by telephone—but Mr. Chesney did not respond to any of the Receiver's

communications. ECF No. 3044. With respect to Metzger, the Receiver notified the court that he had attempted to contact Mr. Chesney on four separate occasions—three times via email and once by telephone—but Mr. Chesney did not respond to any of the Receiver's communications. ECF No. 3048. Likewise, Mr. Chesney filed nothing with the court in response to the orders, and did not join in the notices advising the court that the parties had tried but failed to resolve the disputed issues in the Motions to Compel. ECF Nos. 3044, 3048.

In an attempt to verify Chesney's contact information in ECF,[1] on November 20, 2018, Clerk's Office staff called the office number on file for Mr. Chesney three separate times. The first time, the clerk received Mr. Chesney's voicemail, which directed callers to leave a voicemail or contact his assistant. Rather than leave a voicemail, the clerk called Mr. Chesney's assistant and again received a voicemail; the clerk did not leave a message. Instead, the clerk called and confirmed with an office assistant that Mr. Chesney worked at the dialed number. The assistant then transferred the clerk to Mr. Chesney's voicemail, and she left a message asking him to call the Clerk's Office to verify his ECF information. To date, Mr. Chesney has not responded to that voicemail message. On November 21, 2018, Clerk's Office staff again attempted to contact Mr. Chesney, but was told by an office assistant that Mr. Chesney and his assistant were out of the office for the Thanksgiving holiday.

Thereafter, the court entered orders setting an expedited briefing schedule with respect to the Receiver's Motions and providing Defendants and Chesney an opportunity to meet the requirements of Fed. R. Civ. P. 37, thereby avoiding an award of reasonable expenses, including

---

[1] There is some question whether Mr. Chesney is admitted to practice in the Northern District of Texas. The ECF system does not show that he is admitted to the Northern District, and the docket does not reflect that he requested permission to proceed *pro hac vice*.

4

attorney's fees, to the Receiver, in the event the court granted the Receiver's Motions.[2] ECF Nos. 3047, 3049. Defendants did not file responses to the Receiver's Motions nor did they file a response concerning their satisfaction of Rule 37's requirements. *See* ECF Nos. 3064, 3065.

In sum, Defendants and Mr. Chesney have not complied with the court's November 9 and 13 orders. Moreover, they have demonstrated a disregard for the court's authority by refusing to communicate with the court and opposing counsel in any way. Defendants and their attorney have apparently failed to produce a single document in this case and have thwarted the parties' ability to efficiently and effectively develop the facts in this case.

For these reasons, the undersigned finds, based on the certified facts above, that clear and convincing evidence exists showing Robert Hogue and William Chesney failed to comply with the court's November 9, 2018, order, and that Nolan Metzger and William Chesney failed to comply with the court's November 13, 2018, order. Accordingly, pursuant to 28 U.S.C. § 636(e), the undersigned recommends that Robert Hogue, Nolan Metzger, and William Chesney should be cited to appear before Judge Godbey and show cause why they each should not be held in civil contempt for violating the court's November 9 and 13, 2018, orders.

---

[2] The court directed the Clerk's Office to also send copies of the orders by certified mail, return receipt requested to the address Chesney has on file. The United States Postal Service was unable to deliver the orders and returned them for "insufficient address." ECF Nos. 3088, 3089. Any claim Chesney might raise, however, that he did not have knowledge of the orders—including the November 9, 13, 20, and 21 orders—and is therefore immunized from a contempt finding, is without merit. First, under Local Rule 83.13(b), Chesney has an obligation to keep his contact information current in ECF. Second, and more importantly, "[a] local rule is the equivalent of a standing order of the district court . . . ." *United States v. Herrera*, 252 F.3d 1356, 2001 WL 422627, at *3 (5th Cir. Mar. 30, 2001) (citing *Jones v. Cent. Bank*, 161 F.3d 311, 313 (5th Cir. 1998)) (holding that violation of court's local rule provided basis for criminal contempt finding under 18 U.S.C. § 401(3)). Thus, any failure by Chesney to keep his ECF information current provides an additional basis for a contempt finding.

Regardless, because Chesney is an ECF user, he presumably received electronic notification of filings in this action. Moreover, the Receiver's counsel attempted to contact Chesney on multiple occasions, including by email and telephone. At this juncture, therefore, the court presumes that Chesney had notice of the court's November 9 and 13 orders.

### III. Recommendation

Defendants Robert Hogue and Nolan Metzger, along with their attorney of record William Chesney, should be cited to appear before United States District Judge David C. Godbey on a date set by the court and show cause why they each should not be held in civil contempt for violating the court's November 9 and 13, 2018, orders and be subject to appropriate judicial sanctions to ensure compliance with the court's orders and/or to compensate the Receiver for any losses sustained as a result of their noncompliance.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 21, 2018

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE